**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

Civil Action No. 23-cv-00073-SMR-WPK

EMILY COHEN,

      Plaintiff,

v.

IOWA CITY, IOWA an Iowa municipality,
JOHNSON COUNTY SHERIFF'S DEPARTMENT,
JOHNSON COUNTY, IOWA, IAN ALKE, et al.

      Defendants.

---

**MICHAEL DOUGHERTY AND ADAM KENDALL'S BRIEF IN SUPPORT OF**
**MOTION TO DISMISS**

---

Defendants Michael Dougherty and Adam Kendall ("Defendants Dougherty and

Kendall") or ("Defendants"), through counsel, request that the Court dismiss this case for lack of

personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In support, they state as follows:

**STATEMENT OF THE FACTS**

Plaintiff Emily Cohen ("Cohen") lives in Iowa. Compl. ¶¶ 4, 16. Cohen's Complaint

alleges various violations of her rights secured by the U.S. Constitution, as well as various

violations of the Constitution of the State of Iowa and Iowa state law, pursuant to 42 U.S.C. §§

1983 and 1985. *See* Compl. ¶ 1. The allegations in the Complaint stem from Cohen's November

2, 2021 arrest and incarceration in Iowa City, Iowa, pursuant to a bench warrant issued by a

Colorado District Court for Cohen's failure to appear in person at a hearing in her Colorado state

criminal proceeding that same day. Compl. ¶¶ 3, 67, 72-73, 75. Cohen names thirty-nine

1

Defendants in the Complaint, who live in both Iowa and Colorado. *Id.* at pp. 1, 38-52. Cohen

alleges that "In 2021, all Defendants all began working together in Iowa", *id.* ¶ 52, and that all

Defendants continue to work together in Iowa, through the present, to harm her. *See id.* ¶¶ 21,

22, 52. Cohen seeks compensatory, punitive, declaratory, and injunctive relief in this Court, and

asks the Court "to enjoin the Defendants from continuing to violate the law." *Id.* at p. 4. The

Complaint contains 204 paragraphs of allegations. With respect to Defendant Dougherty, Cohen

makes a single specific factual allegation in the entire Complaint:

> During the time Plaintiff was being held in the Iowa City jail, Defendants Van
> Compernolle, Nehring, and Lyness, who are or were at that time City Attorneys
> tasked to defend the police in Iowa City, all exchanged emails with their clients
> Defendants Hynes, Alke, Good, and Marlowe, along with Defendants Kelly,
> Sudano, Kendall, Dougherty, and Weisbach in Colorado, and all Defendants agreed
> that video monitoring showing Plaintiff's illness, distress, and torture in solitary
> confinement should be manually deleted at the jail.

Compl. ¶ 130. With respect to Defendant Kendall, Cohen makes three additional, specific

allegations:

> Defendants Marlow, Hynes, Good, Kelly, Kendall, Howard, and Tuttle all told
> Plaintiff that the papers she signed would not be used against her, and that she was
> not entitled to an attorney. Compl. ¶ 115.

> Defendants Rothrock, Howard, Salamone, Kendall, Mulvahill, Kelly, Weisbach,
> and Sudano sent emails congratulating each other for this 'victory' against Plaintiff.
> Compl. ¶ 119.

> In fact, after Plaintiff complained about this, Iowa City police Defendants admit in
> emails with Defendants Kendall, Sinnott, and Howard that they have 'updated' their
> 'policy' by adding to the jail handbook a statement that anything said may be used
> against a person being held at the Jail. Compl. ¶ 128.

Outside of the allegations identified above, Cohen makes no other specific factual allegations

regarding Defendants Dougherty and Kendall. *See generally*, *id.*

## STANDARDS OF REVIEW

A defendant may move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). The plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). After a defendant challenges the exercise of personal jurisdiction, a plaintiff must rebut the assertions with testimony, affidavits, or other documents. *See Dever*, 380 F.3d at 1072, 1074; *Claimdoc, LLC v. Athena Healthcare Assocs.*, No. 4:22-cv-00263, 2023 U.S. Dist. LEXIS 161779, at *9 (S.D. Iowa May 19, 2023). While courts view the evidence in the light most favorable to a plaintiff, "Mere conclusory statements devoid of a factual foundation do not suffice in this inquiry." *Dever*, 380 F.3d at 1073 (quoting *Davis v. St. Johns Health Sys., Inc.*, 71 S.W.3d  55, 57 (Ark. 2002)).

In reviewing the dismissal of a pro se complaint, the district court is held to the requirement of liberal construction. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).[1] However, "[p]ro se litigants are not excused from compliance with substantive and procedural

---

[1] It is unclear whether Cohen, a trained lawyer, is entitled to have her pleadings liberally construed by this Court. *See Tatten v. City & Cty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018); *see also McNamara v. Brauchler*, 570 F. App'x 741, 742 n.2 (10th Cir. 2014) (finding a disbarred attorney's filings should not be liberally construed).

law", *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986), including that they "allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914.

## ARGUMENT

This Court lacks personal jurisdiction over Defendants Dougherty and Kendall because they lack minimum contacts with the State of Iowa. When jurisdiction is predicated upon a federal question, a federal district court cannot exercise personal jurisdiction over a defendant unless the statute at issue explicitly grants such jurisdiction or a state court in the forum state would have jurisdiction over that defendant. *See N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993, 997 (E.D. Mo. 2013) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987)); *see also Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 488 (S.D. Iowa 2007) ("the Court must first decide if the statutes upon which Plaintiffs' claims rest potentially allow for the exercise of personal jurisdiction by providing for service of process"). Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims,[2] *see Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006), the personal jurisdiction analysis inquires whether the exercise of jurisdiction is proper under [the forum state's] long-arm statute, and whether the exercise of that power comports with due process. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387-88 (8th Cir. 1991); *Brown*, 504 F. Supp. 2d at 488-89 (discussing Fed. R. Civ. P. 4(k)(1)(A)). The relevant long-arm statute, Iowa Rule of Civil Procedure 1.306, is co-extensive with "the widest due process parameters" permitted by the Constitution. *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (citing *Hammond v. Fla.*

---

[2] Neither has Plaintiff shown that 42 U.S.C. § 1985 confers such service or jurisdiction.

*Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005)). Therefore, the Court need only determine whether exercising jurisdiction over Defendants in Iowa comports with due process. 799 F.3d at 979. [3]

Due process requires "minimum contacts" between a nonresident defendant and the forum state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). The Supreme Court has set forth two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Dever*, 380 F.3d at 1073 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). The theory of specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. *Steinbuch*, 518 F.3d at 586 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Both theories of personal jurisdiction require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Dever*, 380 F.3d at 1073 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

---

[3] Though the due process analysis in a case arising under federal law falls under the Fifth rather than Fourteenth Amendment, the substantive analysis is the same. *Dakota Indus., Inc.*, 946 F.2d at 1389 n. 2.

This Court must consider five elements to determine whether sufficient minimum contacts exist to satisfy due process: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592-93 (8th Cir. 2011). "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Claimdoc, LLC*, 2023 U.S. Dist. LEXIS 161779, at *11 (quoting *Westlake Invs., L.L.C. v. MLP Mgmt. L.L.C.*, 707 F. Supp. 2d 904, 912 (S.D. Iowa 2010)) ("[M]inimum contacts must be assessed as to each defendant.")).

## I. Cohen Cannot Make a Prima Facie Showing of Personal Jurisdiction over Defendants Dougherty and Kendall.

The Complaint does not specify whether Cohen asserts general or specific jurisdiction over Defendants. Regardless of which theory of jurisdiction Cohen asserts, she fails to allege sufficient facts to make a prima facie showing. *See Whaley*, 946 F.3d at 451.

### A. The nature, quality, and quantity of contacts and relation to cause of action are between one and four emails that fail to establish personal jurisdiction.

The first three factors are the most important and are generally considered together. *See Digi-Tel Holdings, Inc., v. Proteq Telecomms. (PTE), Inc.*, 89 F.3d 519, 523, 525 (8th Cir. 1996). Regarding Defendant Dougherty, Cohen alleges one email contact involving Dougherty and other Defendants in Iowa in which they allegedly exchanged emails agreeing to delete video monitoring of Cohen at the Iowa City jail. *See* Compl. ¶ 130. With regard to Defendant Kendall, Cohen alleges the same email contact as for Dougherty, *see id.*; an additional contact between Kendall and others and herself in which someone allegedly told her that "papers she signed

would not be used against her and she was not entitled to an attorney", *see id.* ¶ 115; an email including Defendant Kendall and other Colorado Defendants congratulating each other, *id.* ¶ 119; and an email sent from Iowa Defendants to Defendant Kendall admitting that the jail updated their policy. *Id.* ¶ 128. Notability, the allegations do not specify whether Defendants Dougherty and Kendall were simply "cc'd" in a discussion between other defendants as opposed to actively initiating or responding to the communications.

To determine whether general jurisdiction over Defendants Dougherty and Kendall exists, the Court looks at whether each individual's contacts with the state are so "continuous and systematic" as to render them "essentially at home" in Iowa. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Id.* at 924. Here, Cohen does not allege that Defendants Dougherty or Kendall are residents of Iowa, have a mailing address, telephone number, bank account, property, or regular employees or agents for service of process in Iowa. *See Claimdoc*, 2023 U.S. Dist. LEXIS 161779, at *24-25 (citing *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614-15 (8th Cir. 1998)). By contrast, the Complaint acknowledges that Defendants Dougherty and Kendall are residents of Colorado, *see* Compl. at p. 42 ("Home State: Colorado"). And, given that Cohen specifically alleges a total of one contact for Defendant Dougherty, and a total of four contacts for Defendant Kendall, the Complaint falls far short of asserting the requisite "continuous and systematic" contacts needed to assert general jurisdiction. *Goodyear*, 564 U.S. at 919.

For specific jurisdiction to apply to Defendants Dougherty and Kendall their "suit-related conduct" must create a substantial connection with the forum State. *Walden v. Fiore*, 571 U.S.

277, 284 (2014). First, the relationship must arise out of contacts that each "defendant himself"

creates with the forum State. *Id.* "Due process requires that a defendant be haled into court in a

forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or

attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at

286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 475 (1985). Second, the Court

looks to the defendant's contacts with the forum State itself, not the defendant's contacts with

persons who reside there. *Walden*, 571 U.S. at 285. Plaintiff cannot be the only link between the

defendant and the forum. *Id.*

In this case, Cohen's allegations are insufficient to show that either Defendant Dougherty

or Kendall created contacts with the State of Iowa rather than persons who simply reside there.

Defendant Kendall's alleged contact with Cohen regarding the signing of papers (with regard to

her Colorado criminal prosecution) does not, on its own, serve as a sufficient contact for

jurisdictional purposes since Cohen is the Plaintiff. *Id.* An email between Defendant Kendall and

other Colorado Defendants congratulating each other is wholly between residents of Colorado,

and evinces no contact with the State of Iowa whatsoever. Likewise, an email from Iowa

Defendants to Defendant Kendall may evince some type of contact, but not one that was created

or directed by Defendant Kendall into the State of Iowa. *See id.* at 291 ("[U]nilateral activity" of

a third party …. 'cannot satisfy the requirement of contact with the forum State.'" (quoting

*Hansen v. Denkla*, 357 U.S. 235, 253 (1958)). Finally, Cohen's allegation that Defendants

Dougherty and Kendall were on email exchanges agreeing to delete video monitoring of Cohen

at the Iowa City jail fails to demonstrate any type of activities conducted by Defendants

Dougherty or Kendall within the bounds of Iowa—particularly because the additional allegation

in the Complaint demonstrate that any such activities were performed by the Iowa Defendants. *See* Compl. ¶ 132 (*Defendants in Iowa* made sure the videos were manually deleted) (emphasis added). In applying the first three-elements as set forth above, Cohen has not alleged sufficient quantity, quality, or nature of contacts to support that Defendants Dougherty and Kendall are subject to jurisdiction in Iowa.

### B. The interest of the forum state in providing a forum for its residents and the convenience of the parties does not outweigh the lack of minimum contacts.

The fourth and fifth elements, the interest of the forum state in providing a forum and the convenience of the parties, "carry less weight and are not dispositive." *Whaley*, 946 F.3d at 452 (quoting *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 912 (8th Cir. 2014)). The Eighth Circuit has assumed without discussion that a state has an interest in providing a forum for its residents. *See Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997). The Court may also assume Iowa has an interest in providing a forum for Cohen. However, this factor does not compensate for Defendant Dougherty's and Kendall's lack of minimum contacts. *See Digi-Tel Holdings, Inc.*, 89 F.3d at 525.

The fifth element, the convenience of the parties, is neutral at best. A trial in Iowa may be convenient for Cohen and the Iowa defendants, but it would be inconvenient for Dougherty, Kendall, and the numerous other Colorado defendants that have been named. Although Cohen alleges that "All witnesses in this case live, work, or worked in Iowa", Compl. ¶ 21, this allegation is undercut by the Complaint itself, which lists more Defendants who are residents of Colorado than in Iowa. *Id.* at pp. 38-46. Moreover, due process limits on the state's adjudicative authority principally to protect the liberty of the nonresident defendant, not the convenience of the plaintiffs or third parties. *Walden*, 571 U.S. at 284 (2014) (citing *World-Wide Volkswagen*,

444 U.S. at 291-292). Because the Complaint fails to prove minimum contacts, maintenance of the suit in Iowa would offend "traditional notions of fair play and substantial justice." *Walden*, 571 U.S. at 283 (2014) (citing *Int'l. Shoe Co. v. Wash.*, 326 U. S. 310, 316 (1945)).

## CONCLUSION

Because the Complaint fails to allege sufficient quantity, quality, or nature of contacts between Defendants Dougherty and Kendall and this cause of action, and because maintenance of this suit in Iowa against Defendants Dougherty and Kendall would not comport with due process, this Court lacks personal jurisdiction over Defendants Dougherty and Kendall and should dismiss Cohen's claims against them under Fed. R. Civ. P 12(b)(2).

Dated this 21st day of December 2023.

Respectfully submitted,

BOULDER COUNTY ATTORNEY

By:  */s/ Colin J. Mayberry*
David Hughes
Deputy County Attorney
Colin J. Mayberry
Assistant County Attorney
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
(303) 441-3855
cmayberry@bouldercounty.org

*Counsel for Boulder County District Attorney*