IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY COHEN, | ) | CASE NO. 3:23-CV-00073-SMR-WPK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF MOTION TO** |
| | ) | **DISMISS FOR LACK OF PERSONAL** |
| IOWA CITY, IOWA, ET AL., | ) | **JURISDICTION AND/OR FOR A** |
| Defendants. | ) | **MORE DEFINITE STATEMENT** |

Defendants Judge Stephen Howard, Lindy Frolich, and Darren Cantor (collectively, "the

Colorado State Employee Defendants"),[1] by and through the undersigned counsel, hereby submit

this Brief in Support of their Motion to Dismiss for Lack of Personal Jurisdiction or for a More

Definite Statement, pursuant to Fed. R .Civ. P. 12(b)(2) and (e), and state the following:

## INTRODUCTION

Plaintiff, Emily Cohen, is a resident of Iowa and a former Colorado attorney who stands

convicted of theft and forgery. *People v. Cohen*, 440 P.3d 1256, 1259 (Colo. App. 2019) (*Cohen*

*II*); *People v. Cohen*, 369 P.3d 289, 290 (Col[2]o. O.P.D.J. 2016) (*Cohen I*); Ex. A (Dec. 4, 2023

Plea Agreement); ECF No. 1, ¶¶ 4, 24. Her Complaint brings approximately nine claims under

42 U.S.C. § 1983, 42 U.S.C. § 1985, the Americans with Disabilities Act, 42 U.S.C. § 12101

("ADA"), and Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Among the thirty-seven named

defendants are Iowa and Colorado municipalities and counties; employees of those

---

[1] While there are several other defendants who are employees of the State of Colorado, this Motion is filed on behalf of the only Colorado employees who have been served.

[2] Because this Motion challenges personal jurisdiction, the Court may consider documents outside the Complaint. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004). The Court may also take judicial notice of public state court records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (affirming district court's decision to take judicial notice of state court records). Defendants request the Court take judicial notice of all attached exhibits. Plaintiff also requested the Court take judicial notice of the state district court's decisions. ECF No. 1, ¶ 102.

municipalities and counties, including prosecutors who handled Plaintiff's criminal cases; employees of the State of Colorado, including current and former state court judges, an employee of the Colorado Office of Attorney Regulation Counsel, employees of the Colorado Office of Alternate Defense Counsel; and several of Plaintiff's former criminal defense attorneys. *See* ECF No. 1, p. 1. The Complaint alleges a wide-ranging and long-lasting conspiracy among the defendants to cause harm to Plaintiff in Iowa. *See, e.g.*, *id.* at ¶¶ 19-21, 52-53, 104, 108.

The Colorado State Employee Defendants are residents of Colorado. The Complaint fails to allege the Colorado State Employee Defendants have sufficient minimum contacts with the forum state. Thus, the claims against the Colorado State Employee Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Should the Court find it does have personal jurisdiction, the Colorado State Employee Defendants request the Court order Plaintiff to amend her Complaint to provide a more definite statement of her claims and the grounds for each.

## RELEVANT FACTUAL BACKGROUND

A jury convicted Plaintiff of theft in 2015, and she served six years in prison. *Cohen II*, 440 P.3d at 1259. After the Colorado Court of Appeals overturned the convictions on appeal, *id.*, the Boulder County District Attorney elected to re-try the case. Ex. B (Case No. 14CR437, Register of Actions). Judge Andrew Hartman presided over that case. *Id.* At a hearing on August 9, 2021, the state district court found Plaintiff impliedly waived her right to appointed counsel. Ex. C, p. 5 (14CR437, Aug. 11, 2021 Minute Order). During that hearing, the state district court set a pre-trial readiness conference for November 2, 2021, and expressly ordered Plaintiff to appear in person as a bond return date for that hearing. *Id.* at p. 6.

Plaintiff appeared remotely rather than in person. ECF No. 1, ¶¶ 64, 68, 70. She submitted a letter to the state district court on University of Iowa Hospitals and Clinics letterhead that indicated she recently tested positive for COVID-19. Ex. D, p. 13 (Attachment to Plaintiff's Motion to Dismiss Criminal Charges). The prosecution presented evidence showing the letter Plaintiff submitted was fraudulent. Ex. E (Nov. 2, 2021 Minute Order); Ex. F, p. 2 (People's Exs. 1-3). Accordingly, the state district court issued a warrant for Plaintiff's arrest for failure to appear. Ex. E, p. 2. Plaintiff was arrested in Iowa, eventually extradited to Boulder, Colorado, and remained in custody until she pled guilty to a single felony theft count. ECF No. 1, ¶¶ 72, 141; Ex. G, p. 1 (Nov. 23, 2021 Minute Order), Ex. H (Dec. 6, 2021 Plea Agreement).

The Boulder County District Attorney charged Plaintiff with multiple felonies in connection with the COVID-19 documentation she submitted to the state district court. ECF No. 1, ¶ 139. On December 17, 2021, Judge Howard was assigned to preside over the case. Ex. I (Senior Judge Assignment). Plaintiff later pled guilty to one count of forgery. Ex. A.

Due to a conflict with the Office of the Colorado State Public Defender in both criminal cases, Plaintiff was represented by alternate defense counsel. The Colorado Office of Alternate Defense Counsel ("ADC") contracts with individual attorneys to represent indigent criminal defendants with whom the State Public Defender has a conflict. § 21-2-101, C.R.S. (2023); § 21-2-104, C.R.S. (2023). Ms. Frolich and Mr. Cantor serve as the Director and Deputy Director of ADC, respectively. https://www.coloradoadc.org/oadccontacts/oadc-staff.[3]

In 2021, Plaintiff sued the Twentieth Judicial District of Colorado and the Boulder County District Attorney, among others, alleging ADA and Rehabilitation Act violations. Ex. J

---

[3] The Court may take judicial notice of a government website. *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 591 (8th Cir. 2022).

(4347698)

(D. Colo. 21-cv-01782, Compl.). The Colorado State Employee Defendants were not named in that Complaint. *Id.* After providing Plaintiff multiple opportunities to correct deficiencies in the Complaint, Ex. K (D. Colo. 21-cv-01782, Docket Report, ECF Nos. 4, 9, 12), the court dismissed the complaint on December 7, 2021. No defendant was served. *Id.*

## RELEVANT ALLEGATIONS

As relevant to the instant Motion, the Complaint alleges all defendants conspired to harm Plaintiff in Iowa. ECF No. 1, ¶¶ 19-21, 52-53, 104, 108. In support, the Complaint alleges all defendants stated in emails they intended for unspecified "evidence" to be sent to Iowa to harm Plaintiff; have worked, and continue to work, together in Iowa; and meet, exchange emails, have phone conversations, and make continued agreements to work together in Iowa. *Id.* at ¶¶ 19, 21, 39, 52-53. As to the specific harm, the Complaint alleges Plaintiff was denied the right to counsel in her criminal case, prevented from pursuing her 2021 ADA lawsuit, falsely arrested for failing to appear on November 2, 2021, held in solitary confinement, denied basic needs, coerced into taking a COVID-19 test without a *Miranda* warning and into signing medical releases, and then charged with new felonies based on the information obtained from those releases. *Id.* at ¶¶ 20, 59, 67-70, 72, 75-83, 108, 117-18, 137, 139.

As to the Colorado State Employee Defendants in particular, the Complaint alleges they, in emails with Mary Mulligan, Will Mulligan, Robert Werking, Kathleen Sinnott, Judge Dinsmore Tuttle, and former judge Gregory Lyman, agreed "not to object" to the alleged failure to give a *Miranda* warning. *Id.* at ¶ 84. Ms. Mulligan, Mr. Werking, and Ms. Sinnott all represented Plaintiff in her forgery case. Ex. L (Mulligan, Werking, and Sinnott Entries of Appearance). Undersigned counsel is unaware of Mr. Mulligan's involvement. The Complaint further alleges the Colorado State Employee Defendants, with Judges Hartman and Tuttle, and

former judge Lyman, agreed to deny Plaintiff a lawyer. ECF No. 1, ¶ 120. However, the Complaint admits Ms. Sinnott represented Plaintiff in the forgery case. *Id.*

The Complaint further alleges Judge Howard, along with the other state court judges, Boulder County prosecutors, and Iowa City defendants, agreed they would delete videos taken during Plaintiff's confinement in the Johnson County Jail. *Id.* at ¶ 90. The Complaint alleges these videos would show Iowa City Police Officers Marlowe, Good, and Hynes; Boulder County prosecutors Kelly and Kendall; and Judges Howard and Tuttle telling Plaintiff *Miranda* was no longer good law, she had no right to counsel, and "the papers she signed would not be used against her," after denying her basic needs to coerce her to sign. *Id.* at ¶¶ 115-17. Finally, the Complaint alleges Judge Howard, Judge Nancy Salomone, Judge Thomas Mulvahill; Boulder County District Attorney's Office employees Adam Kendall, Kristin Weisbach, Michelle Sudano, and Elizabeth Rothrock; and former Boulder County District Attorney Anne Kelly sent emails discussing their "victory" against Plaintiff. *Id.* at ¶ 119.

## STANDARD OF REVIEW

### Rule 12(b)(2) Standard

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 790 (8th Cir.2005). Because Iowa's long-arm statute extends personal jurisdiction over non-resident defendants to the fullest extent allowed under the Due Process Clause, the Court need only determine whether "the exercise of personal jurisdiction comports with due process." *McCabe v. Basham*, 450 F. Supp. 2d 916, 922 (N.D. Iowa 2006). A district court may exercise personal jurisdiction under one of two avenues, specific jurisdiction or general jurisdiction. *Id.* Specific jurisdiction applies to

causes of action "arising out of or related to [a] defendant's contacts with the forum" state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). By contrast, general jurisdiction applies if a non-resident defendant is "engaged in 'continuous and systematic' contacts with the forum state." *McCabe*, 450 F. Supp. 2d at 922 (quoting *Helicopteros*, 466 U.S. at 416.)[4]

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). To satisfy due process, the defendant must have sufficient minimum contacts with the forum state. *McCabe*, 450 F. Supp. 2d at 922. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Not just any contact with the forum state will do. Instead, "[t]here must be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [S]tate, thus invoking the benefits and protections of its laws.'" *McCabe*, 450 F. Supp. 2d at 922 (quoting *Burger King*, 471 U.S. at 475).

If the plaintiff properly alleges sufficient minimum contacts, the inquiry does not end there. The Court must still determine whether asserting personal jurisdiction comports with "fair play and substantial justice." *Id.* at 922-23. The Court considers five factors, with the first three being the most important: "(1) the nature and quality of [the defendant's] contacts with the forum

---

[4] The Complaint does not allege or suggest that Colorado Defendants had continuous and systematic contacts sufficient to exercise general jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 9 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]").

state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998).

A plaintiff bears the burden of proving personal jurisdiction by making a *prima facie* showing. *McCabe*, 450 F. Supp. 2d at 923. "Mere conclusory statements devoid of factual foundation" are insufficient to make this showing. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004). Additionally, a defendant may challenge the allegations through affidavits or other documents. *Id.* And while the Court views the evidence in the light most favorable to the non-movant, the evidence must "support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *BPI Dev. Grp., L.C. v. Grange*, 181 F. Supp. 3d 604, 609 (S.D. Iowa 2016) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)). A plaintiff cannot stand on allegations alone in response to a meritorious challenge to personal jurisdiction. *Dever*, 380 F.3d at 1072-73; *McCabe*, 450 F. Supp. 2d at 923. And the Court may look to evidence beyond the pleadings in determining whether a plaintiff has met their burden, but "[t]hat does not relieve the plaintiff of its obligation to plead sufficient jurisdictional facts in the complaint." *Abbasi v. Leading Edge Aviation Servs., Inc.*, No. 16-295 ADM KMM, 2016 WL 4007571, at *3 (D. Minn. July 26, 2016).

## Rule 12(e) Standard

To state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *see also* Fed. R. Civ. P. 8(a)(2).

A plaintiff's complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Where a complaint fails to meet these requirements, resulting in a pleading so vague or ambiguous the party cannot reasonably prepare a response, the party may move for a more definite statement of a pleading to which a responsive pleading is allowed. Fed. R. Civ. P. 12(e). While Rule 12(e) motions are generally disfavored, *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013), such a motion is warranted where a complaint is unintelligible or where "a party is unable to determine the issues [it] must meet." *Innovative Dig. Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 988 (N.D. Ohio 1984); *see also Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).

### Pro Se Plaintiff Standard

Courts normally construe pro se pleadings liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Here, such construction is not appropriate. As a former licensed attorney, Plaintiff can follow and understand court orders, conduct legal research, and prepare legal pleadings. *See e.g.*, *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (disbarred attorney not afforded liberal construction); *Garcia v. Bank of Am., N.A.*, No. 13-cv-383 (DWF/LIB), 2014 WL 5685518, at *1 n.2 (D. Minn Feb. 5, 2014) (same); *see also Polidi v. Bannon*, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016) (collecting cases where former attorneys not afforded liberal construction); *Truong v. Cuthbertson*, No. 15-CV-4268 DLI LB, 2015 WL 4771852, at *1 (E.D.N.Y. Aug. 12, 2015) (former attorney); *Day-Petrano v. Levine*, No. 8:06-

cv-1647-T-27TBM, 2006 WL 3841789, at *1 (N.D. Fla. Feb. 4, 2013) (law school graduate).

The Complaint itself shows Plaintiff is capable of conducting legal research and making legal

argument. ECF No. 1, ¶ 94 (discussing criminal prosecutors' obligations under Colorado Rule of

Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405

U.S. 150 (1972)); *id.* at ¶ 98 (discussing HIPAA requirements and violations); *id.* at ¶ 106

(discussing Iowa Administrative Code jail requirements); *id.* at ¶ 178 (arguing defendants do not

have sovereign, absolute, qualified, or other immunities); *id.* at ¶¶ 182-83 (citing statutory and

case law regarding Colorado's speedy trial right); *id.* at ¶¶ 189-90 (citing case law to make legal

argument as to Iowa's open records law). Accordingly, the Court should not afford a liberal

construction to the Complaint. Even if the Court affords a liberal construction, the Complaint

remains deficient and must be dismissed as against the Colorado State Employee Defendants.

## ARGUMENT

### I.     The Court lacks personal jurisdiction over the Colorado State Employee Defendants.

The Complaint fails to meet the requirements to establish personal jurisdiction. First, the

Complaint does not allege sufficient minimum contacts. It does not state any acts by the

Colorado State Employee Defendants showing they purposefully availed themselves of the

privilege of conducting activities within Iowa, thus invoking the benefits and protections of its

laws. Second, even if the Court found sufficient minimum contacts, the exercise of personal

jurisdiction in this instance would not comport with fair play and substantial justice.

The Complaint repeatedly asserts all defendants sent unspecified "evidence" to Iowa,

intended that evidence to be used in Iowa to harm Plaintiff, have worked and are working

together in Iowa to harm Plaintiff, have made and continue to make agreements to work together

in Iowa and Colorado, and "stepped into Iowa." ECF No. 1, ¶¶ 18-21, 38, 52, 55, 104. The

Complaint further asserts all defendants admitted in emails they wanted to keep Plaintiff from meeting deadlines in the 2021 ADA suit, worked together to have Plaintiff arrested on November 2, 2021, agreed to hold Plaintiff in solitary confinement in the Johnson County Jail, and agreed to tell Plaintiff she would be released from jail if she signed medical releases. *Id.* at ¶¶ 59, 72, 108, 137. But these collective allegations are conclusory and implausible. *Dever*, 380 F.3d at 1073; *cf. Allan v. Hebert*, No. 21-CV-166 (PJS/LIB), 2021 WL 8055443, at *6 (D. Minn. Dec. 15, 2021), *report and recommendation adopted*, 21-CV-0166 (PJS/LIB), 2022 WL 741040 (D. Minn. Mar. 11, 2022) (finding collective allegations against all defendants insufficient to state a claim). Furthermore, the Complaint does not allege reasons the Colorado State Employee Defendants would have any interest in either the 2021 ADA suit or in having Plaintiff sign medical releases.

The allegations made specifically against the Colorado State Employee Defendants can be boiled down to the following:

- The Colorado State Employee Defendants agreed, along with Ms. Mulligan, Mr. Mulligan, Mr. Werking, Ms. Sinnott, Judge Dinsmore Tuttle, and former judge Lyman, to not object to the alleged failure by unspecified Iowa defendants to give Plaintiff a *Miranda* warning in the Johnson County Jail. ECF No. 1, ¶ 84.

- The Colorado State Employee Defendants, with Judges Hartman and Tuttle, and former judge Lyman, agreed to deny Plaintiff a lawyer. *Id.* at ¶ 120.

- Judge Howard, along with other state court judges, Boulder County prosecutors, and Iowa City defendants, agreed to delete footage from Plaintiff's confinement in the Johnson County Jail. *Id.* at ¶ 90.

- Judge Howard, with Iowa City Police Officers Marlowe, Good, and Hynes; Boulder County prosecutors Kelly and Kendall; and Judge Tuttle told Plaintiff *Miranda* was no longer good law, she had no right to counsel, and "the papers she signed would not be used against her," after coercing her to sign. *Id.* at ¶¶ 115-17.

- Judges Howard, Salomone, and Mulvahill; Boulder County District Attorney's Office employees Kendall, Weisbach, Sudano, and Rothrock; and former Boulder County District Attorney Anne Kelly sent emails discussing their "victory" against Plaintiff. *Id.* at ¶ 119.

Close review of these allegations shows the first, second, and fifth bullet points allege activity occurring entirely in Colorado and among only Colorado defendants. Only the third and fourth bullet points could be considered to allege contacts with Iowa by the Colorado State Employee Defendants, and those concern only Judge Howard.

Despite those allegations, the court record shows Judge Howard was not assigned to Plaintiff's second criminal case until December 17, 2021, Ex. I, over a week after Plaintiff was indisputably released from the Johnson County Jail, Ex. H. Plaintiff alleges no reason for Judge Howard to have had any involvement with her criminal matters prior to his assignment. To the extent the Complaint implies Judge Howard had an interest in preventing Plaintiff's 2021 ADA suit, there is no basis to infer that conclusion. No defendant was served with that suit, Ex. K, and Judge Howard is not a judge in Colorado's Twentieth Judicial District. Instead, he is a senior judge not associated with any particular judicial district and was assigned after the Twentieth Judicial District recused from the forgery case. Ex. I. Thus, he had no interest in that suit's outcome. Because the state court record refutes the few allegations claiming contact with Iowa by Judge Howard, *Dever*, 380 F.3d at 1072-73, and because none of the allegations specifically

identifying Ms. Frolich and Mr. Cantor allege any contact with Iowa, the Complaint alleges

neither sufficient minimum contacts nor any acts showing the Colorado State Employee

Defendants purposefully availed themselves of the forum state.

Assuming the above allegations constituted sufficient minimum contacts, exercising

jurisdiction over the Colorado State Employee Defendants would not comport with fair play and

substantial justice. None of the five applicable factors weigh in favor of exercising jurisdiction

over these defendants. First, accepting as true the allegations that all defendants communicated

and agreed to harm Plaintiff — which the Court need not do when determining jurisdiction —

the nature and quality of these contacts are vague and unclear. The Complaint does not allege the

Colorado State Employee Defendants set foot in Iowa or instigated or actively participated in any

alleged meetings, calls, or emails. Second, as explained above, there are no allegations show the

Colorado State Employee Defendants had any contacts with Iowa. Third, because the Complaint

does not explain what acts by which defendants support which claims, it is unclear how the acts

relate to the causes of action. Fourth, although this Court generally has an interest in providing a

forum for its residents, that interest does not weigh in favor of exercising jurisdiction over the

Colorado State Employee Defendants in this instance. In addition to her dismissed 2021 ADA

suit, Plaintiff currently brings, in the United States District Court for the District of Colorado,

claims arising from her November 2021 arrest and subsequent confinement against many of the

same defendants. Ex. M (D. Colo. 22-cv-773, Am. Compl.); Ex. N (D. Colo. 23-cv-2104, Am.

Compl.). Lastly, it would be highly inconvenient for the Colorado State Employee Defendants if

forced to come to Iowa to defend a lawsuit based on conduct that took place entirely in Colorado.

And because Plaintiff is litigating two separate suits for the same alleged injuries in Colorado,

refusing to exercise personal jurisdiction over the Colorado State Employee Defendants would not increase the inconvenience to Plaintiff.

Because the Complaint fails to allege the Colorado State Employee Defendants had sufficient minimum contacts with the forum state, and because the factors above demonstrate it would be fundamentally unfair to compel the Colorado State Employee Defendants to come to Iowa to defend against these claims, the Court does not have personal jurisdiction over the Colorado State Employee Defendants, and they must be dismissed.

**II.      Should the Court find it has personal jurisdiction over the Colorado State Employee Defendants, they move for a more definite statement of any surviving claims.**

The Complaint as written is deficient and not amenable to a responsive pleading. The Complaint's allegations here are deficient such that the Colorado State Employee Defendants cannot reasonably prepare a response to them. The 204-paragraph Complaint does not constitute a "short and plain statement" of the claims. The Complaint largely contains conclusory and collective allegations, mechanical recitations of the claims' elements, and legal conclusions and argument, none of which meet Rule 8's pleading requirements or are entitled to an assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The Complaint fails to identify each claim under separate headings, which of the approximately nine claims are brought against which defendants, ECF No. 1, p. 3 (repeatedly stating "Defendants" violated the constitution and federal law), what facts support each claim, or, with few exceptions, which of the thirty-seven defendants took what action. *Eskenazi v. Rural Cmty. Hosps. of Am., LLC*, No. 4:18-CV-00307-SRB, 2018 WL 4781260, at *3 (W.D. Mo. Oct. 3, 2018) (finding defendants could not reasonably respond to complaint that failed to identify which defendants were subject to which claims). The Complaint alleges "all defendants" or "defendants" collectively committed vague acts or violated the law in fifty-three paragraphs. ECF No. 1, ¶¶ 3, 17, 19-21, 27, 35, 52-54, 59,

64-65, 72-73, 83-84, 93-94, 99, 103-104, 107-108, 118, 122-123, 132, 134, 140-141, 147, 156-157, 160-168, 170, 172-176, 178-179, 186. To craft a responsive pleading, the Colorado State Employee Defendants would have to read between the lines of the Complaint's allegations, requiring guesswork and numerous assumptions about who allegedly did what to whom. And the Colorado State Employee Defendants cannot properly determine what defenses are available to the claims as currently alleged. *See Innovative Dig. Equip.*, 597 F. Supp. at 988 (more definite statement proper where a defendant cannot determine issues to be addressed). Because the Colorado State Employee Defendants cannot formulate a responsive pleading to the Complaint's allegations, a more definite statement of Plaintiff's claims is required.

WHEREFORE, the Colorado State Employee Defendants respectfully request this Court dismiss the Complaint as against them for lack of personal jurisdiction. If the Court concludes it has personal jurisdiction, the Colorado State Employee Defendants respectfully request the Court order Plaintiff to amend the Complaint to provide a more definite statement as to her claims and the grounds for each.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/Lauren Davison*

LAUREN DAVISON*
Assistant Attorney General
AMY CHURCHILL COLONY*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone:  720-508-6631
FAX:  720-508-6032
lauren.davison@coag.gov

amy.colony@coag.gov
*Counsel of Record
*Attorneys for Defendant Stephen Howard*

PHILIP J. WEISER
Attorney General
SARAH QUIGLEY*
Assistant Attorney General
Natural Resources and Environment Section
1300 Broadway, 7th Floor
Denver, Colorado 80203
Telephone:  720-508-6295
FAX:  720-508-6032
sarah.quigley@coag.gov
*Counsel of Record
*Attorneys for Defendants Lindy Frolich and
Darren Cantor*

BELIN McCORMICK, P.C.

Michael R. Reck
Paxton J. Williams
666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 283-4645
Facsimile:   (515) 558-0645
Email:  mrreck@belinmccormick.com
        pjwilliams@belinmccormick.com
ATTORNEYS FOR DEFENDANTS
STEPHEN HOWARD, LINDY FROLICH,
AND DARREN CANTOR

CERTIFICATE OF SERVICE

I hereby certify on December 29, 2023, I electronically filed the foregoing with the Clerk of Court using the Iowa Electronic Filing System which will send a notice of electronic to the parties of record.  I further certify on December 29, 2023, the foregoing document was served via U.S. Mail as referenced below:

<u>Via U.S. Mail</u>
Emily Cohen
802 Maggard Street
Iowa City, IA  52240
*Pro Se Plaintiff*

Benjamin R. Merrill
Brown, Winick, Graves, Gross and
Baskerville P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA  50309-2510
Email: ben.merrill@brownwinick.com
*Attorney for Defendants Adam Kendall, Michael Dougherty, Boulder County Sheriff's Office, Boulder County, Colorado, Anne Kelly, Michelle Sudano, Kristin Weisbach, Chris Merkle, Jane Walsh, and Stan Garnett*

David Hughes
Boulder County Attorney's Office
1325 Pearl Street
Boulder, CO  80302
Email: dhughes@bouldercounty.org
*Attorney for Defendants Adam Kendall and Michael Dougherty*

Colin J. Mayberry
Boulder County Attorney's Office
1325 Pearl Street
Boulder, CO  80302
Email: cmayberry@bouldercounty.org
*Attorney for Defendants Adam Kendall and Michael Dougherty*

Signature:    */s/ La'Tasha Canty*