
**EXHIBIT C**

| District Court, Boulder County, State of Colorado<br>1777 Sixth Street, Boulder, Colorado 80302<br>(303) 441-3748 | DATE FILED: August 11, 2021 11:06 AM<br>CASE NUMBER: 2014CR437 |
|---|---|
| **PEOPLE OF THE STATE OF COLORADO,**<br><br>vs.<br><br>**EMILY ELIZABETH COHEN,** Defendant | ▲ COURT USE ONLY▲ |
| *Attorneys for the People*: Anne Kelly<br>Michelle Sudano<br>*Attorneys for the Defendant*: Jonathan Willett and Natischa Volpe | Case Number: 14CR437<br>Division 2<br>Courtroom P |
| **MINUTE ORDER REGARDING AUGUST 9, 2021 STATUS CONFERENCE** | |

On August 9, 2021, the Court held a status conference on this matter. The Court took the following actions:

**COURT REPORTER:** FTR

**APPEARANCES:**
1. Anne Kelly and Michelle Sudano appear on behalf of the People.

2. Jonathan Willet and Natischa Volpe appear on behalf of Defendant, Emily Cohen who appears via WebEx.

**COURT ORDERS/ACTIONS:**
1. The Court proposed dates for commencement of a two-week jury trial.

2. Defendant objected to any setting in violation of her right to a speedy trial.

3. The Court overruled Defendant's objection and affirmed its July 14, 2021 ruling which tolled commencement of a six-month speedy trial from August 9, 2021.

4. The Court confirmed past denials of motions to dismiss and Defendant reserved all rights.

**EXHIBIT C**

5. The Court set the matter for a ten-day jury trial commencing December 6, 2021 (the Court also set a trial readiness hearing November 2, 2021 at 9:00 AM.)

6. Defense counsel moved to withdraw as counsel.

7. The People objected to Defense's motion to withdraw and moved for a *Bergerud* hearing. *People v. Bergerud*, 223 P.3d 686 (Colo. 2010).

8. Defense counsel moved for a *Bergerud* hearing before a new judge because of the extrajudicial proceedings of the issue and concerns for bias from the Court.

9. The Court denied Defense's request for a *Bergerud* hearing before a new judge.

10. The Court commenced the *Bergerud* hearing outside the presence of the People. The FTR read 3:18 PM at commencement and 3:54 PM at termination.

11. Johnathan Willett testified.

REDACTED FOR GENERAL VIEWING – COMPLETE RECORD UNDER SEAL

12. Natischa Volpe declined to testify but affirmed Mr. Willett's claims. Ms. Volpe also requested to be withdrawn as Defendant's counsel.

13. Emily Cohen testified.

14. Ms. Cohen objected to counsels' withdrawal from representation.

15. After approximately forty minutes of testimony, the People returned.

16. The Court finds Defense counsels' motions appropriate and hereby GRANTS counsels' motions to withdraw. The Court finds that Defense counsel has shown good cause and that it is untenable for Mr. Willett and Ms. Volpe to continue representation of Defendant on a professional, personal, and effective level.

17. The Court further finds that the facts of the case and trial date are such that any prejudice to the People is nominal given the case's history.

18. Defense counsel advised the Court that Defendant wished to represent herself on two filings dated May 21, 2021 and June 2, 2021. Defendant also sent several emails to the court indicated her desire to proceed "pro se". *See* Attachment.

19. However, upon questioning from the Court, Defendant stated she did not wish to represent herself and requested the Court appoint new counsel. The Court finds Defendant's request futile and/or a dilatory tactic based on her history of causing conflicts with court appointed counsel, and made in bad faith. The Defendant made numerous misrepresentations to the Court about her conflicts with past counsel.

20. Defendant has a long history of causing significant conflicts with her prior lawyers and *pro se* filings while represented, namely:

    a. Trial counsel Steven Louth moved to withdraw on February 6, 2015 after her conviction. The court granted Mr. Louth's motion to withdraw with consent of Defendant on February 12, 2015.

    b. Defendant subsequently sued Mr. Louth for malpractice stemming from her conviction in Boulder District court, 16CV21 on January 19, 2016. The court dismissed the case on June 6, 2016 for Ms. Cohen's failure to file the required certificate of review pursuant to section 13-20-602, C.R.S.

    c. The court appointed the Public Defender's Office to represent Defendant at sentencing on February 12, 2015 and counsel entered on February 18, 2015.

    d. The Public Defender's Office moved to withdraw on March 11, 2015, three weeks after entering, stating that there was an irretrievable breakdown of the attorney client relationship. The court granted the motion and appointed ADC Elizabeth Kelly as counsel for sentencing.

    e. Ms. Kelly actively represented Defendant at the sentencing phase including objections to the PSI, finding collateral supporters, and other motion practice.

    f. On April 9, 2015, after failing to appear for her sentencing hearing, Defendant filed a detailed pro se motion for a competency hearing. The court deferred ruling on Ms. Kelly's motion to withdraw as counsel on April 13, 2015 after Defendant's second failure to appear at sentencing.

    g. At the sentencing hearing on April 24, 2015, Ms. Kelly renewed her request to withdraw as counsel informing the court that Defendant wanted a finding of incompetency, but that counsel could not support the request. The court thus found Defendant competent for sentencing and appointed the Public Defender for appellate purposes.

    h. While serving her sentence, Defendant filed pro se motions on March 4, 2016 for habeas corpus and to correct an allegedly illegal sentence that the court denied.

**EXHIBIT C**

i. On March 21, 2019, after the appellate decision (*People v. Cohen*, 440 P.3d 1256 (Colo. App. 2019)), Public Defender reported a conflict with Defendant and moved the court to withdraw as counsel. The court granted the Public Defender's motion and appointed ADC Whitney Stark.

j. On March 22, 2019 the court granted Ms. Stark's motion to withdraw due to a conflict of interest with a witness. The court appointed ADC James Aber.

k. On May 23, 2019 Mr. Aber moved to withdraw due to his schedule and ADC Melissa Roth substituted.

l. On June 10, 2019 Ms. Roth filed a motion to determine Defendant's competency under C.R.S. 16-8.5-102 which she supplemented on June 11, 2019. Ms. Roth stated that Defendant claimed counsel had an ethical conflict and could no longer represent her.

m. On June 27, 2019 the court held a competency hearing and found preliminary grounds of incompetency. Ms. Roth informed the court that Defendant desired to fire her as counsel based on the competency motion and the claims therein.

n. On September 24, 2019 the court granted Ms. Roth's motion to withdraw based on an ethical conflict by her firm representing one of the People's witnesses.

o. On March 10, 2020, Defendant's last counsel Jonathan Willet filed a motion claiming the court's preliminary finding of incompetence was in error and that Ms. Roth violated Rule 1.6 of the Rules of Professional Conduct, specifically C.R.S. §13-90-107(1)(b), by raising Defendant's competency over Defendant's objection.

p. On April 16, 2020 Defendant filed a Rule 21 petition with the Supreme Court on Ms. Roth's competency review motion claiming that Defendant desired to terminate Ms. Roth as counsel prior to the filing again asserting that Ms. Roth violated her ethical duties. The Supreme Court denied the Petition on April 20, 2020.

q. Mr. Willett and second chair counsel Natischa Volpe, diligently represented Defendant for renewed motion practice and trial work up after the CDHS found Defendant competent on March 12, 2020 until they filed their motions to withdraw on May 5, 2021.

r. In filings on May 21, 2021 and June 2, 2021 Mr. Willett notified the court that, "Defendant wishes to represent herself" and "The Defendant has individually notified the Court of her intent to represent herself" respectively.

s. On July 12, 2021 Defendant filed a *pro se* Rule 21 petition to the Supreme Court arguing her case should be dismissed for speedy trial violation. Defendant appended

    detailed exhibits including a multi-month annotated calendar. The Supreme Court denied her motion the following day.

21. the Court finds there is sufficient evidence that Defendant's lack of good faith in working with appointed counsel and her unreasonable refusal constitutes an implied waiver of appointed counsel under *People v. Arguello*, 772 p.2d 87 (Colo. 1989) in addition to her express waiver in past filings and communications to the court.

22. The Court gave Defendant her *Arguello* advisement: Defendant maintains her right to legal representation but does not have a choice of appointed counsel. The Court DECLINES to appoint further court appointed counsel at this time.

23. The Court advised defendant of the trial charges brought against her and the possible associated sentences/fines:

    1. THEFT – Section 18-4-401(1)(a), (2)(g), C.R.S. (F5)
    2. THEFT – Section 18-4-401(1)(a), (2)(g), C.R.S. (F5)
    3. THEFT – Section 18-4-401(1)(a), (2)(f), C.R.S. (F6)
    4. THEFT – Section 18-4-401(1)(a), (2)(g), C.R.S. (F5)
    5. THEFT – Section 18-4-401(1)(a), (2)(e), C.R.S. (M1)
    6. THEFT – Section 18-4-401(1)(a), (2)(d), C.R.S. (M2)
    7. THEFT – Section 18-4-401(1)(a), (2)(e), C.R.S. (M1)
    8. THEFT – Section 18-4-401(1)(a), (2)(g), C.R.S. (F5)
    9. THEFT – Section 18-4-401(1)(a), (2)(d), C.R.S. (M2)
    10. THEFT – Section 18-4-401(1)(a), (2)(d), C.R.S. (M2)
    11. THEFT – Section 18-4-401(1)(a), (2)(d), C.R.S. (M2)

24. The Court noted Defendant has served time at Denver Women's Facility; the above-mentioned charges and possible sentences do not consider credit for time served.

25. The Court advised Defendant of her rights as a pro se party if she so chooses to represent herself.

26. When asked if she understood the charges against her, Defendant contended she did not understand the charges and needed an attorney. The Court finds Defendant's claim incredible as she stated during the *Bergerud* hearing that she directed former counsel to negotiate the above-mentioned trial charges with the People.

27. Further, the Court finds that Defendant did not appear under the influence of drugs or alcohol, and that she appeared lucid and oriented.



**EXHIBIT C**

28. The Court set a trial readiness hearing for **November 2, 2021 at 9:00 AM** with all parties to appear IN PERSON unless a party files a good cause motion to appear remotely.

29. All of the motions for dismissal based on Defendant's claim of violation to her right of speedy trial are dismissed per prior written, detailed orders.

30. The Court advised Defendant that any additional matters for the Court must be submitted to the Court by a written motion. This includes any motion for records or any additional motion for a finding of indigency.

31. The People requested that the Court order Defendant to produce COVID-19 test results indicating a positive test for COVID-19. The People contend that the prior evidence submitted in Defendant's motion to vacate warrant was insufficient to give the Court accurate information to make a finding on Defendant's claim. The People request that the procurement of test results be a condition of Defendant's bond.

32. The Court DENIES the People's request for any past COVID-19 test results. However, the Court will require good cause for any future request to appear remotely.

33. In the event Defendant requests to appear remotely at future hearings as a result of a positive COVID-19 diagnosis, the Court will only consider good cause to be official COVID-19 test results provided with a motion in advance of the hearing.

34. The trial readiness hearing set for November 2, 2021 at 9:00 AM is a bond appearance as is the trial set for December 6, 2021. Defendant's failure to appear will result in a warrant for her arrest.

35. The Court finds that Defendant waived her right to appear in person at the instant status conference.

**SO ORDERED** this 11th day of August 2021, *nunc pro tunc* August 9, 2021.

BY THE COURT

_____
Andrew Hartman, District Judge