| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 Sixth Street Boulder, CO 80302<br>303.441.3750 | FILED IN THE<br>20TH JUDICIAL DISTRICT<br>DATE FILED: November 2, 2021<br>CASE NUMBER: 2014CR437 |
|---|---|
| **THE PEOPLE OF THE STATE OF COLORADO,**<br>Plaintiff<br><br>vs.<br><br>**EMILY COHEN,**<br>Defendant | ▢ COURT USE ONLY ▢ |
| **Attorneys for Defendant:**<br><br>None.<br>Complete Denial of Counsel. | Case Number: **14CR437**<br><br><br>Division: **6** |
| **DEFENDANT'S MOTION TO DISMISS<br>FOR LACK OF JURISDICTION AND DENIAL OF DUE PROCESS;<br>AND,<br>ALTERNATIVELY,<br>DEFENDANT'S RESPONSE TO THE<br>PEOPLE'S MOTION FOR PROTECTIVE ORDER;<br>AND<br>DEFENDANT'S NOTICE PER ADMIN ORDER 21-116** ||

COMES NOW Defendant Emily Cohen, alone and completely denied of the Constitutional right to counsel, and hereby gives notice per Admin Order 21-116 via electronic communication as allowed due to her *pro se* status and inability to access the

1

system to e-file as required – which is in fact due to the complete denial of her right to counsel *by this Court* – and moves this Court to grant this Motion to Dismiss for the following reasons:

1. Defendant incorporates herein by reference all documents, pleadings, filings, recordings, transcripts, suppressed memos, suppressed court documents and files, suppressed court orders, whether presently known or unknown, contained in cases 2014CR437 and 2015CA0982. **Ms. Cohen again states that statutory speedy trial has run, as the Court and the People admitted on July 9, 2021.** As such, she repeats that this Court has lost jurisdiction over this matter and cannot proceed. She objects to these and all further proceedings as an abuse of discretion for which there will be no immunity, as there is no jurisdiction because the statutory Speedy Trial period has expired, because the Constitutional Speedy Trial period has expired as supported in previously filed analysis, and additionally because this District Court has no jurisdiction over allegations of attorney misconduct because it is not the Colorado Supreme Court.

2. On July 14, 2021, the Court discriminated against Ms. Cohen on the basis of disability, both the federally protected disability of Covid-19 long-haul patient status and of Ms. Cohen's previously known and decades-documented phyiscal disability, and **revoked Ms. Cohen's bond based solely on disability discrimination and retaliation.** The Court, in its purported infinite wisdom and medical knowledge, ruled that Ms. Cohen's medical claims were unsubstantiated and embraced the People's position Ms. Cohen "is a crazy bitch" who was feigning an illness to avoid court. The Court's minute order, a copy of which is attached in its entirety, revoked a PR bond for a case in which a jury returned misdemeanor verdicts even after being given incorrect and illegal jury instructions and a case whose illegal verdict this Court relied on to illegally sentence Ms. Cohen to be tortured for nearly three calendar years in prison, and which acknowledged that Ms. Cohen is indigent and disabled, and has no assets, nonetheless still cruelly reads as follows:

> "The Court notes there is not anything in the record that shows Defendant recently tested positive for COVID-19, and notes that Defendant has a history of hiding behind health claims to avoid appearing in Court, including Defendant self-committing to a mental health facility in an effort to avoid sentencing after the first trial. Therefore, the Court further GRANTS the People's request for a warrant for Defendant's arrest. The Court finds Defendant has failed to appear, that Defendant has violated her bond conditions, and that there is probable cause to find that Defendant is in direct contempt of the Court's Orders to appear in person. **The Court sets Defendant's bond at $90,000.00** in cash/surety/property, with national extradition to Colorado."

3. The Court's ruling libelous and false on its face for several reasons, including, without limitation, the following:

    a. The Court **did** have proof in the record that Ms. Cohen had tested positive for Covid-19 and had been ordered by a doctor to remain quarantined.

    b. The Court may imagine that it exists in and reigns over a world outside the physical realities of the human body; however, this Court was and still is absolutely bound by the order of Chief Justice Coats. On May 5, 2021, Chief Justice Coats confirmed Colorado Courts are still under emergency orders:

> "Until further directive by the Chief Justice, the state courts are to continue to operate on an emergency basis. The Chief Judges of the various districts are expected to continue to make all reasonable efforts to facilitate work by department employees from remote locations and to minimize personal contact. To that end, and with the understanding that some judicial proceedings may require personal appearances, **wherever reasonably feasible, judicial proceedings, regardless of their nature, should continue to be conducted remotely.**"

https://www.courts.state.co.us/userfiles/file/Court_Probation/01st_Judicial_District/Chief%20Justice%20Operations%20Order%20May%205.pdf

    c. This court is also subject to **its own rules**, and its choice to consistently act outside those rules for the special purposes of locking up and torturing Ms. Cohen in retaliation for having brought attention to this Court's repeated plethora of Constitutional and structural trial errors, and the resulting unanimous reversal in a published opinion of the Colorado Court of Appeals, shows animus, bias, deliberate indifference, and even *actual malice*. Pursuant to the "Notice Regarding COVID-19 and Court and Probation Operations" for the 20th Judicial District, the following instructions were written:

> We understand there is concern about COVID-19 and the 20th Judicial District is requesting that you **PLEASE DO NOT COME TO THE COURTHOUSES OR PROBATION if:**
>
> (1) **you have been diagnosed with COVID-19 ("Novel Coronavirus") and you have not received a subsequent test confirming that you are currently virus-free (emphasis added)**;
>
> (2) you have been in direct contact with someone who has been diagnosed with COVID19 within the past fourteen days;
>
> (2) you are experiencing a fever, cough, shortness of breath, or any other respiratory illness symptoms.

3

    d.    The Court had no discretion to make the findings it made. The Court's libelous outbursts and retaliatory findings were in violation of these two orders, and were not based in fact or reality. In fact, the Colorado Supreme Court has ordered the judicial districts as recently as last week to comply with county health department orders. Boulder's most recent county public health orders? See attached: "People should get tested if they are experiencing symptoms consistent with COVID-19 and stay home if they are sick or waiting for a COVID-19 test results." Surely this includes people who have been ordered by their doctor to quarantine for these exact reasons, like the attachment proves Ms. Cohen is.

    e.    The Court furthermore knew that Ms. Cohen **never** "self-committed" to any hospital. In fact, the record in the vacated, overturned, no-longer-existing, illegal, unconstitutional "first trial" contains that letter. Instead of giving the letter to the jury, the Court decided that the civil order was "voluntary" and then offered cookies to Mr. Garnett on the record.

    f.    The Court repeatedly makes findings of contempt and offended grandiosity that just are *not supported by the record*. The record in this case shows that the Office of Attorney Regulation admitted at "the first trial" that Ms. Cohen's attorney Norm Mueller had disclosed Ms. Cohen's disability to the OARC, had requested reasonable program access accommodations as OARC was federally required to acknowledge, and that the OARC refused federal accommodations in violation of federal law. There is record evidence that **Ms. Cohen's disability existed well before it was at issue in this Court**, and well before she was even an *adult*, much less a high school graduate, much less a college graduate, a law school graduate, or a licensed attorney. *Ms. Cohen's need for medical care for her decades-documented disability has nothing to do with this Court*. Ms. Cohen needs medical care because she needs medical care. The Court's preoccupation with what it perceives to be Ms. Cohen's malevolence toward it in seeking medical care for her own body is quite frankly delusional, as <u>facts in the record show that for decades, Ms. Cohen has seen doctors at least weekly</u>. Moreover, Covid-19 is an additional disability that requires medical care and has nothing to do with how anyone *feels* in this Court.

4.    Constitutional rights to due process of law are implicated by a court order revoking a bond based upon the failure to appear in person when that person is infected with the COVID-19. Aside from the obvious public health considerations, such a practice exposes the person and the courts to liability by exposing others negligently to a dangerous condition. Ms. Cohen cannot be legally retaliated against for having COVID-19, because when the Court did so, it engaged in illegal disability discrimination under state and federal law. Doing it again will only compound damages, and could very likely result in death to Ms. Cohen. Nor may law enforcement and court personnel unnecessarily be exposed to an infectious person

as the Court ordered by issuing a warrant for her arrest. The Court would not be immune from liability for either exposure for its actions under these facts.

5. On July 28, 2021, this Court granted Mr. Willett's motion ruling that, "Until Ms. Cohen is tested negatively for COVID-19, all appearances for her should be conducted remotely." Attached is another letter from the same hospital previously accepted and admitted into evidence by this Court stating that that condition has not yet occurred. As such, Ms. Cohen will appear via WebEx at the status hearing tomorrow scheduled to set this case for trial in one month. The 20th Judicial District's Admin Order 21-116 authorizes WebEx appearances at any rate for all proceedings not requiring a jury in Division 6, at any rate for all district court status hearings, and when there is good cause for all district court motions hearings. Tomorrow is not a motions hearing. It is a status hearing. It is 60 minutes set aside to attempt to coerce a plea and to grimace at Ms. Cohen and laugh with the District Attorney, after which the Court will no doubt again invent some supposed basis to illegally "reset" Speedy *again*. However, since the Court seems to find any reason to oppose and retaliate against Ms. Cohen, in the event it chooses to call tomorrow a "motions hearing," the good cause is documented in the attached letter and per the Court's <u>own order</u>. Ms. Cohen will appear by WebEx tomorrow as authorized by this Court's own order, as authorized by this Court's admin order, as authorized by order of the Colorado Supreme Court, as authorized by order of Boulder County Public Health, and as authorized by U.S. and Colorado law and precedent, including, without limitation, In Re RJB, a copy of which is attached and also shows that this Court erred in deciding that it could decide to "not excuse" Ms. Cohen or deign to allow her the fundamental Constitutional right she has to access the Court as allowed by Colorado Rule of Criminal Procedure 43, a copy of which is attached and also proves this Court erred in deeming itself an authority higher than these rules.

6. Ms. Cohen states for the record in this matter that she has forwarded documents and has authorized *civil* representation, whether to her while living or to her estate in the event this court continues in its illegal attempts to hasten her death, to the same attorney who won Mr. Franco's estate's $3.4 million verdict in this very same Court last week for similar harassment and abuse by this same Court and by the very same officers at the Boulder Police Department.

7. To the extent the Court even indulges the People's Motion for Protective Order, Ms. Cohen objects and asserts her Constitutional rights of speech, expression, court access, a public trial, and to be free from government interference. Ms. Cohen has every right to publish public documents from her public trial which were made public by the very authors of such documents, but Ms. Cohen's rights seem of little importance to this Court. What this Court might find more persuasive, in the event it expects to continue being on the bench next year, is that under Colorado law, district courts have no freestanding authority to grant or deny motions related to

Case 3:23-cv-00073-SMR-WPK   Document 31-4   Filed 12/29/23   Page 6 of 6
**EXHIBIT D**


criminal discovery beyond what is authorized by the Constitution, the rules, or by statute. As has already been exhaustively documented by prior counsel, the Court is required by Rule 16 and *Brady* to compel the People to provide all discovery to Ms. Cohen. Instead, the People are compelling the Court to aid in its illegal obfuscation of state and federal law. It is Ms. Cohen's hope that the Court will decide that enough liability has been proved up for the State of Colorado in this matter, and will dismiss this case as it should have done years ago for lack of jurisdiction.

WHEREFORE, Defendant respectfully moves this Court to dismiss 14CR437. The statute of limitations in 14CR437 expired *last decade*, so dismissal classification analysis here is entirely irrelevant, but we all know that the applicable Speedy trial statute **requires the dismissal to be *with prejudice*.** That's why the State doesn't want to do it. That's also why the State should have followed the law.

Dated: November 1, 2021

Respectfully submitted,

*/s/ Emily Cohen*
Emily Cohen, #41972
Pro se,
RTC complete denial by Division 6.

## Certificate of Service

I hereby certify that on November 1, 2021, a true and correct copy of the foregoing document was delivered as required to opposing counsel:

20th Judicial District Attorney's Office

1777 Sixth St.

Boulder, CO 80302

*/s/ Emily Cohen*