| | |
|---|---|
| ☐ County Court  ☐ District Court<br>Boulder County, State of Colorado<br>1777 Sixth Street,<br>Boulder, CO 80302 | **APPROVED BY COURT**<br>**12/06/2021**<br>DATE FILED: December 6, 2021 10:07 AM<br>CASE NUMBER: 2014CR437 |
| **PEOPLE OF THE STATE OF COLORADO**<br>v.<br>**EMILY ELIZABETH COHEN**<br>AKA: Emily E. Andrade<br>Defendant | *[signature]*<br>**ANDREW HARTMAN**<br>District Court Judge<br>▲ COURT USE ONLY ▲ |
| Michael T. Dougherty, District Attorney<br>Anne Kelly, Senior Deputy District Attorney<br>Boulder County Justice Center<br>1777 Sixth Street<br>Boulder, CO 80302<br>Phone Number: (303) 441-3700<br>FAX Number: (303) 441-4703<br>Attorney Reg. 38885 | Case No.<br>D0072014CR000437<br>Div: 2<br>Ctrm: |
| PLEA AGREEMENT, ADVISEMENT PURSUANT TO CRIMINAL PROCEDURE RULE 11 AND PLEA OF GUILTY | |

## I. STATEMENT OF PLEA AGREEMENT

### a. Defendant will plead guilty to Count 14

All remaining counts in this case will be dismissed. The sentence agreement for this case is:

There are specific additional agreements listed below regarding this disposition, these conditions are agreed to by Defendant and the People. The Defendant explicitly agrees not to request the court deviate from any stipulated sentencing agreements. The Defendant further explicitly waives his/her right to a sentence reconsideration pursuant to Colorado law and the Colorado Rules of Criminal Procedure with respect to the following conditions, unless the People affirmatively consent to such a modification:

Defendant will be sentenced to credit for time served.

If Defendant violates any condition of release or bond prior to sentencing under this original agreement, this sentence stipulation becomes null and void and Defendant may be sentenced at the **DISCRETION OF THE COURT**.

### b. CULPABILITY AND ACCOUNTABILITY

A crime is committed when a defendant has committed a voluntary act prohibited by law accompanied by a culpable mental state. Voluntary act means an act performed consciously as a result of effort or determination. Culpable mental state means (1) intentionally or with intent; (2) knowingly or willfully; (3) recklessly; or (4) with criminal negligence. Each criminal offense has a mental state that must be proved beyond a reasonable doubt at trial. The mental states are listed below.

A person acts **"intentionally"** or **"with intent"** when his conscious objective is to cause the specific result prescribed by the statute defining the offense. It is immaterial whether or not the result actually occurred.

A person acts **"knowingly"** or **"willfully"** with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly or **"willfully"** with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

A person acts **"recklessly"** when he consciously disregards a substantial and unjustified risk that a result will occur or that a circumstance exists.

A person acts **"with criminal negligence"** when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustified risk that a result will occur or that a circumstance exists.

II. **DECLARATIONS BY DEFENDANT**
   a. I acknowledge that I am Defendant in this case and that my true name is as stated above.
   b. I am __42__ years old.
   c. The highest level of education I completed is _____.
   d. At this time, I am not under the influence of any drugs, intoxicants, medications, or have any mental condition that interferes with my ability to understand the advisement of rights and my plea of guilty.
   e. I read, speak, and understand the English language: __[signature]__ **OR**
      (Signature of Defendant)
      this document has been translated to me by an interpreter, in _____, a language that I understand. _____.
      (Signature of Defendant)
   f. I understand the nature of the charge(s) against me. I acknowledge that I have read and understand the elements of the offense(s), including the culpable mental state, and the penalty for the offense(s). I am entering a plea of guilty to the offense(s). I understand that the prosecution would have to prove each element of the offense(s) beyond a reasonable doubt before I could be convicted of the offense(s) in a trial.
   g. I am entering my plea of guilty freely and voluntarily and not as a result of coercion or undue influence on the part of anyone. There have been no threats, force, or promises made to me to cause me to enter this plea.
   h. I understand that the Court will not be bound by any representations made to me by anyone concerning the penalty to be imposed or the granting or denial of probation, unless such representations are included in a formal plea agreement placed on the record and approved by the Court.
   i. I acknowledge that there is a factual basis for this plea. If the plea is a result of a plea agreement, I waive the establishment of a factual basis for the charge, as I am pleading guilty to take advantage of the plea agreement.
   j. I have signed this document and I thoroughly understand its contents.
   k. I understand that if I am ever sentenced to prison following a plea of guilty to a felony that occurred on or after July 1, 1993, I will be ordered to serve **A MANDATORY PAROLE** period. This parole period is **IN ADDITION TO AND SERVED AFTER** any sentence to the Department of Corrections that I may receive from the judge and is in addition to any sentence imposed as part of the plea

agreement I am entering into with the District Attorney. I understand that if there is a plea agreement in my case that involves an upper limit on the possible prison sentence or a stipulated prison sentence, the mandatory parole period will be imposed **IN ADDITION TO AND SERVED AFTER** any prison sentence imposed pursuant to the agreement. I understand that if I ever violate my parole, I can be sent back to prison, and that prison time imposed after I am placed on parole is separate from any sentence agreements I have made with the prosecution at this time.

l. I understand that if I am not a citizen of the United States and I plead guilty or nolo contender ("no contest") to a crime, my plea may result in deportation and/or exclusion from the United States or denial of naturalization in the United States. In the event that the plea agreement in this case includes a deferred judgment and sentence, I understand that the possibility of deportation and/or exclusion from the United States or denial of naturalization in the United States will remain even if my guilty plea is eventually withdrawn and the charges in this case are dismissed with prejudice.

m. I understand that if the Court accepts my guilty plea to a felony, I will stand convicted of a felony. I understand that this felony conviction may be used against me in any future proceeding under the habitual criminal laws. I also understand that my felony conviction may be used against me in a future proceeding to attack my credibility. If I have entered into a Stipulation of a Deferred Sentence and I have not yet completed the terms of that agreement, my guilty plea may be used against me in any future proceeding as stated above.

n. If I am entering into a stipulated prison sentence in this case, I understand that I am giving up my right to have the Court reconsider my sentence as allowed by Colorado law and the Rules of Criminal Procedure.

[handwritten: N/A]

Signed:_____
(Signature of Defendant)

o. I understand if the judge sentences me to prison, the term of incarceration shall be from the minimum in the presumptive range to twice the maximum in the presumptive range if any of the following circumstances apply: (1) I was on bond in another case that resulted in a conviction of a felony crime; (2) I was on bond after having pled guilty to a lesser offense when the original charge was a felony; or (3) I was on a felony deferred judgment and sentence.

p. I understand if the judge sentences me to prison, the term of incarceration shall be from the midpoint of the presumptive range to twice the maximum in the presumptive range if any of the following circumstances apply: (1) The crime to which I am entering a guilty plea is a crime of violence; (2) I was on parole for a felony crime; (3) I was on probation or on bond while awaiting sentencing following revocation of felony probation; (4) I was an escapee from a previously imposed felony sentence.

q. I understand if the judge sentences me to probation, I could be required to serve up to ninety days' jail for each felony (sixty days for each misdemeanor) as a condition of probation or that I could be required to serve up to two years' jail on work or education release for each count.

r. I understand that before I enter a plea, I am entitled to have the court determine whether I am serving or have served in the United States Armed Forces and, if so, that I am entitled to receive mental health, substance use, or other treatment or services as a veteran.

s.  I understand that if I am convicted of a sex offense, or a crime involving a sexual factual basis, I am agreeing to abide by all terms and conditions of sex offender intensive supervised probation (SOISP) as a condition of my plea agreement. I have read and thoroughly understand the Additional Conditions of Probation for Adult Sex Offenders that are attached and incorporated herein, and by signing here, I agree to abide by these terms and conditions.

Signed: *N/A*
(Signature of Defendant)

t.  By initialing in the space below, I admit there is proof beyond a reasonable doubt that when I committed the crime to which I am pleading guilty:  *N/A*
\_\_\_\_\_   I was on a felony deferred sentence.
\_\_\_\_\_   I was on bond in another case that resulted in a conviction of a felony.
\_\_\_\_\_   I was on probation for a felony crime.
\_\_\_\_\_   I was on parole for a felony crime.
\_\_\_\_\_   Other: _____

u.  I understand that by pleading guilty and giving up my right to have a trial, I give up the right to have a jury determine, beyond a reasonable doubt, if there are aggravating facts or circumstances in my case. I specifically agree that a judge and not a jury can determine the existence of aggravating facts in my case that could be used by a judge to impose a sentence to prison that is greater than the presumptive prison sentence range for the offense(s) included within this plea agreement.

v.  If I have specifically agreed to a sentence to imprisonment for a term or range of years that is greater than the presumptive range, I agree to allow a judge to decide if there are aggravating facts to support that sentence, including but not limited to my status on felony deferred sentence, felony bond, felony probation or parole, as well as any other fact the judge may choose to consider in determining if there are extraordinary aggravating circumstances in my case.

w.  I understand that the charge I am pleading guilty to is considered a crime of domestic violence pursuant to section 18-6-800.3(1), C.R.S. meaning that it was an act or threatened act of violence upon a person with whom I am or have been involved in an intimate relationship. Domestic violence also includes any other crime against a person or I understand that the charge I am pleading guilty to is considered a crime of domestic violence pursuant to section 18-6-800.3(1), C.R.S. meaning that it was an act or threatened act of violence upon a person with whom I am or have been involved in an intimate relationship. Domestic violence also includes any other crime against a person or against property, including an animal, when used as a method of coercion, control, punishment, intimidation, or revenge directed against a person with whom the actor is or has been involved in an intimate relationship. **By signing this Rule 11, I admit the victim of this case and I have or have had an intimate relationship, and I admit the underlying factual basis involves an act or acts of domestic violence.**

Signed: *N/A*
(Signature of Defendant)

### III. STATEMENT OF RIGHTS WAIVED

a.  I do not have to make any statement about this case and I understand that any statement I make may be used against me.

    b. Any plea that I enter must be voluntary and not the result of undue influence or coercion on the part of anyone.
    c. I have the right to have the court set bail and I can post that bail if bail can be granted for my offense.
    d. In certain situations, I have the right to have a preliminary hearing to determine if probable cause exists to believe that I committed a crime.
    e. I have the right to enter a plea of not guilty and have a speedy and public trial in this case either to the Court or to a jury
    f. I have the right to be represented by an attorney at all critical stages through trial and for any appeal of right.
    g. If I do not have the means to hire an attorney, I can ask the Court to appoint one for me without cost to me, and one will be appointed
    h. I am presumed innocent of the charges pending against me, and the presumption of innocence will remain with me throughout the trial. The prosecution must present evidence that proves each and every element of the charge(s) beyond a reasonable doubt to find me guilty.
    i. At the trial, I have the right to confront the witnesses called to testify against me, including the right to cross-examine those witnesses.
    j. I have the right to present evidence in my own defense at the trial and to compel the attendance of witnesses by subpoenas issued by the Court.
    k. I have the right to remain silent at the trial or testify in my defense as I choose. If I choose to remain silent, my silence cannot be used against me.
    l. After the trial is over, I have the right to appeal to a higher court to review the judgments of the trial court.
    m. Effective one-hundred and twenty-six days (126) following my plea of guilty pursuant to this petition: I knowingly and voluntarily waive my rights concerning the preservation, retention, disposal, or destruction of any evidence and DNA evidence under Section 18-1-1101 C.R.S et. seq. I knowingly and voluntarily waive any requirements law enforcement or the Office of the District Attorney might have to notify me regarding the disposition of evidence, and any rights to have a hearing or object to evidence disposal or destruction. I waive these rights in this case, to which I am entering a plea, and in all other cases being disposed of or dismissed as part of this plea agreement. I agree that through discovery I have been provided a sufficient written list describing all evidence in each case that is subject to this plea agreement. I understand if I believe any evidence held by law enforcement should be returned to me or my legal representative, I must contact the appropriate law enforcement agency within thirty (30) days of my plea and request a return of property. If any dispute arises with the law enforcement agency, I have the right to file a motion with the Court before the expiration of the one-hundred and twenty-six days (126). If there are any codefendants in this case, I understand I will not be able to request return of any property held as evidence until all of the codefendant's cases have fully resolved, including any appeals. Any exceptions to this waiver must be expressly agreed to by the Deputy District Attorney and added to this petition.

IV.    I understand that the offense(s) to which I will plead guilty have the following possible fines, prison penalties, and periods of mandatory parole:

## FELONY OFFENSES

|   | Class | PRESUMPTIVE RANGE | | EXCEPTIONAL CIRCUMSTANCES | | PAROLE | MANDATORY AGGRAVATION |
|---|---|---|---|---|---|---|---|
|   |   | Minimum | Maximum | Minimum | Maximum | Mandatory Parole | Midpoint of Presumptive Range |
|   | F2 | 8 YEARS $5000 FINE | 24 YEARS $1,000,000 FINE | 4 YEARS | 48 YEARS | 3 YEARS (5 years for crimes of violence) | 16 YEARS |
|   | F3ER | 4 YEARS $3000 FINE | 16 YEARS $750,000 FINE | 2 YEARS | 32 YEARS | 3 YEARS | 10 YEARS |
|   | F3 | 4 YEARS $3000 FINE | 12 YEARS $750,000 FINE | 2 YEARS | 24 YEARS | 3 YEARS | 8 YEARS |
|   | F4ER | 2 YEARS $2000 FINE | 8 YEARS $500,000 FINE | 1 YEAR | 16 YEARS | 3 YEARS | 5 YEARS |
|   | F4 | 2 YEARS $2000 FINE | 6 YEARS $500,000 FINE | 1 YEAR | 12 YEARS | 3 YEARS | 4 YEARS |
|   | F5ER | 1 YEAR $1000 FINE | 4 YEARS $100,000 FINE | 6 MONTHS | 8 YEARS | 2 YEARS | 2.5 YEARS (30 MONTHS) |
| X | F5 | 1 YEAR $1000 FINE | 3 YEARS $100,000 FINE | 6 MONTHS | 6 YEARS | 2 YEARS | 2 YEARS |
|   | F6ER | 1 YEAR $1000 FINE | 2 YEARS $100,000 FINE | 6 MONTHS | 4 YEARS | 1 YEAR | 1.5 YEARS (18 MONTHS) |
|   | F6 | 1 YEAR $1000 FINE | 18 MONTHS $100,000 FINE | 6 MONTHS | 3 YEARS | 1 YEAR | 15 MONTHS |

## MISDEMEANOR OFFENSES

| Class | PRESUMPTIVE RANGE | |
|---|---|---|
|   | Minimum | Maximum |
| M1ER | 6 MONTHS $500 FINE | 2 YEARS $5000 FINE |
| M1 | 6 MONTHS $500 FINE | 18 MONTHS $5000 FINE |
| M2 | 3 MONTHS $250 FINE | 12 MONTHS $1000 FINE |
| M3 | $50 FINE | 6 MONTHS $750 FINE |

## DRUG FELONY OFFENSES

| Class | PRESUMPTIVE RANGE | | AGGRAVATED RANGE | | PAROLE |   |
|---|---|---|---|---|---|---|
|   | Minimum | Maximum | Minimum | Maximum | Mandatory Parole | Midpoint of Presumptive Range |
| DF1 | 8 YEARS $5000 FINE | 32 YEARS $1,000,000 FINE | n/a | n/a | 3 YEARS | 20 YEARS |
| DF2 | 4 YEARS $3000 FINE | 8 YEARS $750,000 FINE | 8 YEARS | 16 YEARS | 2 YEARS | 6 YEARS |
| DF3 | 2 YEARS $2000 FINE | 4 YEARS $500,000 FINE | 4 YEARS | 6 YEARS | 1 YEAR | 3 YEARS |
| DF4 | 6 MONTHS $1000 FINE | 1 YEAR $100,000 FINE | 1 YEAR | 2 YEARS | 1 YEAR | 9 MONTHS |

## DRUG MISDEMEANOR OFFENSES

    that would affect his/her understanding of court proceedings or his/her ability to make an informed decision.

d. It is my professional opinion that Defendant is entering into this plea agreement freely and voluntarily and with a full understanding of his/her legal rights, the legal and factual issues of his/her case, and the consequences of his/her decision. I have informed the defendant that he/she must ultimately make his/her own decision to accept or reject this plea agreement.

X_____     _____
   ATTORNEY'S SIGNATURE                                                      DATE

Respectfully submitted,

MICHAEL T. DOUGHERTY
District Attorney

By:   /s/ Anne Kelly
       Anne Kelly
       Senior Deputy District Attorney
       Registration No. 38885


**EXHIBIT H**

| Class | PRESUMPTIVE RANGE | |
|---|---|---|
| | Minimum | Maximum |
| DM1 | 6 MONTHS<br>$500 FINE | 18 MONTHS<br>$5000 FINE |
| DM2 | 0 MONTHS<br>$50 FINE | 12 MONTHS<br>$750 FINE |

V. I understand that by entering a guilty plea to certain charges in this case, I hereby consent to the People seeking restitution, and the Court ordering restitution, as to any and all charged conduct in this case (as well as any and all charges in any other case dismissed as part of a global plea agreement) regardless of whether the charges underlying the restitution sought were subsequently dismissed as part of this plea agreement

VI. I acknowledge that I have read and understand the plea agreement stated in Section I and the advisement of rights in Section III. I understand that by entering my plea of guilty I am waiving and giving up all the rights set forth in this document. I also acknowledge that I have read and understand the declarations in Section II and those declarations are true and correct. Regarding the Attorney Certificate below, I waive any right to attorney-client confidentiality I have with respect to the statements made by my attorney in that section of this agreement.

VII. I consent to appear by an interactive audio-visual device for purposes of entering my plea and imposition of sentence pursuant to Crim. P. 43(f).

VIII. I authorize my attorney to sign this document on my behalf. I understand that my attorney's signature (including an electronic signature) will operate as my signature for purposes of this document, and my attorney's signature will bind me in all ways my own signature would.

X _____    12/6/2021
   DEFENDANT'S SIGNATURE            DATE

## ATTORNEY CERTIFICATE TO THE COURT

As attorney for the above Defendant, I approve this plea agreement and certify to the Court the following:

a. I have discussed the facts and law applicable to this matter with Defendant including the necessary culpable mental state, possible defense(s), and potential penalties.
b. I have reviewed the contents of this plea agreement with Defendant, including the sections enumerating the rights contained in Rules 5(a)(2) and 11(b) of the Colorado Rules of Criminal Procedure. To the best of my knowledge and belief, the statements and declarations made by Defendant in Section 1 of this document are in all respects accurate and true.
c. Defendant appears to be mentally competent and exhibits no physical or mental condition

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLEA AGREEMENT, ADVISEMENT PURSUANT TO CRIMINAL PROCEDURE RULE 11 AND PLEA OF GUILTY was served on December 6, 2021 via

☒ Colorado Courts E-Filing

☐ First Class U.S. Mail, postage pre-paid

☐ Hand Delivery

Properly addressed to the following:

Emily Elizabeth Cohen
6398 Twin Lakes Road
Boulder, CO 80301


/s/ Michelle Sudano

*Original signatures on file at Boulder District Attorney's Office.

**EXHIBIT H**