**EXHIBIT J**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
06/29/2021
**JEFFREY P. COLWELL, CLERK**

Civil Action No. _____

(To be supplied by the court)

_____, Plaintiff

v.

_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names of the defendants listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

## COMPLAINT

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

**EXHIBIT J**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

_____

(Name and complete mailing address)

_____

(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 2:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 3:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

Defendant 4:   _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

**EXHIBIT J**

C.   **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_____   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

_____

_____

_____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

**EXHIBIT J**

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  _____

    Supporting facts:

**EXHIBIT J**

CLAIM TWO: _____

    Supporting facts:

**EXHIBIT J**

**E.      REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

see attached

**F.      PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Revised December 2017)

<span style="color:red">**EXHIBIT J**</span>

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Case Action Number **_____**


**EMILY COHEN**,

     **Plaintiff**,

v.

**STATE OF COLORADO**,
    Attorney General Phil Weiser,
    in his official capacity as Attorney General,

**COLORADO SUPREME COURT OFFICE A.R.C.**,
    Regulation Counsel Jessica Yates,
    in her official capacity as Regulation Counsel,

**20TH JUDICIAL DISTRICT (BOULDER) COURT**,
    Judge Andrew Hartman,
    in his official capacity as District Court Judge,

**20TH JUDICIAL DISTRICT ATTORNEY'S OFFICE**,
    District Attorney Michael Dougherty,
    in his official capacity as Elected District Attorney,

    **Defendants**.

**EXHIBIT J**

## D. STATEMENT OF CLAIMS

<u>INTRODUCTION</u>

"I saw [Plaintiff] walking into **[a psychiatrist]'s office.  Ha ha ha,
[Plaintiff] isn't as smart** as you think she is."
*-Defendant 20th Judicial District Attorney's Office,*
Investigator Marci Lieberman, 2012
voicemail message
2021 FTR

1.   Plaintiff worked as an attorney from 2010 to 2014 in Boulder, Colorado, at small immigration practices in the Denver area, including her own solo firm in Boulder.  She experienced illness from a psychiatric disability during that time and worked with legal professionals to manage her law firm.  She sought medical care for her disability.  Defendants laughed at her.

2.   After being hospitalized a number of times for her disability, Plaintiff chose to put her law license in "Disability Inactive Status."  Defendant Colorado Supreme Court A.R.C. was required by the Colorado Supreme Court to provide Plaintiff due process as she worked with other lawyers to close her law firm.  *See C.R.P.C. 251.*  Federal law says people are allowed to live and work with a disability.  *See 42 U.S.C. § 12131 et seq., 29 U.S.C. § 794(a); 28 C.F.R. § 35.101, et seq.*  Defendants say disability is a crime.

3.   Defendants worked together to present symptoms of Plaintiff's illness to a jury, offering illegal jury instructions to direct it to convict Plaintiff of a crime in 2014.   Defendants imprisoned her for years in Defendant's Department of Corrections and denied disability accommodations and medical care.  In 2019, the Court of Appeals overturned the illegal convictions.

4.   Defendants continue to deny Plaintiff due process.  They actively discriminate against her on the basis of disability at every hearing and in each written ruling in the languishing retrial.  They have rolled their eyes at Plaintiff since receiving the Court of Appeals' mandate, delaying her case for years, even pre-Covid.  In *Nelson v. Colorado*, 581 U.S. __ (2017), Justice Ginsburg wrote that these very same Defendants are required to return money they took from Plaintiff while imprisoned. They refuse.

**EXHIBIT J**

## ADA VIOLATIONS

"[Defendant 20th Judicial District (Boulder) Court] **knows exactly what steps [we] took that were well out of bounds** of what they should have done."

-*Defendant 20th Judicial District Attorney's Office,*
Senior Deputy District Attorney Anne Kelly, 2020
motions hearing testimony
8/12/2020 transcript

5.    Title II of the ADA prohibits discrimination by public entities, including state courts, as "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

### Plaintiff is an individual protected by the ADA.

6.    In order to state a claim under Title II of the ADA, a plaintiff must prove that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial o[f] benefits, or discrimination was by reason of the plaintiff's disability. *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

7.    Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. § 12132(2) because she has a deficit disorder diagnosis.  The underlying record in Boulder 14CR437 is undisputed that Plaintiff is disabled and substantially limited in major life activities, including working and sleeping, and therefore, has "a disability" within the meaning of the ADA.  Defendants themselves granted her Disability Inactive Status law license registration.  There is no doubt that she was and is "regarded as disabled" by Defendants.  They think it's hilarious.

8.    Defendant is a "qualified individual" under Title II of the ADA because she has been and is in need of the services of the judicial division of the State of Colorado and its political subdivisions.  She is also still a defendant in 14CR437.  A defendant is a Title II "qualified individual," and so is a lawyer. *Tennessee v. Lane,* 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004).

**EXHIBIT J**

<u>Defendants are public entities governed by the ADA.</u>

9.      Defendant State of Colorado is a political subdivision of the United States of America.  As such, its fellow Defendants are its political subdivisions. They are all subject to the laws of the United States of America.

<u>Defendant's services, programs, and activities are governed by the ADA.</u>

10.      Defendants are specifically charged under the terms of the United States Constitution and the Colorado Constitution with providing due process, the service of courts and judicial proceedings and other manifestations of that process such as courtrooms, clerk's offices and public meeting rooms that are conducted in the courthouses of the State of Colorado.  Boulder County is a political subdivision of the State of Colorado and is required under the Constitution of the State of Colorado to provide courts that provide services to all people, including qualified individuals with disabilities, like Plaintiff.  *See* 42 U.S.C. § 12131.

11.      Although the ADA does not define "services, programs, or activities," federal courts have adopted the definition to include "all of the operations of ... government."  *Frame v. City of Arlington*, 657 F.3d 215, 225 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1561 (2012).

<u>Defendants exclude and discriminate against Plaintiff on the basis of disability.</u>

12.      Plaintiff disclosed her documented disability to Defendants.  She requested and was granted transfer of her law license to Disability Inactive Status.

13.      Rule 251 required Defendant Colorado Supreme Court Office A.R.C. to keep Plaintiff's disability confidential, and to provide her with reasonable accommodations.  Instead, Defendants emailed documentation of Plaintiff's disability to members of the Colorado Bar Association, a University of Colorado Law listserv, various police departments, and several news outlets.

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 11 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 11 of 22
EXHIBIT J

14.    Defendant Colorado Supreme Court Office A.R.C. advertises its federally funded mentoring programs for disabled lawyers, but excluded Plaintiff from those programs.  Its website states that lawyers who are in Disability Inactive Status "may be *reinstated* after proving that the disability has been removed," which contravenes Title II:



### Disability Inactive Status

The practice of law can be a demanding profession. The Office of Attorney Regulation Counsel understands that lawyers are people who may be experiencing difficult times in their personal lives due to numerous factors. The office will direct lawyers to resources that may help during challenging times, such as the **Colorado Lawyers Assistance Program (COLAP)**, **Colorado Mentoring Program (CAMP)**, **Colorado Lawyers Helping Lawyers (CLHL)**, and other organizations.

However, when it is shown that an attorney is unable to fulfill professional responsibilities competently because of physical, mental, or emotional infirmity or illness, including addiction, this office may be required to petition the Court to transfer the attorney to disability inactive status. **C.R.C.P. 251.23**. Transfer to disability inactive status is not a form of discipline. The attorney may petition to be reinstated after proving that the disability has been removed and the attorney is once again competent to resume the practice of law.

15.    According to Defendant's website, above, and Rule 251, the only way to exit Defendant's "Disability Inactive Status" would have been for her to show proof that she was no longer disabled.  That all-or-nothing program access requirement violates Title II, but Plaintiff was excluded from accessing it anyway because Defendants decided to invent way to exclude disabled people: they just summarily wrote an order declaring her "removed" from Disability Inactive Status:

**EXHIBIT J**

---

SUPREME COURT, STATE OF COLORADO

ORIGINAL PROCEEDING IN DISABILITY BEFORE
THE OFFICE OF THE PRESIDING DISCIPLINARY JUDGE
1300 BROADWAY, SUITE 250
DENVER, CO 80203

Petitioner:
EMILY E. COHEN

Respondent:
THE PEOPLE OF THE STATE OF COLORADO

Case Number:
14PDJ073

**ORDER REMOVING RESPONDENT FROM DISABILITY INACTIVE STATUS
PURSUANT TO C.R.C.P. 251.23(d)**

This matter is before the Presiding Disciplinary Judge ("the Court") following transfer of Emily E. Cohen ("Petitioner") to disability inactive status under C.R.C.P. 251.23(d) on September 8, 2014. The Court now **FINDS** and **ORDERS** the following:

The Court **REMOVES EMILY E. COHEN**, Attorney Registration Number 41972, from **DISABILITY INACTIVE STATUS** pursuant to C.R.C.P. 251.23(d), **EFFECTIVE IMMEDIATELY**. This order does not lift any other suspension Petitioner is serving pursuant to Chapters 18 or 20 of the Colorado Rules of Civil Procedure.

DATED THIS 16th DAY OF OCTOBER, 2014.

*William R. Lucero*
WILLIAM R. LUCERO
PRESIDING DISCIPLINARY JUDGE

:003811

16.     When Plaintiff objected to being "removed" and requested access to the federally funded programs Defendant advertises on its website, it responded by appointing their former director's law partner to "represent" her.  There was no meaningful representation:



Judge Lucero appointed Sara Van Deusen and me to represent you in the 2013, 2014 and 2015 cases filed in his court.  This appointment does not include appellate proceedings.  We have not agreed to represent you in any appeals and do not desire to do so.  Nonetheless, under the circumstances I think the best course if for us to file a notice of appeal on your behalf in the Colorado Supreme Court on Monday, then file a motion to withdraw from the case.

Alec Rothrock
6400 South Fiddlers Green Circle
Suite 1000
Greenwood Village, CO 80111

**EXHIBIT J**

17.    The lawyer "appointed" and paid by Defendants referred to Plaintiff's ADA-protected disability as "demons" in a motion he publicly filed in the Colorado Supreme Court.  This lawyer-friend ignored Plaintiff's phone calls and cancelled the appointment he told the Colorado Supreme Court he had made to meet with her to discuss a disbarment trial defense:

| | |
|---|---|
| **Annette McLaughlin** | |
| From: | Reception |
| Sent: | Friday, January 29 2016 2:13 PM |
| To: | Alec Rothrock |
| Subject: | OFFENDER CALL |

| | | | | |
|---|---|---|---|---|
| To | Alec Rothrock | (21) | 1/28/2016 4:40 PM | 00:35 |
| Transferred | OFFENDER CALL | (720) 330-2195 | 1/28/2016 4:37 PM | 00:12 |
| Transferred | OFFENDER CALL | (720) 330-2195 | 1/28/2016 4:47 PM | 01:40 |
| From | OFFENDER CALL | (720) 330-2195 | 1/28/2016 4:36 PM | 00:13 |
| Transferred | DISMIS,CO | (303) 691-4276 | 1/28/2016 4:34 PM | 01:52 |
| | | (720) 330-2195 | 1/28/2016 4:40 PM | 00:35 |

| | |
|---|---|
| **From:** | Alec Rothrock |
| **Sent:** | Friday, January 29, 2016 1:59 PM |
| **To:** | Annette McLaughlin |
| **Cc:** | Sara Van Deusen |
| **Subject:** | RE: Request for Attorney's Visit with Emily Cohen |

Please cancel this appointment.  Thanks.

Alec Rothrock
Burns Figa & Will, P.C.
6400 S Fiddlers Green Circle
Suite 1000
Greenwood Village, CO 80111
303-796-2626

18.    Defendants' colleague helped them exclude Plaintiff from federally funded programs.  They all worked together to discriminate against her, agreeing that she should be summarily "removed" from disability accommodations, and then disbarred.  They agreed to not call any witnesses, even Plaintiff herself, at the trial:

| | |
|---|---|
| **From:** | Alan Obye <a.obye@csc.state.co.us> |
| **Sent:** | Thursday, November 05, 2015 3:08 PM |
| **To:** | Sara Van Deusen |
| **Subject:** | RE: Witness Coordination for Cohen Hearing |

Yeah, I might even tell Dr. Stevens 9:00 just to be safe.  The judge won't like waiting around if we move fast.  I have no witnesses.  Just argument.

**EXHIBIT J**

19.    They all agreed to destroy evidence of Plaintiff's disability and federally protected status.  In place of "appointed defense," they agreed to say that she had "personal or emotional problems" so they could "save [federally funded] money":

| | |
|---|---|
| **From:** | Alan Obye <a.obye@csc.state.co.us> |
| **Sent:** | Tuesday, October 20, 2015 12:21 PM |
| **To:** | Sara Van Deusen |
| **Subject:** | Cohen - re: Dr. Stevens |

Hi Sara,

What if we stipulate to personal or emotional problems in lieu of calling Dr. Stevens?  That would be simpler and also save money.  We could do it at the stipulations/hearing brief deadline, 11/2.

Alan Obye
Assistant Regulation Counsel
Colorado Supreme Court Office of Attorney Regulation Counsel
1300 Broadway, Suite 500
Denver, CO 80203
(303) 928-7812

20.    They exchanged congratulations when their plan to destroy evidence was successful:

| | |
|---|---|
| **From:** | Alec Rothrock |
| **Sent:** | Monday, November 02, 2015 3:49 PM |
| **To:** | Sara Van Deusen |
| **Subject:** | RE: 15PDJ045, Emily E. Cohen - Order Confidential |

I know!

Alec Rothrock
Burns Figa & Will, P.C.
6400 S Fiddlers Green Circle
Suite 1000
Greenwood Village, CO 80111
303-796-2626

**From:** Sara Van Deusen
**Sent:** Monday, November 02, 2015 3:49 PM
**To:** Alec Rothrock <arothrock@bfwlaw.com>
**Subject:** Re: 15PDJ045, Emily E. Cohen - Order Confidential

Looks like we just got out of having to draft a response to the Dr Stevens motion.

Sent from my iPhone

On Nov 2, 2015, at 5:31 PM, Office of the Presiding Disciplinary Judge, William R. Lucero <pdj@pdj.state.co.us> wrote:

Dear Parties,

Please see attached
ORDER REJECTING MOTION ASSERTING DISABILITY
AND DENYING MOTIONS TO WITHDRAW AND TO STRIKE EXPERT
[CONFIDENTIAL]

Thank you,

Jody

Colorado Supreme Court
Office of the Presiding Disciplinary Judge
William R. Lucero
Ralph L. Carr Judicial Center
1300 Broadway, Suite 250
Denver, Colorado 80203
303-457-5999

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 15 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 15 of 22
EXHIBIT J

21.    Plaintiff requested access to Disability Inactive Status multiple times, and was repeatedly denied by Defendants:

---

SUPREME COURT, STATE OF COLORADO

ORIGINAL PROCEEDING IN DISCIPLINE BEFORE
THE OFFICE OF THE PRESIDING DISCIPLINARY JUDGE
1300 BROADWAY, SUITE 250
DENVER, CO 80203

| | |
|---|---|
| Complainant:<br>THE PEOPLE OF THE STATE OF COLORADO<br><br>Respondent:<br>EMILY E. COHEN | Case Number:<br>15PDJ045 |

**ORDER DENYING SECOND MOTION ASSERTING DISABILITY**

Before the Presiding Disciplinary Judge ("the Court") is a "Second Motion Asserting Disability as per CRCP 251.23(d)," filed by Emily E. Cohen ("Respondent") on November 13, 2015. Respondent submitted her motion pro se even though Alexander R. Rothrock and Sara Van Deusen have been appointed under C.R.C.P. 251.23(c) as Respondent's counsel of record. The Court has not yet received a response from Alan C. Obye and James S. Sudler of the Office of Attorney Regulation Counsel. Respondent's motion raises arguments that are nearly identical to those recently raised by Respondent and dismissed by the Court. Nothing in Respondent's pending filing compels a different analysis. The Court therefore **REJECTS** Respondent's pro se motion. The hearing in this matter **REMAINS** set for **Monday, November 16, 2015.**

DATED THIS 13th DAY OF NOVEMBER, 2015.

WILLIAM R. LUCERO
PRESIDING DISCIPLINARY JUDGE

---

22.    To this day, Plaintiff remains unable to work due to this exclusion and discrimination.  She remains unable to access federally funded mentoring programs for disabled attorneys.

23.    The order disbarring Plaintiff is based on a conviction that was vacated by the Colorado Court of Appeals years ago.  The basis of their order disbarring her no longer exists, yet their disbarment order exists to this day.

24.    Defendants admit in the order documents that "in [what they erroneously deemed] the unlikely event" of an appellate reversal, which happened, Plaintiff would be eligible for *nunc pro tunc* reinstatement.  Yet, to this day, she remains actively discriminated against and excluded by Defendants, still ordered disbarred based on a conviction that the Colorado Court of Appeals vacated years ago.

**EXHIBIT J**

25.    Defendants refer to Plaintiff using disability-based slurs, profanity, and hate speech.  Its senior chief deputy attorney told defense counsel it wanted to retry the case "just to fuck [Plaintiff]'s life up" because "we hate her," and referred to Plaintiff as "a crazy bitch" on the record in 2020.

26.    Defendant's 20th Judicial District Attorney's Office has made fun of her disability for years in pleadings.  Defendants continue to exclude and discriminate against Plaintiff on the basis of disability in every motion they have filed in the nonexistent retrial.  For years, this Defendant and its predecessor have been writing charismatic press releases claiming to be using federally funded grants for a mental health court, but when it writes in pleadings about Plaintiff's federally protected and decades-documented disability, it calls disability "manipulative behavior," "chicanery," "strategery [sic]," "malingering," "deception," "trickery," "schemes," "antics," "drama," and more.  It also excluded and refused to allow Defendant to participate in its ostensible mental health court.

27.    Defendant 20th Judicial District (Boulder) Court continues to discriminate against and exclude Defendant on the basis of disability at every opportunity.

28.    On the record, the district court judge has referred to treatment for Plaintiff's disability as "irrelevant and embarrassing," saying it's "not important" and "doesn't matter."  He sent armed police officers to forcibly remove her from medical treatment.  He refused to review her medical records before the illegal sentencing, and then ordered her to be illegally imprisoned for years.  To secure federal funding, he made sure to check the box for "court-ordered mental health treatment" in his sentencing order, but when Plaintiff's family emailed him reporting the State of Colorado had denied her medication, he replied that Plaintiff's family should not contact Defendants again.

29.    Defendant 20th Judicial District (Boulder) Court has denied Plaintiff conflict-free counsel at two critical stages of the current retrial, and Plaintiff's current-of-record alternate defense counsel has not actively represented her since filing a motion to withdraw months ago.  Defendant refuses to rule on his motion, so Plaintiff is currently being prosecuted without defense counsel.  She is being denied counsel entirely.  Her Constitutional rights to Speedy trial on the retrial have been denied for years, even before Covid.  Mistrials are declared at every turn, and potential jurors' perception of disability is always cited as one reason Defendant alleges it can't assemble a venire.

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 17 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 17 of 22

EXHIBIT J

## SECTION 504 VIOLATIONS

30.     Similar to the ADA, Section 504 of the Rehabilitation Act of 1973 is federal law that "no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C § 794(a).

31.     The Tenth Circuit generally construes Title II and Section 504 consistently in most respects in view of the similarities between the relevant provisions and their implementing regulations.  A plaintiff bringing suit under Section 504 must show that: (1) he is a qualified person; (2) with a disability; and (3) the [state agency] denied him access to a program or activity because of his disability. *Id*.   For the Rehabilitation Act to apply, the relevant state agency must accept federal funds. *Id*.

32.     The record in the underlying 14CR437 and 15CA982, incorporated in this suit by reference, establishes that all Defendants accept federal funds.  They also all frequently admit they do, generally in press releases asking for more.  As such, Defendants' ADA violations are also Section 504 violations.

## DEFENDANTS HAVE AN ACTIVE PRACTICE OF DISCRIMINATION

33.     Defendants admit in their own opinions that they all have a long history and an active practice of violating the ADA and Section 504.

34.     There are thousands of people who have a need, as well as a right, to participate in Defendants' judicial processes without the obstructions associated with the discrimination and exclusion Defendants actively practice.  Defendants' own federal grant proposals say so.

35.     Despite acknowledging this practice and securing federal funding to eliminate it, Defendants continue to exclude and discriminate disabled people.

36.     Defendants' actions were and are conscious, deliberate, and intentional in their active discrimination against Plaintiff and all other similarly situated disable people.

Case 1:21-cv-01782-LTB-GPG  Document 1  Filed 06/29/21  USDC Colorado  Page 18 of 22
Case 3:23-cv-00073-SMR-WPK  Document 31-10  Filed 12/29/23  Page 18 of 22
EXHIBIT J

37.     Defendants' persistent presentation of the actions of the judicial process was with full knowledge of Plaintiff's disability, and with full knowledge of Defendants' requirements to conform to the ADA.

38.     Defendants' actions were conscious, deliberate, and intentional in their active discrimination against all other similarly situated disabled people. Defendants' persistent presentation of the actions of the judicial process, knowing that disabled individuals were unable to gain access to due process, was with full knowledge of their disabilities and their knowing failure to meet the requirements to conform to the ADA.  In Defendants' own words, on the record: "it doesn't matter;" "stop talking" because "we really don't care."

39.     In the alternative, Defendants' actions were knowing and resulted from Defendants' negligence in complying with the law.


## DEFENDANTS HAVE NO JUDICIAL IMMUNITY

40.     Judicial immunity is a personal defense reserved for individuals. *See Hernandez v. Sheahan*, 455 F.3d 772 ("Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to- foresee constitutional doctrines. That justification does not apply to suits against units of state or local government, which can tap the public fisc."); *Newman v. State of Ind*., 129 F.3d 937, 942 (7th Cir. 1997) ("It is to spare judges from shrinking from doing their duty out of fear of being sued that the doctrine of absolute judicial immunity was devised.").

41.     Plaintiff has not named any individual defendants in this suit.  All defendants are named in their official capacities, because "an official capacity suit is tantamount to a claim against the governmental entity itself." *Guzman v. Sheahan*, 495 F.3d 852.  As such, absolute judicial immunity does not shield the judicial defendants in this case from liability.

**EXHIBIT J**

## DEFENDANTS HAVE NO ELEVENTH AMENDMENT IMMUNITY

42.     The Eleventh Amendment provides: "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. CONST. amend. XI.*

43.     "An unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

44.     Congress may, however, abrogate the State's Eleventh Amendment immunity.  To determine whether Congress has done so in a particular case, courts "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).

45.     Title II of the ADA expressly provides: "a State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.  Accordingly, there can be no dispute that Congress clearly and unequivocally expressed its intent to abrogate sovereign immunity for claims such as this case.

46.     In *Tennessee v. Lane,* 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), the Supreme Court addressed the extent to which Congress's abrogation of Eleventh Amendment immunity in Title II of the ADA is constitutional. In *Lane,* two plaintiffs brought an action against the state of Tennessee alleging violations of Title II because they were unable to physically access certain areas of state courthouses.  Tennessee moved to dismiss the lawsuit, arguing that it was barred by the Eleventh Amendment. In addressing the question of whether Congress's abrogation of sovereign immunity in Title II was appropriate, the Supreme Court engaged in a three-party inquiry, first examining the scope of Title II to determine the rights Congress sought to enforce with its enactment; then analyzing whether there was a history of unconstitutional discrimination; and finally addressing whether Title II was an appropriate response to such discrimination. *Id.* at 522-534, 124 S.Ct. 1978.  With regard to the first issue, the *Lane* Court focused its analysis on Title II only as it applied "to the class of cases implicating the

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 20 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 20 of 22
**EXHIBIT J**

accessibility of judicial services." *Id.* at 531, 124 S.Ct. 1978.  The Court found that Congress had documented a pattern of discrimination against disabled individuals in public services and noted in particular the history discrimination with reference to the accessibility of public facilities. *Id.* at 524-29, 124 S.Ct. 1978.  After completing this analysis, the Court held that Title II was a "congruent and proportional" response to this documented history of discrimination, given that a fundamental right was at issue and that Title II requires only "reasonable modifications" that would not jeopardize the state's financial health or fundamentally alter the nature of the public service. *Id.* at 531-32, 124 S.Ct. 1978.  Based on this analysis, the Court held that "Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment." *Id.* at 533-34, 124 S.Ct. 1978.

47.     As was the case in *Lane,* the fundamental right of access to judicial services, especially due process of the law, is also at issue here.  As the *Lane* court specifically observed, among the "fundamental rights of access to the courts" that Title II protects is the First Amendment right of access to proceedings." *Id.* at 523, 124 S.Ct. 1978 (citing *Press-Enterprise Co. v. Superior Court of Cal., Cnty. of Riverside,* 478 U.S. 1, 8-15, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986)).  *Lane* therefore applies here, and Defendants are not immune from Plaintiff's claims that she has been repeatedly denied access to the courts based for years and is presently still being denied access, excluded, and discriminated against by Defendants on the basis of disability.

## REQUEST FOR CERTIFICATION AS CLASS ACTION

48.     Plaintiff, who in addition to bringing this action on behalf of herself, requests this court to certify her as a class representative pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals with a disability that prevents them from accessing the judicial system.  They have been subjected to discrimination like Plaintiff and continue to experience this discrimination, exclusion, and the denial of services.  They have the right to attend judicial proceedings before Defendants, yet currently would not have access to judicial processes before Defendants without enduring the cruelty, harassment, and unprofessional humiliation and embarrassment that Plaintiff has been forced to endure.  These individuals may be called or have cause to participate before Defendants as parties, witnesses, or jurors.

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 21 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 21 of 22
EXHIBIT J

49.     Plaintiff shows that the certification of this class is proper in that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of fact and law that are common to the class, (3) Plaintiff's claims are typical of the claims of the class, and (4) Plaintiff will fairly and adequately protect the interest of the class.

## REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTION

50.     Plaintiff further shows that Defendants have acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  Moreover, the questions of fact and facts common to the members of the class predominate over any questions affecting only individual members.  A class action is superior to other available methods for the fair and effective adjudication of the controversy.

51.     As a result of Defendants' actions, Plaintiff has suffered damages including, without limitation, physical injury and reputational harm in the delays, exclusions, and discriminatory interactions in this case.  Plaintiff has incurred attorney's fees and expenses, including court costs and other physical, professional, and financial exactions.  Plaintiff has suffered lost wages and earnings associate with her inability to conduct her profession due to Defendants' actions.

## JURY DEMAND

52.     Plaintiff respectfully demands a trial by jury on all issues so triable.

Case 1:21-cv-01782-LTB-GPG   Document 1   Filed 06/29/21   USDC Colorado   Page 22 of 22
Case 3:23-cv-00073-SMR-WPK   Document 31-10   Filed 12/29/23   Page 22 of 22
EXHIBIT J

**E. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby requests this Honorable Court to:

1.  Render judgment against Defendants for damages for the cruelty, harassment, and unprofessional humiliation and embarrassment that Plaintiff has been forced to endure over the course of these proceedings in an amount to exceed $100,000, as well as her attorney's fees, costs, and expenses pursuant to provisions of 42 U.S.C. 12133 and 29 U.S.C. 794(a) for defending herself in the grievance procedure, her vindication of rights in the state and appellate court, and for bringing this action.

2.  Render judgment against Defendants for damages for the cruelty, harassment, and unprofessional humiliation and embarrassment that Plaintiff has been forced to endure in attempting to gain access to Defendants' judiciaries and for her inability to work in a judiciary in an amount to exceed $250,000, as well as her attorney's fees, costs, and expenses pursuant to 42 U.S.C. 12133 and 29 U.S.C. 794(a) for bringing this action.

3.  Certify this as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and give proper notice to all individuals in the class in order that they may make the proper elections.

4.  Take such actions necessary and proper through declaratory judgment and injunctive relief to compel Defendants to comply with the provisions of the Americans with Disabilities Act, and further award damages to the class representatives as are fair and proper.  Further, award damages to each member of the class for the cruelty, harassment, and unprofessional humiliation and embarrassment associated with Defendants' failure to comply with the ADA. Futher, compel the State of Colorado to do a survey of all judicial districts and all district attorney's offices to determine if they in fact fully comply with the provisions of the State of Colorado, and if they fail to do so, then join them as party defendants and compel them to comply with the ADA.

5.  Grant general relief to Plaintiff and all other members of the class.