IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| EMILY COHEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IOWA CITY, Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>　　　　Defendants. | Case No. 3:23-CV-00073-SMR-WPK |

**DEFENDANT CITY OF BOULDER, COLORADO'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Defendant, City of Boulder, Colorado ("Boulder"), through its undersigned counsel, and respectfully submits this brief in support of its Motion, filed contemporaneously herewith, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), to dismiss the Complaint filed by Plaintiff Emily Cohen to the extent it attempts to assert claims against Boulder. Alternatively, if dismissal is not granted, Boulder moves for Plaintiff to amend/replead with a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## I.　INTRODUCTION

Boulder is a stranger to this dispute. Plaintiff Cohen's Complaint alleges misconduct by Colorado district attorneys and their deputies, Colorado state district court judges, and various individuals and entities located in Iowa. The Colorado prosecutors and state court judges named in the Complaint are not employed by Boulder. In fact, none of the other Defendants are, or are alleged to be, agents of Boulder. That being the case, Ms. Cohen cannot establish that the Court

has personal jurisdiction over Boulder, and the Complaint fails to state a claim upon which relief could be granted against Boulder. The Court should dismiss the Complaint to the extent it purports to assert claims against Boulder.

## II.  FACTS

The Complaint contains no specific allegations regarding Boulder. It vaguely alleges that "Defendants" sent emails agreeing to harm Plaintiff in Iowa, [Docket #2, Complaint at ¶ 19], but when the Complaint gets more specific, it says that "Defendant state court judges, Defendant state court prosecutors, Defendant Iowa City, and Defendant Iowa City police officers" exchanged emails furthering the alleged plot. [Docket #2, Complaint at ¶ 90]. None of the Colorado state court prosecutors or district court judges are alleged to be, or are, employed by Boulder. Rather, they are employees of the State of Colorado. There is no allegation that any Defendant acted as an agent of Boulder in connection with the events alleged in the Complaint, and in fact none of them did.

Colorado law explains the relationship (or lack thereof) between district attorneys, their deputies, and district judges on the one hand, and municipalities on the other. *See McIndoo v. Burnett*, 494 F.2d 1311, 1313 (8th Cir. 1974) ("We note also that 'the law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof.'") (internal citations omitted). Boulder is a home rule city organized and existing under the laws of the State of Colorado. *See* Colo. Const., art. XX, § 6 (every city or town with a population of two thousand or more may adopt a municipal charter); Boulder, Colo. Charter § 1 (Boulder is a body

corporate and politic)[1]. District attorneys, their deputies, and district judges in Colorado are not employed by city or town governments. Rather, Colorado is divided into twenty-two judicial districts each comprised of at least one county, and "[i]n each judicial district there shall be one or more judges of the district court." Colo. Const. art. VI, § 10; *see also* Colo. Rev. Stat. § 13-5-101 (dividing state into judicial districts); *id*. § 13-5-121(1) (Twentieth Judicial District covers Boulder County[2]).

The voters of each judicial district elect a district attorney. Colo. Const. art. VI, § 13. Each district attorney may hire deputy district attorneys to help him or her discharge the duties of office. Colo. Rev. Stat. § 20-1-201. The district attorney and deputy district attorneys are, therefore, employees of the State of Colorado, not any municipality. *See Beacom v. Bd. Of Cty. Comm'rs of Cty. of Adams*, 657 P.2d 440 (Colo. App. 1983) (district attorneys are officials of the State, but district attorney office budgets are set by the counties comprising the district); *Leske v. Golder*, 124 P.3d 863, 865-66 (Colo. App. 2005) (deputy district attorneys are appointed officials who file oaths of office with the Colorado Secretary of State). Similarly, district judges are state employees who ultimately answer to the Colorado Supreme Court. *See Colo. Jud. Dep't, Eighteenth Jud. Dist. v. Colo. Jud. Dep't Pers. Bd. of Rev.*, 519 P.3d 1035, 1040 (Colo. 2022) (Chief Judge of each judicial district supervises all judicial district employees, responsible to the Chief Justice and the Colorado Supreme Court).

---

[1] https://library.municode.com/co/boulder/codes/municipal_code?nodeId=THCHBOCO_ARTICONABOPORILI_S1NAUN

[2] There are two jurisdictions in Colorado that are combined municipal and county governments: the City and County of Denver and the City and County of Broomfield. Colo. Const. art. XX, §§ 1, 10. Although Boulder is located in Boulder County, it is a separate entity from Boulder County, which encompasses other municipalities including Longmont, Lafayette, and Superior among others as well as unincorporated territory.

Because none of the other Defendants are alleged to be, or are, agents of Boulder, the court lacks personal jurisdiction over Boulder and the Complaint fails to state a claim upon which relief could be granted against Boulder.

## III.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction, Including General And Specific Jurisdiction, Over Boulder.

When a defendant challenges personal jurisdiction based on the insufficiency of the allegations of the complaint, the court views those allegations in the light most favorable to the plaintiff, however, the plaintiff at all times bears the burden of making a *prima facie* showing of personal jurisdiction over the defendant. *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022).

Nationwide service of process is not available for claims under 42 U.S.C. § 1983 or the Americans with Disabilities Act. *Catrone v. Ogden Suffolk Downs, Inc.*, 647 F. Supp. 850, 856 n.4 (D. Mass. 1986) (Civil Rights Act); *Karraker v. Rent-A-Center, Inc.*, 239 F. Supp. 2d 828 (C.D. Ill. 2003) (Americans with Disabilities Act). Thus, Plaintiff must establish that this Court's exercise of personal jurisdiction over Boulder comports with the Iowa long-arm statute. *See Bros. & Sisters in Christ, LLC*, 42 F.3d at 951. That statute, in turn, authorizes the courts of Iowa to exercise personal jurisdiction up to the limits established by the Due Process Clause of the United States Constitution. *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1032 (8th Cir. 2023).

"Personal jurisdiction may be established by general jurisdiction, in which case the forum state has power to adjudicate any cause of action involving a particular defendant, or by specific

4

jurisdiction, which requires that the cause of action arise from or relate to a defendant's actions within the forum state." *Id*. (quotation omitted). The Complaint does not specify whether Plaintiff asks this Court to exercise general or specific jurisdiction.

"A state court may exercise general jurisdiction only when a defendant is essentially at home in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Court*, ___ U.S. ___, 141 S. Ct. 1017, 1024 (2021). Boulder is at home in Colorado only; it is incorporated and exists in Colorado, not Iowa. The Court, therefore, may not exercise general personal jurisdiction over Boulder.

"A court has specific jurisdiction over an out-of-state defendant when the defendant purposely directed its 'activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F. 4th 928, 930 (8th Cir. 2023) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "A *prima facie* showing is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bros. & Sisters in Christ, LLC*, 42 F. 4th at 951 (quotation omitted); *accord K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011).

The Complaint does not allege any facts regarding Boulder, much less facts that could support a reasonable inference that Boulder directed any activities at persons or entities located in Iowa. The Complaint does not allege facts suggesting any individual defendant was an agent of Boulder, and as explained in Section II above, Colorado district attorneys, deputy district attorneys, and district court judges are employed by the State of Colorado, not Boulder. That being the case, there is no basis for Iowa to exercise specific personal jurisdiction over Boulder.

Additionally, Plaintiff's conclusory allegations that "Defendants" (presumably including Boulder) "work" or have "stepped into" Iowa fail to establish jurisdiction in the absence of facts supporting those conclusions. [Docket #2, Complaint at ¶¶ 52-53; 55]. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must state *sufficient facts in the complaint* to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state.'") (emphasis added). Plaintiff's Complaint is devoid of any factual assertions that could support a foundational basis for personal jurisdiction against Boulder. A careful reading of the Complaint, even when taken in the light most favorable to Plaintiff, at most establishes the potential for a factual basis for jurisdiction against defendants *other than* Boulder. The Court should dismiss the complaint against Boulder for lack of personal jurisdiction.

**B.     The Complaint Fails to State a Claim for Relief Against Boulder.**

Boulder also moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910-11 (8th Cir. 2016) (quotations and internal brackets omitted).

The Complaint fails to plead factual content that would allow the Court to determine that Boulder is liable for any of the alleged misconduct. Indeed, the complaint does not plead anything factual about Boulder at all. Rather, it only raises conclusory statements that Boulder

6

should be held liable to Plaintiff. These conclusory assertions, without additional support in the Complaint through well-pleaded factual allegations, are insufficient to meet the pleading standards set forth in the Federal Rules of Civil Procedure. *See MicroSource, LLC v. Eco World Group*, LLC, 2020 WL 6938355, at *3 (N.D. Iowa 2020) (discussing the pleading requirements imposed by the Federal Rules of Civil Procedure as interpreted by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), including that: "Factual allegations must be enough to raise a right to relief above the speculative level" and "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief."). Thus, it fails to state a claim upon which relief could be granted against Boulder.

Boulder's motion to dismiss should be granted with prejudice and without leave to amend. "Futility is a valid basis for denying leave to amend." *Liscomb v. Boyce,* 954 F.3d 1151, 1156 (8th Cir. 2020) (quotation omitted). The Complaint could not be saved by amendment because, as discussed in Section II above, none of the Colorado district court prosecutors or judges named in the Complaint work for Boulder, and no Boulder employee or agent is identified as a participant in the events alleged in the Complaint. Thus, in addition to dismissing the Complaint for lack of personal jurisdiction over Boulder, the Court should dismiss the Complaint against Boulder with prejudice for failure to state a claim upon which relief could be granted.

    **C.    If Boulder Is Not Dismissed, The Complaint Is Too Vague/Inspecific As To The Claims/Allegations Raised Against Boulder And A More Definite Statement Should Be Required.**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. R. 12(e). "When a 'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" *Nu Star Farms, LLC v. Lizza*, 613 F.Supp.3d 1124, 1130 (N.D. Iowa 2020).

If Boulder is not dismissed from this action due to lack of personal jurisdiction and/or Plaintiff's failure to state a claim, as previously set forth herein, the Court should order Plaintiff to replead her Complaint with a more definite statement to identify what Boulder, or alleged agents thereof, have committed alleged conduct giving rise to the claims. The Complaint confusingly shifts language throughout, sometimes referring to specific Defendants by name, sometimes generally using the term "Defendants" while making it difficult to ascertain if it refers to *all* defendants collectively or just a portion of defendants, sometimes using phrases such as "they" when referring to one and/or more defendants, and sometimes referring to "the Defendants in Colorado" despite having pled claims against separate defendants in the state. Plaintiff sued 39 named defendants in this matter, which include separate municipalities, counties, and individuals located in two different states.

Boulder is a municipal entity/corporate body which "must necessarily act through agents…". *Ritchie Grocer Co. v. Aetna Cas. & Sur. Co.*, 426 F.2d 499, 500 (8th Cir. 1970). The Complaint in current form makes it difficult, if not impossible, for Boulder to reasonably decipher what actions, if any, were purportedly conducted by an agent of it and likewise makes it difficult for Boulder fairly and fully respond to the allegations and raise any applicable legal

defenses. In example, the Complaint fails to identify who, if anyone, is an alleged agent of Boulder or alleged to have taken action on behalf of Boulder. Boulder has potential defenses including by denying a purported agency relationship exists/existed with another or, if such a relationship exists/existed, identifying whether a purported action by an "agent" was/was not authorized or known to it. Or a responsive pleading to an allegation may not be necessary by Boulder if it only concerns the actions or conduct of an unrelated party. But Boulder cannot adequately respond or raise its defenses without more specificity as to who allegedly performed an action and the alleged relationship, if any, to it. Simply stating in the Complaint "Defendants" when there are 39 of them and providing little-to-no factual allegations asserting the relationship, if any, between them or the conduct alleged to have been performed on behalf of a municipal corporate defendant, is insufficient to put Boulder on notice of the claims and assertions raised against it to raise appropriate responses.

Therefore, if Boulder is not dismissed from this action for the reasons previously set forth, it requests the Court grant the alternative relief of requiring Plaintiff to replead her Complaint with a more definite statement as to the alleged conduct committed by Boulder and/or its alleged agents.

WHEREFORE, Defendant, City of Boulder, Colorado respectfully requests that the Court enter judgment in its favor and against Plaintiff and dismiss Plaintiff's Complaint against it with prejudice, or alternatively order Plaintiff to amend/replead the Complaint to provide a more definite statement as to her claims against Boulder and the grounds for each, and granting such further relief as the Court deems proper.

Dated this 8th day of March 2024.

                    Respectfully Submitted,

*/s/ Luis A. Toro*
Luis A. Toro, Senior Counsel (*Pro Hac Vice*)
Boulder City Attorney's Office
1777 Broadway
Boulder, CO 80302
Telephone: 303-441-3020
Fax: 303-441-3859
torol@bouldercolorado.gov

&

*/s/ Brandon W. Lobberecht*
Brandon W. Lobberecht
Betty Neuman & McMahon PLC
1900 E. 54th Street
Davenport, IA 52807
Telephone: 563-326-4491
Fax: 563-326-4498
brandon.lobberecht@bettylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2024, a true and correct copy of the foregoing **DEFENDANT CITY OF BOULDER, COLORADO'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** was furnished through the CM/ECF system or via US Mail postage pre-paid, to the following:

Via CM/ECF to counsel of record:

Elizabeth J. Craig
Jennifer L. Schwickerat
Iowa City, City Attorney
lcraig@iowa-city.org
jennifer-schwickerath@iowa-city.org
*Attorneys for Iowa City*

David Hughes
Colin James Mayberry
Boulder County Attorney's Office
dhughes@bouldercounty.org
cmayberry@bouldercounty.org

Benjamin R. Merrill
Brown Winick Graves Goss and Baskerville P.L.C.
ben.merrill@brownwinick.com
*Attorneys for Michael Dougherty, Adam Kendall*

Sarah Quigley
Colorado Department of Law
sarah.quigley@coag.gov

and

Via US Mail, postage pre-paid to:
Emily Cohen
820 Maggard Street
Iowa City, IA 52240

Daniel Mark Morgan
Wilford H. Stone
Lynch Dallas PC
dmorgan@lynchdallas.com
wstone@lynchdallas.com
*Attorneys for Johnson County Sheriff's Department, Johnson County, Iowa, John Good, Michael Hynes, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle*

Amy Colony
Lauren Davison
Colorado Department of Law
amy.colony@coag.gov
lauren.davison@coag.gov
*Attorneys for Steven Howard*

Michael R. Reck
Paxton J. Williams
BELIN MCCORMICK, P.C.
mrreck@belinmccormick.com
pjwilliams@belinmccormick.com
*Attorneys for Darren Cantor, Linda Frolich, Steven Howard,*

*s/ Lisa R. Thompson*
Lisa R. Thompson