IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN,<br><br>      Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>      Defendants. | Case No. 23-cv-00073-SMR-WPK<br><br>**JOHNSON COUNTY DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b) and Local Rule 7(d), Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe (who are not City of Iowa City officers), Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants") submit this brief in support of their pre-answer partial motion to dismiss certain claims asserted by Plaintiff's complaint in this matter.

## **BACKGROUND**

On November 2, 2021, Plaintiff Emily Cohen ("Ms. Cohen") was arrested by members of the Iowa City Police Department based on an arrest warrant issued out of Colorado. (Doc. 1, ¶3). Following the arrest, Ms. Cohen was transported to the Johnson County Jail ("JCJ") to await extradition to Colorado. (Doc. 1, ¶¶ 75-76). Ms. Cohen remained in the JCJ for approximately a month until she was transported to Colorado on or about December 6, 2021. (Doc. 1, ¶105).

On October 10, 2023, Ms. Cohen filed her Complaint in this action asserting a number of claims against a large number of Colorado and Iowa based defendants. (*See* Doc. 1, at 3). However,

Ms. Cohen's Complaint does not specifically identify which claims she asserts against which defendants, but instead uses the term "Defendants" generally as a broad stroke over all her alleged facts and claims. Based on the summary sections of Ms. Cohen's Complaint, it appears that Ms. Cohen is at least asserting claims under 42 U.S.C. § 1984, 42 U.S.C. § 1985, the Americans with Disabilities Act under 42 U.S.C. § 12101 ("ADA"), and the Rehabilitation Act under 29 U.S.C. § 701, *et seq*. (*See* Doc. 1, at 3). Additionally, Ms. Cohen at least makes reference to state law claims including alleged claims arising under the Iowa Constitution along with alleged public records law violations in Iowa. (*See* Doc. 1, at ¶¶149-50, 152, 156, 168-69, 201-02).

As highlighted above, Ms. Cohen's shotgun approach to her claims makes it exceptionally difficult for all the Defendants to respond accordingly to Ms. Cohen's Complaint. However, even assuming that Ms. Cohen intends to assert *all* her claims against *all* the named Defendants, the following claims against the Johnson County Defendants must nevertheless be dismissed as a matter of law for the reasons asserted herein:

- Any and all Iowa Constitutional claims;

- Any and all non-constitutional claims arising under Iowa Law;

- State public records claim;

- Any and all claims for vicarious liability or *Monell* liability;

- Any and all claims arising under the First Amendment (42 U.S.C. § 1983)

- Any and all claims arising under the Fifth and Sixth Amendments (42 U.S.C. § 1983)

- Any claim arising under 42 U.S.C. § 1985

- Any and all claims arising under the ADA or the Rehabilitation Act

Where necessary, the factual allegations asserted by Ms. Cohen in support of her deficient claims are expounded below.

## **LEGAL ARGUMENT**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679. That is, they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" as to liability or "formulaic recitation[s] of the elements of a cause of action" do not meet the plausibility bar. *Metro. Omaha Prop. Owners Assn., Inc. v. City of Omaha*, 991 F.3d 880, 884 (8th Cir. 2021). In evaluating a complaint under these standards, the Court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Id.*

### *a.   Cohen's State Constitutional Claims Must be Dismissed as no such Cause of Action Exists Against an Iowa Municipality*

As the attorneys for Defendant Stephen Howard et. al.  eloquently outline in their motion to dismiss/motion for a more definitive statement (Doc. 30 and 31), Cohen's Complaint contains mostly conclusory statements, collective allegations, and legal conclusions which makes it very difficult to readily determine the legal authority Ms. Cohen relies upon to support her claim. (Doc. 31, p. 13). However, at various points, Ms. Cohen appears to allege that her rights under the Iowa Constitution were violated by the collective Defendants. Specifically, Ms. Cohen identifies alleged violations of Article I, Section 8 (Doc. 1, ¶¶ 149 – 150, 152, 156, 175-76), Article I, Section 9 (Doc. 1, ¶¶ 168-69), and Article I, Section 2 (Doc. 1, ¶ 202). Although Ms. Cohen does not identify

which of the collective Defendants allegedly identified violated these provisions of the Iowa Constitution, to the extent she asserts any claim again the Johnson County Defendants under the Iowa Constitution, said claims must be dismissed as no direct cause of action exists under the Iowa Constitution against an Iowa municipality.

Iowa Code section 670.1(2) (2024) defines a "municipality" as a "city, county, township, school district, a Chapter 28 entity … and any other unit of local government…" This definition includes Johnson County, Iowa. In 2023, the Iowa Supreme Court overruled *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017) and held that there is no standalone cause of action for money damages under the Iowa Constitution. *Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). In *White v. Harkrider*, the Iowa Supreme Court reaffirmed its holding in *Burnett* and found that the plaintiff's Iowa Constitutional claims against the county defendants[1] were properly dismissed by the district court. 990 N.W.2d 647, 652 (Iowa 2023).

Based on both *Burnett* and *White,* Ms. Cohen's Iowa Constitutional claims against the Johnson County Defendants must be dismissed with prejudice as a matter of law.

### b. Cohen Fails to Satisfy the Heightened Pleading Standard Established by Section 670.4A of the Iowa Code with Respect to her Apparent State Law Claims

Beyond Ms. Cohen's apparent state constitutional claims that must be dismissed as outlined above, she also appears to make at least passing references to other state law claims such as negligence or perhaps false arrest. *See generally* (Doc. 1, ¶ 160). Although the exact nature of any state law claims Ms. Cohen may be making against the Johnson County Defendants remains unclear, they must nevertheless be dismissed for failing to meet the heightened pleading standard for bringing claims against Iowa municipalities found in section 670.4A of the Iowa Code (2024).

---

[1] The defendants in *White* included Johnson County, Iowa and Deputy Chris Wisman, an officer with the Johnson County Sheriff's Office.

In cases such as this one where the complaint appears to include claims arising out of state law, the federal district court, when applying the substantive law of the state in question, must follow the decisions of that state's supreme court. A federal district court, in a civil action in which the plaintiff's complaint presents claims under both federal and state law, may determine questions of immunity based upon the laws of the state in question. *See, e.g. Mitchell v. Dakota County Social Services*, 959 F.3d 887, 902-03 (8th Cir. 2020).

In 2021, the Iowa Legislature passed Senate File 342, which made significant changes to the Iowa Municipal Tort Claims Act, set forth under Iowa Code Chapter 670. The changes to the Act, specifically the heightened pleadings standard set forth in Iowa Code Section 670.4A, contain grounds to dismiss this lawsuit with prejudice. These new requirements of the Iowa Municipal Tort Claims Act, including those presented under Section 670.4A, became effective on June 17, 2021, well before any of the alleged conduct by the Johnson County Defendants took place. Specifically, the language of 670.4A provides in relevant part as follows:

1. Notwithstanding any other provision of law, an employee or officer subject to a claim brought under this chapter shall not be liable for monetary damages if any of the following apply:

   a. The right, privilege, or immunity secured by law was not clearly established at the time of the alleged deprivation, or at the time of the alleged deprivation the state of the law was not sufficiently clear that every reasonable employee would have understood that the conduct alleged constituted a violation of law.

   b. A court of competent jurisdiction has issued a final decision on the merits holding, without reversal, vacatur, or preemption, that the specific conduct alleged to be unlawful was consistent with the law.

2. A municipality shall not be liable for any claim brought under this chapter where the employee or officer was determined to be protected by qualified immunity under subsection 1.

3. A plaintiff who brings a claim under this chapter alleging a violation of the law must state with particularity the circumstances constituting the violation and that the law was clearly established at the time of the alleged violation. **Failure to plead a plausible violation or**

**failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice**.

4. Any decision by the district court denying qualified immunity shall be immediately appealable.

5. This section shall apply in addition to any other statutory or common law immunity. Iowa Code § 670.4A (2024) (emphasis added).

Subsection 3, is fatal to Ms. Cohen's apparent state law claims. Section 670.4A(3) requires a plaintiff to specifically plead that the law was clearly established at the time of the alleged violation by the Johnson County Defendants. Failure to do so, under the clear language of the statute, mandates dismissal of any claim based under Iowa law which implicates the statute, with prejudice.

In this case, Ms. Cohen has failed to expressly plead that any aspect of Iowa law, as referenced in her complaint, was "clearly established" as to her claims in this case. This omission warrants dismissal of Ms. Cohen's claims based upon Iowa common law, under the heightened pleadings standard established by the Iowa legislature in Iowa Code Section 670.4.

As referenced above, Iowa Code Chapter 670, the Iowa Municipal Tort Claims Act, governs civil actions brought against municipalities and their employees. (*See* Iowa Code § 670.2 (2024), stating that "every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.") Under the Act, the word "tort" is defined broadly, including "every civil wrong which results in wrongful death or injury to person or injury to property or injury to personal or property rights and includes but is not restricted to actions based upon negligence; error or omission; nuisance; breach of duty, whether statutory or other duty or denial or impairment of any right under any constitutional provision, statute, or rule of law." (Iowa Code § 670.1(4) (2024)). Under this broad definition of torts as set forth in Iowa Code Chapter

670, Ms. Cohen's apparent common law claims of negligence or false arrest fall within the ambit

of Chapter 670 and the immunity afforded by section 670.4A thus squarely applies to Ms. Cohen's

common law claims and such claims must be dismissed.

### c.   The District Court Should Abstain from Hearing Ms. Cohen's Public Records Claim Because a Public Record Case is Already Pending in State Court

Ms. Cohen alleges in her Complaint that the collective Defendants "unlawfully refused an

open records request" and that the Court should order the Defendants to immediately release all

information pertaining to Ms. Cohen's arrest and detention. (Doc. 1, ¶¶ 188, 201). What Ms. Cohen

fails to tell the Court is that on May 8, 2023, almost six (6) months prior to filing this instant action,

Ms. Cohen filed a public records lawsuit against the Johnson County Defendants in the Iowa

District Court for Johnson County. *See Emily Cohen v. Johnson County Sheriff's Office*,

CVCV084348 (Johnson County, Iowa). As of the date of this brief, Ms. Cohen's State lawsuit

remains pending and includes virtually identical allegations to those she asserts in this instance

action.  Since Ms. Cohen has already raised her public records claims in State Court, this Court

should abstain from exercising its jurisdiction over Ms. Cohen's apparent public records claim.

In *Younger v. Harris*, the Supreme Court held that federal courts should abstain from

exercising jurisdiction in cases where equitable relief would interfere with pending state

proceedings in a way that offends principles of comity and federalism. 401 U.S. 37, 91 (1971); *see*

*also Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475 (8th Cir.1998). The purpose of what has

become to be known as *Younger* abstention is the promotion of comity between state and federal

judicial bodies. *See Cedar Rapids Cellular Tel., L.P. v. Miller,* 357 F.3d 768, 881 (8th Cir.

2004). Although originally applied to state court criminal proceedings, the *Younger* doctrine has

been expanded to include civil cases. *See, e.g., Hicks v. Miranda,* 422 U.S. 332 (1975) (criminal);

*Moore v. Sims,* 442 U.S. 415 (1979) (civil - child abuse litigation); *Trainor v. Hernandez,* 431 U.S.

434, 52 L.Ed.2d 486 (1977) (civil welfare fraud action); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, (1975) (civil - obscenity regulation).

Several years after its holding in *Younger*, the Supreme Court laid out several factors that should lead to abstention under *Younger:* (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Comm v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *see also Silverman v. Silverman,* 267 F.3d 788, 792 (8th Cir.2001). Applying these factors to this instant case makes it clear that this Court should abstain from hearing Ms. Cohen's public records claims as such matters are already pending in state court.

The first factor of the *Middlesex* inquiry asks whether there is an ongoing state judicial proceeding that would be disrupted by the federal action. *See Alleghany Corp. v. McCartney,* 896 F.2d 1138, 1143 (8th Cir.1990). The Supreme Court has opined, and the 8th Circuit Court of Appeals has echoed, that permitting issues before a state court to be litigated in a federal forum instead could be "quite costly" to the comity and federalism interests which *Younger* seeks to protect. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 1 (1987); *Yamaha Motor Corp. v. Riney,* 21 F.3d 793, 797–98 (8th Cir.1994). As outlined above, Ms. Cohen has already raised her apparent public records claims in state court in Johnson County, Iowa. Indeed, Ms. Cohen's state public records lawsuit asks that the state court find that Johnson County, Iowa has violated Iowa's Open Records law under Chapter 22 of the Iowa Code (2024) and impose an injunction ordering Johnson County, Iowa to produce the alleged open records – the same relief she requests that this court grant her in this federal action. *See* (Doc. 1, ¶ 203). Ms. Cohen's state public records claims are already well into the discovery phase and trial has been set for April 24, 2024. *See* docket in *Emily Cohen v. Johnson County Sheriff's Office*, CVCV084348 (Johnson County, Iowa). Permitting Ms.

Cohen's public records claim in this instant case to go forward would create parallel actions and almost certainly disrupt the state court lawsuit.

The second *Middlesex* requirement is that the ongoing state proceeding involve an important state interest. Public records disputes have long been recognized as an important state interest. *See generally Des Moines Register & Tribune Co. v. Osmundson*, 248 N.W.2d 493, 503 (Iowa 1976) (quoting *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495-96 (1975) "Public records by their very nature are of interest to those concerned with the administration of government, and a public benefit is performed by the reporting of the true contents of the records by the media."). Indeed, the case cited by Ms. Cohen in her Complaint, *Mitchell v. City of Cedar Rapids*, expressly acknowledged the importance of protecting the public interest when considering claims of confidential exceptions to Iowa's open records laws. 926 N.W.2d 222, 233 (Iowa 2019). There is no dispute here that public records proceedings meet the second factor of the *Middlesex* analysis.

The third *Middlesex* factor is whether the state proceedings are adequate. The remedies available to Ms. Cohen in her state court action are more than adequate to remedy the alleged violations of Iowa's open records laws by the Defendants. As noted above, Ms. Cohen asks this court to grant her the same relief that she also requests of the court in her state court action in Johnson County, Iowa. Beyond these requests, the state court also has a variety of statutory remedies available to it under Chapter 22 of the Iowa Code (2024). *See* IOWA CODE § 22.10 Civil Enforcement. The discovery mechanisms available to Ms. Cohen under the Federal Rules of Civil Procedure in this case are a little different than those available to Ms. Cohen under the Iowa Rules of Civil Procedure. Indeed, Ms. Cohen has conducted discovery in the state court matter including

the use of various subpoenas. Ms. Cohen's public records interest is adequately protected by her state court proceedings.

Pursuant to the Supreme Court's holding in *Middlesex* and the test laid out therein, this court should abstain from hearing Ms. Cohen's apparent public records claims and allow the Iowa state court proceedings to run their course. To the extent Ms. Cohen asserts public records claims against the Johnson County Defendants, they should be dismissed.

### d. *Cohen's Apparent Monell or Vicarious Liability Claims Against Johnson County, Iowa are Not Sufficiently Pled and Must be Dismissed.*

In her Complaint, Ms. Cohen generally asserts that "Johnson County, Iowa established a policy, regulation, official decision, custom, or usage, and/or ratified such conduct after the fact, with reckless or deliberate indifference to the rights of persons in the position of the Plaintiff." (Doc. 1, ¶ 151). Ms. Cohen then continues that the Johnson County Defendants had "actual or constructive knowledge" of these alleged policies/procedures, and that the Johnson County Defendants ratification of the alleged behavior of the individual Johnson County Defendants was "purposeful and intentional." (Doc. 1, ¶¶ 153, 155).

The Johnson County Defendants interpret Ms. Cohen's allegations as asserting some claim for vicarious liability against the County. She appears to argue that the County, and various individually names Johnson County Defendants are independently liable in their supervisory capacities for condoning, approving, or failing to correct the conduct upon which Ms. Cohen's other claims rest. (*See id.* ¶¶ 152-55). These apparent vicarious liability claims must be dismissed because Ms. Cohen has failed to state any factual allegations supporting a municipal policy, custom, or practice sufficient to establish vicarious liability on the part of Johnson County.

Section 1983 is the exclusive federal damages remedy for the violation of the rights guaranteed by Section 1981 and the constitutional provisions Ms. Cohen raises for her vicarious

liability claim against the Johnson County Defendants. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). However, it is well established that "[a] municipality cannot be liable under § 1983 under a respondeat superior theory." *Robbins v. City of Des Moines*, 984 F.3d 673, 681 (8th Cir. 2021); *see also Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Section 1983 liability for an employee's constitutional violation may only attach to a municipality "if the violation resulted from (1) an official municipal policy, an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (internal quotations and citations omitted). "A 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)). A custom may be established by showing "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" combined with "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014). As the Eighth Circuit has recently reminded, these standards create a "rigorous" burden of proof for imputing municipal liability. *See Ahmad v. City of St. Louis*, 19-2062, 2021 WL 1619496, at *4 (8th Cir. Apr. 27, 2021).

"Generally, an isolated incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 700 (8th Cir. 2016) (quoting *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013)). Thus, merely alleging that an employee acted pursuant to a municipal policy or custom on the occasion giving rise to the incident at issue does not state a plausible *Monell* claim, absent factual allegations establishing a pattern of such conduct by the same or other

municipal employees. *See, e.g., Kelly v. City of Omaha,* 813 F.3d 1070, 1076 (8th Cir. 2016) (holding plaintiff "failed to allege any facts relating to other perpetrators or victims of such conduct, which might have indicated that sexual harassment was sufficiently widespread among City officials to constitute a custom or usage with the force of law"). Likewise, a complaint that simply recites the policy-or-custom elements of a *Monell* claim without alleging supportive factual circumstances cannot survive a Rule 12(b)(6) motion to dismiss. *See Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018) (affirming dismissal of *Monell* claim where Plaintiff failed to allege facts regarding any "identifiable jail official" who may have shown deliberate indifference); *see Ulrich*, 715 F.3d at 1060 ("[Plaintiff] further fails to provide facts in his complaint to support his assertion that [Defendant] adopted deficient supervision and training practices with deliberate indifference to the constitutional rights of others, and that these training practices were the product of the [Defendant]'s deliberate and conscious choices.").

Here, Ms. Cohen's complaint presents no specific factual allegations of an unconstitutional policy or custom sufficient to raise a plausible *Monell* claim against the Johnson County Defendants. To be sure, she superficially alleges that Johnson County officials have ratified a pattern of unconstitutional jail conduct in a variety of manners, including by (a) ""establish[ing], maintain[ing], enforc[ing], and/or ratify[ing] policies, regulations, official decisions, customs, or usages which unconstitutionally deprive citizens of the right to be free from the use of excessive force while being detain…," (b) possessing "actual or constructive knowledge of the use of excessive force by its employees…," (c) subjecting Ms. Cohen to this "official policy, regulation, official decision, custom, usage, and/or after-the-fact ratification…," and (d) purposefully and intentionally ratifying the alleged "policy, regulation, official decision, custom, and usage." (Doc. 1, ¶¶ 152-55).

However, all of this language amounts to little more than a verbose recital of *Monell* boilerplate. Ms. Cohen alleges no discrete facts tethering these theories to the Johnson County Sheriff's Office or its officers and deputies. For example, she identifies no other examples of similarly situated individuals who have allegedly been "tortured" or subjected to "excessive force" at the Johnson County Jail. Additionally, she identifies no particular official or policymaker who has shown deliberate indifference toward training in the JCSO or how that indifference gave rise to the harm she alleges in this case. *See Snider*, 752 F.3d at 1160. Nothing in Ms. Cohen's Complaint gives rise to a plausible inference that the "torture" or "excessive force" she purports to have experienced on or about November 2, 2021, was indicative of a policy or custom rather than an isolated incident of alleged misconduct. Her vague and conclusory assertions cannot give rise to a plausible *Monell* claim. *See D.B. v. Hargett*, CIV. 13-2781 MJD/LIB, 2014 WL 1371200, at *6 (D. Minn. Apr. 8, 2014) (finding Plaintiff's allegation that school district "maintained a policy, pattern, practice, and/or custom of inadequately and improperly training, supervising, and disciplining school bus drivers" regarding student discipline and management of behavior merely asserted the "generic elements of a *Monell* claim without any factual allegations specific to this case"). Accordingly, to the extent Ms. Cohen asserts claims of vicarious or *Monell* liability about the Johnson County Defendants, they must be dismissed at the pre-answer stage.

### e. *Ms. Cohen Has Failed to Sufficiently Plead a Plausible First Amendment Petition Claim.*

In her Complaint, Ms. Cohen appears to allege that her right to petition under the First Amendment was violated by the "Defendants" when she was arrested and thereby unable to comply with a filing deadline for a third amended ADA complaint. (Doc. 1, ¶¶ 59-60, 63). As noted repeatedly above, Ms. Cohen's Complaint fails to identify which specific defendants she asserts her First Amendment claim against. To the extent Ms. Cohen seeks to assert such a claim

against the Johnson County Defendants, it must be dismissed because Ms. Cohen fails to plead sufficient facts to support a plausible claim against the Johnson County Defendants. *See Ashcroft*, 556 U.S. at 678.

Filing a complaint in court has long been understood as a form of petitioning activity protected by the First Amendment. *See BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524 (2002); *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 743 (1983). The Supreme Court has divided Petition Clause claims into "forward" and "backward" looking claims. *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002). Forward looking claims are those that have been delayed only in the short term and may be litigated in the future and backward looking claims are those that "cannot now be tried ... no matter what official action may be in the future." *Id*. Backward looking claims are those that "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414. "To state a plausible claim under the Petition Clause, [the plaintiff] must identify the claim it wished to bring, the official actions that frustrated its attempt to redress that grievance, and, for a 'backward-looking' claim, a remedy exclusively tied to the alleged harm of being unable to have a court adjudicate its claim." *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 732 (8th Cir. 2022).

Ms. Cohen's own Complaint makes it clear that she *did* successfully file an ADA related lawsuit in the U.S. District Court in Denver, Colorado. (Doc. 1, ¶ 59) (emphasis added). On its face, Ms. Cohen's apparent First Amendment claims should be dismissed because she appears to have adequately asserted her right to petition the courts for redress. To the extent Ms. Cohen is alleging that she missed a later filing deadline in her Colorado case and her case was dismissed, this does not amount to a well-pled denial of her access to the courts. Indeed, Ms. Cohen includes

no allegations in her Complaint that she was unable to comply with the Colorado court's filing deadline on any of the days between the issuance of the Court's order and the filing deadline. Likewise, to the extent Ms. Cohen is making a forward-looking Petition claim, she fails to plead that she is now forever foreclosed from seeking redress in Colorado for her apparent ADA claims.

Even if Ms. Cohen is making a backward-looking Petition claim, it must nevertheless be dismissed because her Complaint does not identify a remedy that could not be obtained on an existing claim. *See Heights Apartments*, 30 F.4th at 732 ("Because the only potential remedy is damages, Heights has not pleaded damages that are somehow unique to its Petition Clause claim— a requirement for a backward-looking claim to survive") (citing *S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs*, 725 F.3d 743, 856-58 (8th Cir. 2013).

Dismissal of Ms. Cohen's apparent First Amendment claims against the Johnson County Defendants must be dismissed.

### f.   Ms. Cohen's Apparent Fifth and Sixth Amendment Claims Must be Dismissed as an Alleged Violation of Miranda does not Confer a Right to Sue under 42 U.S.C. § 1983.

Ms. Cohen makes several references throughout her Complaint alleging that the Defendants violated her "*Miranda* rights" by failing to advise her of her *Miranda* warnings, claiming *Miranda* was "no longer good law," and "we don't have to do *Miranda*." (Doc. 1, ¶¶ 82-84, 116, 127, 129). In summary, Ms. Cohen ties her apparent Fifth and Sixth Amendment claims to her allegation that she was not give her *Miranda* warnings. Even assuming these facts as true for the purpose of this partial motion to dismiss, Ms. Cohen's apparent Fifth and Sixth Amendment claims must be dismissed because an alleged violation of *Miranda* does not give rise to a cause of action for damages under 42 U.S.C. § 1983.

In the recent case of *Vega v. Tekoh*, the United States Supreme Court held that a violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a

violation does not constitute the deprivation of a right secured by the Constitution. 597 U.S. 134

(2022). The Supreme Court wrote:

> *Miranda* rests on a pragmatic judgment about what is needed to stop the violation
> at trial of the Fifth Amendment right against compelled self-incrimination. That
> prophylactic purpose is served by the suppression at trial of statements obtained in
> violation of Miranda and by the application of that decision in other recognized
> contexts. Allowing the victim of a *Miranda* violation to sue a police officer for
> damages under § 1983 would have little additional deterrent value, and permitting
> such claims would cause many problems.

*Id*. at 151.

Ms. Cohen finds herself in the same position as the plaintiff in *Vega*. To the extent she

alleges the Defendants violated her rights by failing to advise her of her *Miranda* warnings, this

may have entitled her to suppression relief in her criminal proceedings back in Colorado, but it

does not entitle her to assert a claim for damages under 42 U.S.C. § 1983. Pursuant to the Supreme

Court's recent holding in *Vega*, Ms. Cohen's apparent Fifth and Sixth Amendment § 1983 claims

against the Johnson County Defendants should be dismissed.

### g.  *Ms. Cohen Fails to Adequately Plead a Conspiracy Claim under 42 U.S.C. § 1985.*

Section 1985 is Ms. Cohen's proper statutory vehicle for alleging a conspiracy for

deprivation of her equal protection rights. *See* 42 U.S.C. § 1985(3). However, in order to prove the

existence of a civil rights conspiracy under Section 1985, she must plausibly plead "(1) that the

defendants did conspire, (2) for the purpose of depriving, either directly or indirectly, any person

or class of persons of equal protection of the laws, or equal privileges and immunities under the

laws." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012). The "purpose" element

requires "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus

lay behind the conspirators' action." *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005). A

conspiracy claim requires allegations of specific facts tending to show a "meeting of the minds"

among the alleged conspirators. *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir.2002) (per curiam); *Smithson v. Aldrich*, 235 F.3d 1058, 1063 (8th Cir.2000). Plaintiffs must "allege the specific conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible [parties]". *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988).

As such, Ms. Cohen's conspiracy-to-discriminate theory under Section 1985 must be dismissed as she has failed to plead specifics about the what, who, when and where of her alleged claim. Ms. Cohen alleges generally that all defendants conspired to violate her rights, but her Complaint is sparse on the details of *which* defendants met/communicated about violating her constitutional rights; *when* these defendants met/communicated and formulated a "meeting of the minds;" and *how* the plan of the unknown defendants was specifically motivated by an invidiously discriminatory animus. *See generally Colburn*, 838 F.2d at 666 (emphasis added). In summary, Ms. Cohen has not pled sufficient specific facts to support an alleged claim for civil conspiracy against the Johnson County Defendants and any such claim must be dismissed.

### h. Ms. Cohen Fails to Sufficiently Plead a Plausible Cause of Action for Alleged Violations of the ADA and the Rehabilitation Act

At various points throughout her Complaint, Ms. Cohen makes references to the "42 U.S.C. § 12101 et. Seq. (Americans with Disability Act of 1990, Title II and Title III: 'the ADA') and 29 U.S.C. § 701 et. Seq." *See* (Doc. 1, p. 3). However, exactly who Ms. Cohen levies these allegations against is unclear as her Complaint frequently flips from naming specific individuals to the generic "defendants" as a whole. *See* (Doc. 1, ¶¶ 104, 118-21, 123-26, 142-43, 165). Whether this is intentional or not is unknown, but any claims Ms. Cohen asserts under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA") against the Johnson County Defendants must be dismissed for failure to sufficiently plead a plausible claim.

To state a prima facie case under the ADA, a plaintiff must show: "(1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). Asserting a claim under the RA requires an additional showing that the program or activity from which the plaintiff was excluded receives federal financial assistance. *Id.* (citing *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998). The 8th Circuit Court of Appeals has also previously held that cases interpreting the ADA or RA are interchangeable. *Id.* at 858.

In this case, Ms. Cohen alleges that she is a person with a disability and that this disability was recognized by the Colorado Supreme Court sometime in 2010 by granting her Disability Inactive Status from her than status as a licensed attorney in the State of Colorado. (Doc. 1, ¶ 29). Although Ms. Cohen does not identify her specific disability, she does allege that it impacts her "major life activities of working and reading, among other things." (Doc. 1, ¶ 33). On its face, these simple allegations would appear to get Ms. Cohen over the first element of asserting a prima facie ADA/RA case. However, Ms. Cohen's ADA/RA claims against the Johnson County Defendants must nevertheless be dismissed because she failed to plead with sufficient specificity that the Johnson County Defendants had any knowledge of Ms. Cohen's disability.

As a general rule, "[t]he ADA does not require clairvoyance." *Hedberg v. Ind. Bell. Tel. Co.*, 47 F.3d 928, 934 (7th Cir. 1995); *see generally Schmidt v. Safeway, Inc.*, 864 F.Supp. 991, 997 (D. Or. 1994) (finding an employer is not ordinarily liable for failing to accommodate a disability of which it had no knowledge); *Magnussen v. Casey's Mktg. Co.*, 787 F.Supp.2d 929, 956 (N.D. Iowa 2011) ("If an employee fails to make a request for accommodation, then his employer has no duty to accommodate." (quoting *Buboltz v. Residential Advantages, Inc.*, 523

F.3d 864, 870 (8th Cir. 2008), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011))). The 8th Circuit Court of Appeals has interpreted this rule as extending to the correctional environment. *See Wallin v. Minnesota Dept. of Corrections*, 153 F.3d 681, 689 (8th Cir. 1998) (denying inmate's ADA claim when inmate failed to inform prison that his transfer request were related to his disabilities).

Nowhere in Ms. Cohen's Complaint does she plead with specificity that the Johnson County Defendants had any knowledge of her disability. Ms. Cohen's Complaint includes allegations that the Colorado Defendants were aware of her disability, but there is no allegation that the Johnson County Defendants possessed the same knowledge. *See* (Doc. 1, ¶¶ 24, 26, 123-26, 28-33). Similarly, Ms. Cohen does not allege that her disability was so obvious to put the reasonable person on notice of the disability. In summary, Ms. Cohen has failed to plead sufficient facts to even give rise to an inference that the alleged actions of the Johnson County Defendants were motivated by Ms. Cohen's apparent disability. Ms. Cohen's alleged claims under the ADA and the Rehabilitation Act against the Johnson County Defendants must be dismissed.

### i. *Ms. Cohen's Factual Allegations Fail to Support a Plausible Claim for Disability or Sex Discrimination.*

In her Complaint, Ms. Cohen asserts claims of disability and/or sex discrimination under the Fourteenth Amendment of the United States Constitution. (*See* Doc. 1, at 3). In support of this claim, Ms. Cohen makes passing references to her apparent disability and asserts that the "defendants" exchanged emails where she was referred to as "this woman, this bitch, and a woman lawyer." (*See* Doc. 1, ¶166). However, these references fail to identify which of the 37 defendants were allegedly making the statements or when they were exactly made. On its face, Ms. Cohen's disability and sex discrimination claims should be dismissed for lack of sufficient specifics to meet the *Twombly* pleading standard. In addition to the factual insufficiencies, Ms. Cohen's Complaint

also fails to assert even a plausible prima facie case of gender/sex discrimination under the Fourteenth Amendment.

The Fourteenth Amendment's Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Purposeful discrimination that violates the Equal Protection Clause of the Fourteenth Amendment will also violate § 1981." *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003). To state a claim under § 1981, a plaintiff must plead: "(1) that [the plaintiff] is a member of a protected class; (2) that [the defendant] intended to discriminate on the basis of [the protected class]; and (3) that the discrimination on the basis of [the protected class] interfered with a protected activity as defined in § 1981." *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766 (8th Cir. 2016). "One such protected activity is the enjoyment of the full and equal benefit of all laws and proceedings for the security of persons and property." *Id.* (quoting 42 U.S.C. § 1981(a)). Section 1981 "reaches only purposeful discrimination." *Taylor v. City of St. Louis*, 702 F.2d 695, 697 (8th Cir. 1983).

To sufficiently plead an equal protection claim under *Twombly* and *Iqbal*, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013). In *Hager*, the Eighth Circuit considered an equal protection claim based solely on conclusory allegations that a plaintiff was "a victim of gender discrimination" and "was discharged under circumstances [similarly] situated nondisabled males . . . were not." *Id.* The plaintiff did "not allege any gender-related comments or conduct before her termination" or any "facts showing that similarly situated employees were treated differently." *Id.* Accordingly, the Eighth Circuit found the plaintiff's claim dismissible for failure to adequately state a claim.

The equal protection claim asserted by Ms. Cohen suffers the same deficiency. Her Complaint is entirely devoid of any factual allegations tending to show that the Johnson County Defendants treated similarly situated non-disabled or male JCJ inmates differently. Although she vaguely alleges that "Defendants" made comments about her sex (*See* Doc. 1, ¶166), she does not identify who made these statements or when, nor how her sex was a motivating factor in any of the alleged decisions made by the Johnson County Defendants. The same deficiency is true of Ms. Cohen's apparent disability discrimination claim.

To plausibly allege an equal protection violation, Ms. Cohen must present some kind of factual account suggesting that the Johnson County Defendants would have treated a male, non-disabled inmate differently than the treatment Ms. Cohen alleges to have received while at the JCJ. Yet, she offers no comparator case. "A plaintiff cannot merely claim that he was treated less favorably than a purported comparator; he must offer further factual enhancement." *Johnson v. City of Little Rock*, 164 F. Supp. 3d 1094, 1097 (E.D. Ark. 2016); *see also Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015) (dismissing equal protection claim against state patrol officers where plaintiff "nominally identif[ied] . . . purported comparators, [but did] not provide any supporting details"). Because Ms. Cohen has failed to allege any facts establishing that similarly situated male and non-disabled individuals were not subjected to the same treatment she alleges was perpetrated by the Johnson County Defendants, her equal protection claim must be dismissed.

Ms. Cohen's discrimination claims under the Fourteenth Amendment and thereby 42 U.S.C. § 1981, similarly must fail because she has not alleged any factual allegations creating a plausible inference that the Johnson County Defendants' conduct was motivated by Ms. Cohen's disability or sex. Even prior to the inception of modern federal pleading standards, courts held that a plaintiff asserting discrimination under § 1981 must plead some direct evidence that the

defendants' conduct was motivated by an animus towards the protected characteristic. *See generally Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989) (finding plaintiffs sufficiently stated a § 1981 claim where complaint alleged that tribal leader stated "whites have no rights on the reservation").[2]

To raise the specter of discriminatory animus, Ms. Cohen alleges that she possesses emails from unidentified defendants where she was referred to as "this woman, this bitch, and a woman lawyer." (*See* Doc. 1, ¶166). She also alleges generally that "[a]ll named Defendants all admit that they knew at all times in this lawsuit that Plaintiff was and is disabled" and that all defendants allegedly knew this because her condition was "highly publicized" or that "she told them." (*See* Doc. 1, ¶123). As noted above, Ms. Cohen does not identify which, if any of the Johnson County Defendants she advised of her disability, nor does she plead any specific facts showing the Johnson County Defendants had any knowledge of her disability or her disability proceedings in Colorado. Each of these allegations is either conclusory or speculative and cannot spare Ms. Cohen's § 1981 claim from pre-answer dismissal under the *Twombly-Iqbal* pleading standard. Ms. Cohen asserts no discrete fact supplying direct evidence of discriminatory animus based on disability or sex, nor does she offer any set of facts from which an inference of disability or sex animus may be plausibly drawn.

If Ms. Cohen's discrimination claim is allowed to proceed based on her conclusory allegations alone, then every disabled person and/or woman who has an involuntary interaction

---

[2] *See also Chiles v. Crooks*, 708 F. Supp. 127, 132 (D.S.C. 1989) (dismissing discrimination claim under § 1981 where complaint was "devoid of any factual allegation which would support a jury finding that [the defendant's] actions towards plaintiffs were racially motivated"); *Davis v. Frapolly*, 747 F. Supp. 451, 453 (N.D. Ill. 1989) (dismissing arrestees § 1981 claim where he claimed "that he was arrested, detained and charged solely because he [was] a black man . . . [y]et, the amended complaint contain[ed] no allegations of discriminatory intent"); *Davey v. Tomlinson*, 627 F. Supp. 1458, 1462 (E.D. Mich. 1986) (finding plaintiff failed to assert a § 1981 discrimination claim against officers where he alleged "he was illegally arrested, roughed up, wrongfully charged" but failed to raise any facts suggesting he "was treated any differently than a white citizen").

with their local correctional facility and its personnel would be able to successfully plead § 1981 and equal protection claims based solely upon the fact of their disability or sex. *See generally Borkins v. United States Postal Serv. Employees*, 97 Fed. Appx. 32, 35 (6th Cir. 2004) (holding that bare allegations that defendants discriminated against plaintiff based on handicap cannot withstand dismissal without pleading some facts); *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 345 (4th Cir. 2006) (holding that conclusory allegation that plaintiff is a racial minority and that his race was a motivating factor for his termination is insufficient when his complaint contains for supporting factual allegations) (citing cases); *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985) (mere allegation that plaintiff is black and defendant violated his rights is insufficient to state a claim); *Davis v. Friendly*, 747 F. Supp. 451, 453 (N.D. Ill. 1989) ("A mere conclusory allegation of intentional discrimination is insufficient."). Dismissal of Ms. Cohen's apparent equal protection claims is appropriate at this pre-answer stage.

## CONCLUSION

For the reasons set forth above, the above identified "claims" in Ms. Cohen's Complaint fail to state any claim for which relief may be granted. The Johnson County Defendants respectfully request that the Court dismiss these claims pursuant to Rule 12(b)(6).

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
DANIEL M. MORGAN, AT0013452

**LYNCH DALLAS, P.C.**
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.365.9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com

ATTORNEYS FOR THE JOHNSON COUNTY
DEFENDANTS