IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| **EMILY COHEN,** | ) | |
| | ) | No. 3:23-cv-00073 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CITY OF IOWA CITY** |
| | ) | **AND OFFICER IAN** |
| | ) | **ALKE'S BRIEF IN** |
| **IOWA CITY, IOWA,** | ) | **SUPPORT OF** |
| **JOHNSON COUNTY** | ) | **PRE-ANSWER MOTION** |
| **SHERIFF'S DEPARTMENT,** | ) | **TO DISMISS** |
| **JOHNSON COUNTY, IOWA,** | ) | |
| **OFFICER IAN ALKE, et al,** | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the City of Iowa City ("Iowa City") and Officer Ian Alke ("Alke"), pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) and (6), and in support of this Pre-Answer Motion to Dismiss state as follows:

### I.      INTRODUCTION

Unlike many of the other defendants in this case, Iowa City has had very little involvement with the Plaintiff, Emily Cohen ("Cohen"). The only individual in Cohen's Complaint who is employed by the City of Iowa City is Ian Alke, despite Cohen's repeated statements that Johnson County deputies are Iowa City employees.

1

(See Johnson County Defendants' Motion to Dismiss, Doc. 48).[1] And the only involvement Iowa City Officer Ian Alke had with Cohen was to serve her with a Colorado arrest warrant and transport her to the Johnson County jail, which is staffed by Johnson County deputies, not Iowa City police officers. Some of Cohen's allegations, against all "defendants," theoretically include Ian Alke. But it is difficult to understand exactly the claims made against Iowa City and Alke, when Alke's only involvement was serving the warrant and transporting Cohen to the Johnson County jail. That being said, Iowa City and Alke read Cohen's claims against them to include the following:

1) Conspiracy, Doc. 1, ¶ 71.
2) Fourth Amendment Violations, including false arrest and excessive force, Doc. 1, ¶¶ 72, 141, 149, 150.
3) State common law claims and claims for violation of rights under the Iowa Constitution Doc. 1, ¶¶ 149-150, 160-163.
4) *Monell* claims, Doc. 1, ¶¶ 148, 151-155.

Cohen's claims against Iowa City and Alke fail for failure to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). Additionally, Cohen has never served Ian Alke with her Complaint, and her claims

---

[1] The Johnson County Jail is a facility owned and operated by Johnson County, not the City of Iowa City. See https://www.johnsoncountyiowa.gov/department-of-sheriff.

against him should be dismissed for failure of service of process pursuant to Rules 4(m) and 12(b)(5).

## II.  BACKGROUND

### A.  Factual Background.

Since 2010, Cohen has been involved in criminal and civil legal proceedings in the State of Colorado. Doc. 1, ¶¶ 1-55. Cohen alleges that a malicious criminal prosecution of her was ongoing in Colorado as of November 2, 2021, carried on by many people, including a Colorado judge, Defendant Hartman, and "state court prosecutors, Defendant Rothrock, Defendant Merkle, and Defendant Weisbach." *Id.* ¶¶ 51, 54. The alleged motivation for this malicious prosecution is the Colorado defendants' desire to interfere with an ADA complaint Cohen filed. Doc. 1, ¶ 60.

On November 2, 2021, there was a "Webex"[2] hearing scheduled in the ongoing criminal case in Boulder, Colorado. Doc. 1., ¶ 64. Defendant Weisbach alleged Cohen failed to appear at the hearing and sought a warrant, averring in the warrant application that Cohen failed to appear. Doc. 1, ¶ 66. Defendant Hartman signed a bench warrant. Doc. 1, ¶ 67. Defendant Merkle, a Boulder County investigator, then contacted Iowa City Police Officer Ian Alke. Doc. 1, ¶ 72. Officer Alke located Cohen, stopped the car Cohen was driving, and arrested her on November 2, 2021. Doc. 1, ¶¶ 72, 75. Alke transported Cohen to the Johnson

---

[2] Webex is a virtual meeting platform, like Zoom.

County jail where she was detained until being extradited to Colorado on December 6, 2021.  Doc. 1, ¶¶ 6, 117.

### B. Procedural History.

Cohen filed this lawsuit on October 31, 2023.  Doc. 1.  Cohen has never personally served Ian Alke with this Complaint.  A person hand-delivered the Complaint to the Iowa City City Clerk's Office on January 25, 2024, but no affidavit of service has ever been filed by Cohen.  Counsel herein entered an appearance for Iowa City and Ian Alke on January 31, 2024 and requested additional time to respond to the Complaint on February 2, 2024.  Doc. 34, 38.

### III. LEGAL ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679. That is, they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" as to liability or "formulaic recitation[s] of the elements of a cause of action" do not meet the plausibility bar. *Metro. Omaha Prop. Owners Assn., Inc. v. City of Omaha*, 991 F.3d 880, 884 (8th Cir. 2021). In

evaluating a complaint under these standards, the Court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Id.*

### A. Claims against Ian Alke.

#### 1. Cohen's claims against Alke based upon a facially valid warrant must be dismissed.

"An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir.1988). Cohen claims Alke violated her rights by arresting her pursuant to a Colorado warrant. Her claims include conspiracy, illegal arrest, and fabricating a warrant. (Doc. 1, ¶¶ 71, 72, 141, 150). The only actions attributed to Alke are contained in Paragraph 72, which alleges that on November 2, 2021, after the warrant was obtained, Defendant Merkle contacted Alke, and Alke stopped Cohen's car without reasonable suspicion to do so and arrested her. (Doc. 1, ¶ 72). Cohen alleges Alke's arrest of her was based on a warrant that was fabricated by Defendant Merkle and signed by Judge Hartman. (Doc. 1, ¶ 67-68). Cohen fails to allege the warrant was facially invalid. Because Cohen fails to allege facts sufficient to support a claim that the warrant for her arrest was facially invalid, her claim against Alke should be dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1114 (D. Neb. 2015) (dismissing on motion to dismiss unlawful arrest claim due to the existence of a facially valid warrant); *Heard*

*v. City of Blytheville*, 2011 WL 1639231, *2 (E.D. Ark., May 2, 2011) (dismissing on defendant's motion to dismiss plaintiff's claim that she was illegally arrested because she failed to allege facts showing a warrant alleging failure to appear was facially invalid).

Cohen's remaining claims related to the alleged unlawful arrest, including her conspiracy claim and substantive due process claim, are so vague and formulaic that they must be dismissed for failure to state a claim and not meeting the plausibility bar. There are no facts alleged related to these claims that would give fair notice of what the grounds for Cohen's relief are against Alke or Iowa City. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

### 2. Cohen's claims against Alke for excessive force must be dismissed.

To state an excessive force claim under the Fourth Amendment, a plaintiff must show that an officer's use of force was "objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.' " *Waters v. Madson*, 921 F.3d 725, 739 (8th Cir. 2019)(quoting *Chambers v. Pennycook*, 641 F.3d 898, 905-06 (8th Cir. 2011). "[A] claim must be based upon more than 'a de minimis use of force.' " *Atkinson v. City of Mountain View*, 709 F.3d

1201, 1210-11 (8th Cir. 2013) (emphasis omitted) (quoting *Chambers*, 641 F.3d at 906).

Cohen makes no factual allegations that elucidate the nature of her excessive force claim against Alke. She does not state where the alleged excessive force occurred; what happened; how she was injured or what the nature of the injury was. These types of "threadbare recitations" cannot withstand a motion to dismiss for failure to state a claim.

### 3. State law claims.

Cohen makes passing reference to claims under the Iowa Constitution. As set forth in the Johnson County defendants' brief, Doc. 48-1, there is no direct action for damages under the Iowa Constitution against Iowa municipalities. *See Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). Her state law constitutional claims must be dismissed.

Regarding the common law claims Cohen mentions, including assault and false arrest, these also must be dismissed for failing to meet the heightened pleading standard set forth in Iowa Code Section 670.4A(3) (2024), which requires a plaintiff to specifically plead that the law was clearly established at the time of the alleged violation by Iowa City and Alke. Cohen sets forth no facts at all, let alone plausible facts. Her failure to do so mandates dismissal with prejudice.

### 4.  Cohen's claims against Alke should be dismissed for failure to serve within 90 days.

Rule 4 provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The district court's decision to dismiss an action for untimely service is discretionary.  *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010). Because Cohen filed the Complaint on October 31, 2023, Cohen was required to effect service on or before January 29, 2024.

Cohen can establish neither "good cause" nor "excusable neglect" to avoid the 90-day requirement of Rule 4(m).  *See Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010).  The record reveals no proof of service and no attempt to obtain a waiver of service from Alke.  Cohen, though pro se, is an attorney by training.  The 90-day service deadline is well known, and should be treated "with the respect reserved for a time bomb."  *Braxton v. United States*, 817 F.2d 238, 241 (3rd Cir. 1987).  Cohen's claims against Alke should be dismissed for failure of service of process.

### B. Claims against Iowa City.

Cohen makes *Monell* claims against Iowa City in paragraphs 148-155 of her complaint.  "In order to hold a municipality liable under § 1983, a plaintiff must establish that 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's officers], or that a 'constitutional deprivation [was] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.'" *Marchant v. City of Little Rock,* 741 F.2d 201, 204 (8th Cir.1984) (internal citation omitted)).

There are no facts that allege any *Monell* violation by Iowa City.  Further, since Iowa City does not operate the jail and has no jail employees, Iowa City cannot be responsible for any policy, custom, or policymaker at the jail.  Rather, these are boilerplate allegations only that lump in Iowa City in bare allegations.

### IV. CONCLUSION

For the foregoing reasons, Iowa City and Alke request dismissal of all claims against them.

Respectfully submitted,

*/s/ Elizabeth J. Craig*_____
Elizabeth J. Craig     AT0008972
Assistant City Attorney
Iowa City Attorney's Office
410 E. Washington Street
Iowa City, IA 52240
Telephone: (319) 356-5030
E-Mail: liz-craig@iowa-city.org
          icattorney@iowa-city.org
ATTORNEY FOR DEFENDANTS
CITY OF IOWA CITY and IAN ALKE

I certify on **March 29, 2024,** I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Iowa by using the CM/ECF system.

I also certify that if participants in the case are registered CM/ECF users, service will be accomplished by the CM/ECF system. If not, then by regular U.S. Mail.

   */s/ Mary McChristy*