IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN,<br><br>　　Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, ET AL.,<br><br>　　Defendants. | CASE NO. 3:23-CV-00073-SMR-WPK<br><br>**COLORADO STATE EMPLOYEE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO FILE EX PARTE AND UNDER SEAL** |

Defendants Darren Cantor, Lindy Frolich, and Judge Stephen Howard (collectively, the "Colorado State Employee Defendants"), by and through the undersigned counsel, hereby file their response to Plaintiff's Motion to File *Ex Parte* and Under Seal. (EFC No. 51.)

1. On December 29, 2023, the Colorado State Employee Defendants moved to dismiss the claims against them for lack of personal jurisdiction.

2. Pursuant to LR 7.e., any resistance by Plaintiff was due January 12, 2024. More than three months later, Plaintiff has not filed a resistance brief.

3. On April 9, 2024, without prior conferral with the Colorado State Employee Defendants, Plaintiff filed the instant Motion, stating simply that the unspecified document she intends to file "contains information that is protected by federal statute." (ECF No. 51.)

4. To the extent the document Plaintiff seeks to file ex parte and under seal is responsive to the Colorado State Employee Defendants' Motion to Dismiss for lack of personal jurisdiction, she is far beyond the time to do so and the request should be denied.

5. Regardless of the type of document Plaintiff seeks to file ex parte and under seal, Plaintiff's Motion fails to comply with multiple local rules and falls far short of the standard required for filing documents under seal.

6.Plaintiff did not confer with the Colorado State Employee Defendants prior to filing her Motion, in violation of LR 7.k.  Additionally, LR 5.c., governing the procedure for filing documents under seal, requires the movant to "describe[] [the documents] in the motion with sufficient particularity to enable the court to rule on the motion without reviewing the documents." Plaintiff does not describe the documents at all, let alone with particularity.  She also does not identify what federal statute allegedly protects the "information" contained in the documents or explain why she cannot simply redact the allegedly protected information.  Given Plaintiff's failure to comply with the relevant rules, Plaintiff's Motion should be denied.

7.Ultimately, however, the Motion should be denied under the presumption of publication.  The common law right of public access to judicial records, including records of civil proceedings, creates a presumption in favor of public access, which the party seeking to file under seal must overcome.  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-23 (8th Cir. 2013); *Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, No. CIV. 08-5743, 2011 WL 1831597, at *1 (D. Minn. May 12, 2011).

8.Courts weigh six factors to determine if the presumption has been overcome:  (1) the need for public access to the documents; (2) prior public access to the documents; (3) whether someone has objected to publication and the identity that person; (4) the strength of any asserted privacy interests; (5) the potential prejudice to the objecting party; and (6) the purpose for which the documents will be introduced in the proceeding.  *Schedin*, 2011 WL 1831597, at *2.

9.Plaintiff's Motion does not address these factors, provide adequate information for any defendant to address them, or provide adequate information for the Court to weigh them.  Thus, she has failed to overcome the presumption of public access, and the Court should deny the request to file under seal.

10. The Court should also deny the request to file ex parte. To the extent Plaintiff requests to file a document to which the Colorado State Employee Defendants would be denied access, such a request is extreme and the Motion states no basis to support it.

Dated this 23rd day of April 2024.

        Respectfully submitted,

        BELIN McCORMICK, P.C.

        */s/ Paxton Williams*
        Paxton J. Williams
        666 Walnut Street, Suite 2000
        Des Moines, IA 50309-3989
        Telephone: (515) 283-4638
        Facsimile: (515) 558-0638
        Email: pjwilliams@belinmccormick.com
        ATTORNEYS FOR DEFENDANTS LINDY FROLICH, DARREN CANTOR and STEPHEN HOWARD

          *~and~*

        Philip J. Weiser
        Lauren Davison
        Amy Churchill Colony
        Colorado Attorney General's Office
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Telephone: (720) 508-6631
        Facsimile: (720) 508-6032
        Email: lauren.davison@coag.gov
               amy.colony@coag.gov
        ATTORNEYS FOR DEFENDANT STEPHEN HOWARD

          *~and~*

Philip J. Weiser
Sarah Quigley
Colorado Attorney General's Office
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720)508-6295
Facsimile: (720) 508-6032
Email:     sarah.quigley@coag.gov
ATTORNEY FOR DEFENDANTS LINDY
FROLICH AND DARREN CANTOR

4