IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN, <br><br>    Plaintiff, <br><br> vs. <br><br> IOWA CITY, IOWA, AN IOWA MUNICIPALITY; JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, et al. <br><br>    Defendants. | 3:23-cv-00073-SMR-WPK <br><br><br><br> ORDER RE: PLAINTIFF'S MOTION TO FILE *EX PARTE* AND UNDER SEAL |

Plaintiff Emily Cohen, pro se, filed a 53-page, 204-paragraph Complaint against all Defendants on October 31, 2023. ECF 1. Defendants are 39 various municipalities, law enforcement offices, and individuals in Iowa and Colorado. *Id.* Cohen alleges various violations of her rights secured by the U.S. Constitution, pursuant to 42 U.S.C. §§ 1983 and 1985, as well as violations of the Constitution of the State of Iowa and Iowa state law. *Id.* The allegations in the Complaint stem from Cohen's November 2, 2021 arrest and incarceration in Iowa City, Iowa, pursuant to a bench warrant issued by a Colorado District Court for Cohen's failure to appear in person at a hearing in her Colorado state criminal proceeding that same day, which she alleges she attended. *Id.* at ¶¶ 3, 67, 70-73, 75. Cohen alleges that in 2021, all Defendants began working together in Iowa and that they all continue to work together in Iowa, through the present, to harm her. *Id.* ¶¶ 17-22, 52. She seeks compensatory, punitive, declaratory, and injunctive relief in this Court, and asks the Court "to enjoin the Defendants from continuing to violate the law." *Id.* at 4.

Several Defendants have filed Motions to Dismiss. *See* ECF 27, 30, 45, 47, 49, 50. The deadlines for Plaintiff to respond to these motions are all expired. *Id.* On April 9, 2024, Cohen filed the present Motion to File *Ex Parte* and Under Seal. ECF 51. In the Motion she asks for

leave to "file a motion" *ex parte* and under seal because the motion "contains confidential information that is protected by federal statute." *Id.* This is the entirety of the information Plaintiff provides in her Motion. Various groups of Defendants filed Resistances to Cohen's Motion to Seal. *See* ECF 52, 53, 54.

Local Rule 5(c) regarding the filing of sealed documents requires the party seeking to file documents under seal to file a motion requesting leave to do so. The documents seeking to be sealed must be "described in the motion with sufficient particularity to enable the court to rule on the motion without reviewing the documents." LR 5(c).  Here, Cohen does not state what type of motion she wants to file, how the information is confidential, nor what federal statute protects the allegedly confidential information. ECF 51. The Court concludes Plaintiff has not complied with Local Rule 5(c) because she has not provided sufficient information for the Court to rule on the substance of her Motion.  Additionally, Local Rule 7(k) requires that all non-dispositive motions such as the one filed by Cohen here, "must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all parties and any pro se parties concerning the motion, and a statement of whether or not the other parties consent to the motion." It further provides, "If the moving party has not conferred with another party, the motion must contain a description of the efforts made to consult with the party and an explanation of why the efforts were unsuccessful." LR 7(k). Plaintiff also has not complied with Local Rule 7(k) as she does not state anywhere in her Motion that she conferred with any of the Defendants, or any efforts made that were unsuccessful.

The Court is cognizant of the fact Plaintiff is pro se. However, her pro se status does not vitiate her obligation to adhere to, and comply with, the same rules of procedure that govern other litigants. *See Settlemire v. Watson*, 877 F.2d 13, 14 (8th Cir. 1989) (*per curiam*) (noting, "Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."). "Although pro se pleadings are to be construed liberally, pro se litigants are not

2

excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S. Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975)). The Court also notes Cohen states she was an attorney with her own firm in Colorado. ECF 1 at ¶ 24. Accordingly, Plaintiff is required to follow the local rules as well as the Federal Rules of Civil Procedure in all her filings and as noted above has failed to do so.

Moreover, the common law right of public access to judicial records, including records of civil proceedings, creates a presumption in favor of public access. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978)). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) (citation omitted). The party seeking to prevent disclosure must "overcome the common-law right of access that would otherwise apply to such records." *Flynt*, 885 F.3d at 511. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). The presumption in favor of openness is strong and the burden to overcome it "is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted). Among the "compelling reasons" for nondisclosure that the Eighth Circuit has recognized are (1) personal and professional safety, (2) the need to protect sensitive business information, and (3) personal privacy. *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 981 (S.D. Iowa 2018) (citing *Flynt,* 885 F.3d at 511-12). Cohen has not addressed these factors in any way or provided any information whatsoever which the Court could use to make a determination regarding them. Accordingly, the

Court concludes Plaintiff has not met her heavy burden to overcome the presumption in favor of public access to judicial records.

Finally, "*ex parte* motions are [generally] disfavored" and are permitted only in a narrow set of circumstances. *Ayestas v. Davis*, 584 U.S. 28, 40, 138 S. Ct. 1080, 1091 (2018) (listing specific circumstances when *ex parte* motions are either statutorily allowed or otherwise procedurally appropriate). S*ee also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("Lawyers must understand that filing an *ex parte* motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."). Plaintiff does not cite to any rule that permits *ex parte* filing of her purported motion. Nor does she explain why permitting her to utilize such an extraordinary procedure is necessary or appropriate other than to say the unidentified motion contains "confidential information that is protected by federal statute." ECF 51. The Court concludes that such vague and general reasons are nowhere near sufficient to justify such an extreme request.

Accordingly, for all of the reasons set forth above the Court concludes Cohen's Motion to File *Ex Parte* and Under Seal must be **DENIED**.

IT IS SO ORDERED.

Dated April 29, 2024.

William P. Kelly
UNITED STATES MAGISTRATE JUDGE