IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN,<br><br>    Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>    Defendants. | Case No. 23-cv-00073-SMR-WPK<br><br>**JOHNSON COUNTY DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF** |

    For their Resistance to Plaintiff's Motion for Declaratory Relief, Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants") state:

    1.    On April 29, 2024, the Court entered an order (Doc. 55) denying Plaintiff's motion to file ex parte and under seal (Doc. 51).

    2.    In its order, the Court noted: "Several Defendants have filed Motions to Dismiss. The deadlines for Plaintiff to respond to these motions are all expired." *Id.* at 1 (internal citations omitted).

    3.    Within a couple hours of the Court's April 29, 2024 order, the Plaintiff filed a Motion for Declaratory Relief asking the Court to make certain rulings regarding accommodations for Plaintiff's apparent disabilities. (Doc. 56).

4. To the extent Plaintiff's Motion for Declaratory Relief can be construed as a motion to reconsider or request for additional time to respond to the various pending motions to dismiss, it should be denied.

5. Plaintiff's case has been pending since October 31, 2023 and the Johnson County Defendants' partial motion to dismiss (Doc. 47) has been pending since March 20, 2024 (almost one and a half (1.5) months).

6. Plaintiff's Motion for Declaratory Relief is void of any explanation as to why she was unable to secure requested accommodations in the almost five (5) months leading up to the filing of Johnson County Defendants' partial motion to dismiss or why such accommodations couldn't be secured prior to Plaintiff's filing of this instant action.

7. Admittedly, Plaintiff asserts she has been requesting accommodations since "the day of filing the Complaint," but the Plaintiff fails to include any other dates related to her alleged efforts to work with the Clerk of Court and/or the Disability Coordinator. (Doc. 47 at ¶ 2).

8. Plaintiff's Motion for Declaratory Relief lacks sufficient detail for the Court to determine if Plaintiff's failure to secure accommodations in the almost five (5) months following her October 31, 2023 Complaint filing is a result of actions (or inaction) of the Clerk of Court, as the Plaintiff alleges, or the Plaintiff's own failure to timely follow through her requests for accommodation.

9. As the Court noted in its April 29, 2024 Order, acting pro se does not vitiate Plaintiff's responsibility to adhere to and comply with the same rules and procedures that govern other litigants. (Doc. 55, at p. 2).

10. To the extent Plaintiff's request for accommodations involves additional time to respond to the Johnson County Defendants' pending partial motion to dismiss, such a request should be denied as untimely, and the Court should enter an order consistent with Johnson County Defendants' partial motion to dismiss being unresisted.

WHEREFORE, to date, Plaintiff has failed to timely resist or seek an extension of time to resist Johnson County Defendants' timely filed Amended Motion to Dismiss. For the reasons stated in this Response, the Johnson County Defendants request that the Court enter an order granting Johnson County Defendants' partial motion to dismiss.

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
DANIEL M. MORGAN, AT0013452

**LYNCH DALLAS, P.C.**
526 Second Avenue SE
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.365.9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com

ATTORNEYS FOR JOHNSON COUNTY DEFENDANTS