IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00073-SMR-WPK<br><br>**JOHNSON COUNTY DEFENDANTS' FRAP RULE 7 MOTION TO SET APPEAL BOND** |

Pursuant to Federal Rule of Appellate Procedure 7, Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants") request that the court order Plaintiff/Appellant to file a bond or provide other security in an amount to ensure payment of County Defendants' costs on appeal including County Defendants' appellate attorney's fees, and in support thereof, they state as follows:

　　　　1.　　On August 21, 2024, the Court entered an Order granting County Defendants' Motion to Dismiss thereby dismissing all of Plaintiff's claims in this action.

　　　　2.　　On August 22, 2024, Plaintiff filed a Notice of Appeal with the Court indicating her intention to appeal the Court's ruling on the Motion to Dismiss.

1

  3. Federal Rule of Appellate Procedure 7 provides that "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.

  4. The purpose of an appeal bond is to provide a guarantee for the Appellee that an unsuccessful Appellant can pay the costs the Appellee incurs in having to defend the appeal. *See*, *In re Target Corp. Customer Data Security Breach Litigation*, 847 F.3d 608, 614 (8th Cir. 2017). *See also*, *Tennille v. W. Union Co.*, 774 F.3d 1240, 1254 (10th Cir. 2014).

  5. An appeal bond is appropriate in this matter because the County Defendants will have to incur significant costs to defend this appeal including but not limited to, printing, travel, and appellate attorney's fees. In light of this case's history and its resolution on a Motion to Dismiss, there is significant question as to the merit of this appeal. *See*, *Stillman v. InService America Inc.*, 838 F.Supp.2d 138 (S.D.N.Y. 2011).

  6. Plaintiff appears to have the financial ability to post an appeal bond and should be ordered to do so. *Id. See also*, *In re Petrobras Securities Litigation*, 363 F.Supp.3d 426, 435 (S.D.N.Y. 2019). Plaintiff is employed and likely has the ability to obtain a small personal loan to secure the costs of this appeal through an appeal bond.

  7. Plaintiff should be ordered to post an appeal bond that includes the County Defendants' reasonable appellate attorney's fees because Plaintiff's appeal is likely to be frivolous, unreasonable, and without foundation. *See*, *Young v. New Process Steel*, 419 F.3d 1201 (11th Cir. 2005) (citing *Christiansburg Garment Co. v. Equal Opportunity Comm'n*, 434 U.S. 412 (1978). The fee shifting provisions of 42 U.S.C. § 1988 are party-neutral, and while they are typically applied in the context of the successful plaintiff, the Supreme Court in *Christiansburg*, indicated that prevailing civil rights defendants may be awarded attorney's fees if plaintiff's action was "frivolous, unreasonable, or without foundation." 434 U.S. at 421.

The 8th Circuit Court of Appeals defines "costs on appeal" in the context of Federal Rule of Appellate Procedure 7 as "only those costs that the prevailing appellate litigant can recover under a specific rule or statute applicable to the case at hand." *In re Target*, 847 F.3d at 615. Pursuant to the Court's ruling in *Christiansburg*, County Defendants may be entitled to appellate attorney's fees, and therefore it would be appropriate for an appeal bond to include the reasonable appellate attorney's fees which County Defendants estimate they will incur.

8. County Defendants request the Court set an appeal bond in the amount of $5,000 to cover the direct costs of this appeal for items such as printing, copying, mileage and related costs in the amount of $1,000, and the County Defendants' appellate attorney's fees to defend this appeal in the amount of $4,000. See attached affidavit of Wilford H. Stone.

WHEREFORE, County Defendants respectfully request this Court grant their Motion for Appeal Bond and order Plaintiff to post an appeal bond of $5,000 to secure payment of County Defendants' costs of appeal and also their reasonable appellate attorney's fees.

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
of
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.365.9512
E-Mail: wstone@lynchdallas.com

ATTORNEY FOR COUNTY DEFENDANTS