IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN,<br><br>    Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>    Defendants. | Case No. 23-cv-00073-SMR-WPK<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF FRAP RULE 7 MOTION TO SET APPEAL BOND** |

Pursuant to Local Rule 7, Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants") submit their Brief in Support of their Motion to Set Appeal Bond and state:

TABLE OF CONTENTS

I.    BACKGROUND..................................................................................2

II.   APPEAL BOND STANDARDS ..............................................................2

III.  LEGAL ARGUMENT ............................................................................3

    A. An Appeal Bond is Necessary and Ensures the County Defendants are Able to Recover Their Costs in the Event of an Unsuccessful Appeal ..........3

        1. An Appeal Bond is appropriate when the Appellant can afford the bond,

there is risk the appellant will not pay ordered costs, and the merits of the appeal are questionable...............................................................3

2. Plaintiff should be required to post an Appeal Bond sufficient to cover the County Defendants' direct costs of appeal and appellate attorney's fees ...............................................................................................5

IV.    CONCLUSION.......................................................................8

## I.    BACKGROUND

For the reasons stated in their Motion and in this Brief, the Court should set an appeal bond to ensure the County Defendants' costs of defending this appeal can be recouped in the event the Plaintiff's appeal is unsuccessful.

## II.    APPEAL BOND STANDARDS

Federal Rule of Appellate Procedure 7 (Rule 7) authorizes the district court in a civil case, to require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Fed. R. App. P. 7., *In re Target Corp. Customer Data Security Breach Litigation*, 847 F.3d 608, 614 (8th Cir. 2017). The appeal bond's purpose is to provide a guarantee for the appellee that an unsuccessful appellant can pay the costs the appellee incurs in having to defend the appeal. *Id.*, at 614-15. (citing *Tennille v. W. Union Co.*, 774 F.3d 1240, 1254 (10th Cir. 2014)). The district court has discretion to craft a bond indicative of the expected outcome on appeal. *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998). Courts frequently consider several factors in determining whether a Rule 7 bond is necessary including: (1) the appellant's financial ability to post a bond; (2) the risk of nonpayment of appellee's costs if the appeal is unsuccessful; (3) the merits of the appeal; and (4) bad faith or vexatious conduct on the part of the appellants. *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability*

*Litigation*, 2012 WL 3984542 *2 (D.Minn 2012). *See Berry v. Deutsche Bank Trust Co. Americas*, 632 F.Supp.2d 300, 307 (S.D.N.Y. 2009), *Dennings v. Clearwise Corp.*, 928 F.Supp.2d 1270 (W.D.W.A. 2013).

### III.  LEGAL ARGUMENT

**A.  An Appeal Bond is Necessary and Ensures the Defendants are Able to Recover Their Costs in the Event of an Unsuccessful Appeal**

1. <u>An Appeal Bond is appropriate when the Appellant can afford the bond, there is risk the appellant will not pay ordered costs, and the merits of the appeal are questionable.</u>

The 8th Circuit Court of Appeals has adopted the approach of many of its sister circuits in applying several factors to consider in determining whether a Rule 7 appeal bond is necessary. *In re Uponor,* at *2 (modified by *In re Uponor, Inc. F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1062 (8th Cir. 2013) (limiting appeal bond to direct appeal costs because no applicable fee shifting statute). *See also Stillman v. InService America Inc.,* 838 F.Supp.2d 138 (S.D.N.Y. 2011).

The *Uponor* Court set forth four factors to consider including, "(1) the appellant's financial ability to post a bond; (2) the risk of nonpayment or of appellee's costs if the appeal is unsuccessful; (3) the merits of the appeal; and (4) bad faith or vexatious conduct on the part of the appellants." *In re Uponor*, at *2.

In *In re Uponor*, the Settlement Class requested that a Rule 7 bond be posted pending the appeal. The Court considered the 1st and 2nd factors together noting that one of the appellants had indicated some concern about posting the bond which the Court indicated was a sign that the risk of nonpayment of appellee's costs if the appeal failed was high. *Id. See also Stillman*, at 140 (noting that the fact that appellants had not paid

the judgment or posted a *supersedeas* bond raised serious concerns about their ability to pay appellate costs).

Moving to the third factor, the Court found that the basis for the appellant's appeal was very weak. "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Id.* (quoting *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998). Indeed, the Court noted that one of the appellants was appealing issues which the Court had already entertained and found wanting. *Id. See also Stillman*, at 140 ("As for the third factor, defendant's arguments regarding these matters were fully aired prior to trial and do not, in this Court's judgment, appear any stronger now than they did at that time."). In light of this fact, the *Uponor* court found that the likely meritless appeal weighed strongly in favor of the imposition of a bond. *Id.*

In this case, the Plaintiff appears to be employed and maintains sufficient assets to post a reasonable appeal bond. Plaintiff has not requested to proceed informa pauperis and has thus far paid several hundred dollars in various district and appellate filing fees. The County Defendants are concerned that while the Plaintiff appears to have the funds to finance her litigation, she may be unwilling to pay the County Defendants' costs if the 8th Circuit Court of Appeals rules against her. As was the case in *Uponor* and *Stillman*, there is a very real possibility that the County Defendants will be unable to recoup their costs if Plaintiff's appeal is unsuccessful, cutting strongly in favor of an appeal bond being set.

Additionally, the merits of the Plaintiff's appeal are questionable and further support the need for an appeal bond. In her original complaint (Doc. 1), the Plaintiff failed

4

to allege any claim upon which relief could be granted. Virtually all of the numerous defendants, including the County Defendants, moved to dismiss Plaintiff's complaint for various reasons. (Doc. 27, 30, 45, 47, 49, 50). In its Order granting the collective defendants' motions to dismiss, the Court noted that despite having sufficient time to do so, the Plaintiff failed to file a resistance to any of the motions to dismiss. (Doc. 58, at 2); *see also* Fed. R. Civ. P. 41(b) (permitting court to dismiss an action if a plaintiff fails to prosecute, or fails to comply with the Federal Rules of Civil Procedure or a court order); *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006)

Pursuant to Local Rule 7(e), Plaintiff had 14 days to file a resistance to the various defendants' motions to dismiss. In the case of the County Defendants who filed their motion on March 20, 2024, Plaintiff's resistance would have been due on or before April 3, 2024. Plaintiff failed to file a resistance by this deadline. Even after the Court highlighted the lack of resistances in an April 29, 2024, order (Doc. 55), the Plaintiff failed to file any document even resembling a resistance prior to the Court's August 21, 2024 order granting defendants' motions to dismiss. *See generally Khounlo v. John Deere Credit*, 2009 WL 10697505, *2 (S.D. Iowa, June 29, 2009, Hon. John A. Jarvey). Plaintiff had five (5) months to resist the County Defendants' motion to dismiss and failed to do. The Court was well within its authority to grant the collective defendants' motions to dismiss. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (recognizing that pro se litigants are not excused from compliance with procedural and local rules).

2. <u>Plaintiff should be required to post an Appeal Bond sufficient to cover the Defendants' direct costs of appeal and appellate attorney's fees.</u>

Federal Rule of Appellate Procedure 7 does not define "costs" in the context of an appellate bond, instead leaving the courts to determine what the term means. The 8th

Circuit Court of Appeals has taken the approach that "costs" for the purposes of Rule 7 are those costs that the appellee stands to have reimbursed if the appeal fails. *In re Target*, 847 F.3d 608, 615. In *Target*, the 8th Circuit stated, "By linking the amount of the bond to the amount of the appellee stands to have reimbursed, the rule *secures the compensation due* to successful appellees while avoiding creating 'an impermissible barrier to appeal' through overly burdensome bonds." *Id.* (emphasis supplied) *See also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002). *In re Cadizem CD Antitrust Litig.*, 391 F.3d 812, 817-18 (6th Cir. 2004).

In *Target*, the 8th Circuit Court of Appeals held "that 'costs on appeal' for Rule 7 purposes include only those costs that the prevailing appellate litigant can recover under a specific rule or statute applicable to the case at hand." *Id.* at 615. *Target* did not address the issue of appellate attorney's fees, but it did establish the definition of "costs" for the purposes of Rule 7 in the 8th Circuit – a definition which closely aligns with that of the 11th Circuit.

The 11th Circuit Court of Appeals in *Young v. New Process Steel, LP*, was dealing with the question of whether a district court may require, as a condition of appealing a judgment, that a losing plaintiff in a civil rights case post a Rule 7 bond that includes the defendant's anticipated attorney's fees. 419 F.3d 1201, 1202 (11th Cir. 2005). To answer this question at least with respect to attorney's fees, the 11th Circuit Court of Appeals opined that the definition of "costs" for Rule 7 purposes should pull its meaning from the fee-shifting statute applicable to the underlying case. *Id.* at 1204 (citing *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323 (11th Cir. 2002).). Adopting this approach, the 11th Circuit

Court of Appeals turned to the language of 42 U.S.C. § 1988 – the fee-shifting statute at issue in *Young*. The Court first determined that although § 1988 was frequently used to the benefit of civil rights plaintiffs, the language of § 1988 itself is "party-neutral." *Id.* at 1205. The 11th Circuit Court of Appeals then looked at the Supreme Court's ruling in *Christiansburg Garment Co. v. Equal Opportunity Comm'n*, 434 U.S. 412, 421 (1978), where the Supreme Court indicated that attorney's fees to a prevailing civil rights defendant should not be awarded absent a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.[1] *Id.* Combining the 11th Circuit's definition of Rule 7 "costs" and the Supreme Court's ruling in *Christiansburg*, the Court held:

> [T]hat a district court may not require an unsuccessful plaintiff in a civil rights case to post an appellate bond that includes not only ordinary costs but also the defendant's anticipated attorney's fees on appeal, unless the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation. If the court does make that determination, it has discretion to grant the defendant's motion and require the plaintiff to post a bond in the amount of the defendant's anticipated costs including appellate attorney's fees.

*Id.* at 1207-08.

In this case, one or more of Plaintiff's claims against the County Defendants includes claims arising from 42 U.S.C. § 1983 thereby invoking the fee-shifting statute of 42 U.S.C. § 1988. Pursuant to the 8th Circuit's holding in *Target* that Rule 7 costs include costs potentially awardable to an appellee under a specific rule or statute, the appeal bond in this case should include an estimate of defendants' reasonable appellate attorney's fees that could be taxed as a "cost" to the plaintiffs under 42 U.S.C. § 1988 and the Supreme Court's opinion in *Christiansburg*. Here, Plaintiff's appeal is largely frivolous,

---

[1] The Supreme Court explained that this exception is appropriate because "while Congress wanted to clear the way for suits to be brought under the [underlying civil rights] Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg*, 434 U.S. at 420.

7

without foundation, and has no basis in law or fact. The Plaintiff was unable to raise any claim upon which relief could be granted and largely neglected her own case by failing to file a resistance to any of the defendants' various motions to dismiss. (Doc. 58). An appeal bond should be set in this case which includes an estimate of the reasonable appellate attorney's fees for County Defendants' counsel in the amount of $5,000.

### IV. CONCLUSION

For the reasons stated above and in the Motion to Set Appeal Bond filed by the County Defendants, the undersigned respectfully request the Court set an appeal bond in the amount of $5,000 ($1,000 for out-of-pocket expenses and $4,000 for estimated appellate attorney's fees) to secure payment of County Defendants' direct costs and reasonable appellate attorney's fees in defending plaintiff's appeal in the event the appeal is unsuccessful; and for such further relief as is warranted under the circumstances.

 /s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
    of
LYNCH DALLAS, P.C.
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.365.9512
E-Mail: wstone@lynchdallas.com

ATTORNEY FOR COUNTY DEFENDANTS