IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

Civil Action No. 3:23-cv-00073-SMR-WPK

EMILY COHEN,

    Plaintiff,

v.

Iowa City, Iowa, an Iowa municipality, et al.

    Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR BOND AND RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**

---

Plaintiff Emily Cohen respectfully submits this Response in Opposition to Defendants-Appellees' Motion for Bond on Appeal and Renewed Request for Appointment of Counsel. The Motion for Bond should be denied for the reasons set forth below, including the Plaintiff/Appellant's indigent status, the district court's failure to rule on critical motions, and the protections afforded by Title III of the Americans with Disabilities Act (ADA).

# ARGUMENT IN OPPOSITION TO MOTION FOR BOND

1. **Plaintiff/Appellant's Indigent Status Precludes the Requirement for an Appeal Bond**

The Plaintiff-Appellant is indigent. Imposing a bond requirement would effectively deprive the Plaintiff-Appellant of the ability to pursue this appeal, contrary to the principle of access to justice. The Eighth Circuit has consistently recognized that indigent appellants should not be barred from seeking appellate review due to their inability to pay costs upfront, as established in *Ortiz v. Greyhound Corp.*, 192 F.2d 38 (8th Cir. 1951).

2. **The District Court's Failure to Rule on Motions for Appointed Counsel and ADA Accommodations**

The district court failed to rule on Plaintiff-Appellant's motions for appointed counsel and accommodations under the ADA prior to summarily dismissing the case, and still has not ruled on these issues as they relate to this response and any other filings in the district court. These unresolved motions are critical to ensuring Plaintiff-Appellant's rights to access due process. When Plaintiff-Appellant asked the district court clerk how to pursue disability accommodations, he replied via email "there is no clean answer." At present, the district court still has not ruled on the requests for accommodations under Section 504 or the Judicial Conference requirements.

Under Title III of the ADA and Section 504 of the Rehabilitation Act, which are adopted by the Judicial Conference and apply to the federal courts, individuals with

disabilities are entitled to "reasonable modifications" in policies, practices, or procedures to ensure they are not denied access to the courts. This includes the right to counsel where necessary to ensure effective communication and participation in legal proceedings. The Plaintiff-Appellant, who has a disability, requested such accommodations, including the appointment of counsel, to participate meaningfully in the proceedings. To this day, the district court has not ruled on these motions; however, today the district court did file a notice containing no statement of any reason against the appointment of counsel. The district court's failure to address these motions constitutes a significant procedural deficiency that must be corrected on appeal.

3. **ADA Title III and Section 504 Right to Counsel**

Title III of the ADA and Section 504 of the Rehabilitation Act mandate that public accommodations, including courts, provide necessary modifications to ensure that individuals with disabilities are not excluded from participation or denied the benefits of services. In legal proceedings, this may include the appointment of counsel as a reasonable accommodation, particularly where the absence of counsel would prevent the individual from meaningfully participating in the process. The failure to provide such accommodations, including the failure to rule on the Plaintiff-Appellant's request for appointed counsel, is a violation of the ADA and Section 504 of the Rehabilitation Act, and underscores the importance of allowing the appeal to proceed without the imposition of a bond.

4. **No Demonstrated Need for a Bond**

Defendant-Appellees have not demonstrated any specific or substantial need for a bond in this case. The primary purpose of an appeal bond is to ensure payment of costs on appeal, yet there is no indication that Plaintiff/Appellant will not comply with any cost orders if unsuccessful. Given the minimal costs typically associated with an appeal, the requirement of a bond is unnecessary and unwarranted.

5. **Imposing a Bond Would Be Inconsistent with Eighth Circuit Precedent**

The Eighth Circuit has consistently held that the imposition of an appeal bond is discretionary and should be based on the specific circumstances of each case. In *Lindsey v. Normet*, 405 U.S. 56, 77 (1972), the Supreme Court emphasized that appeal bonds should not be used to prevent indigent appellants from seeking appellate review. Similarly, in *McLaughlin v. American Tobacco Co., 582 F.2d 159 (8th Cir. 1978)*, the court highlighted the need to consider the appellant's financial condition and the likelihood of recovering costs when determining whether to impose a bond.

Given the Plaintiff-Appellant's indigency, the unresolved motions regarding ADA and Section 504 accommodations and the right to counsel, the imposition of a bond would be inappropriate and inconsistent with established precedent.

# ARGUMENT FOR APPOINTMENT OF COUNSEL

In light of the Plaintiff-Appellant's disability and the district court's failure to rule on the request for appointed counsel, Plaintiff-Appellant respectfully requests that this Court appoint counsel pursuant to Title III of the ADA and Section 504 of the Rehabilitation Act. The appointment of counsel is necessary to ensure that Plaintiff/Appellant can meaningfully participate in the appeal and that their rights under these federal statutes are fully protected.

## 1. It is Error to Dismiss a Case Before Ruling on a Motion for Appointment of Counsel

The district court's decision to dismiss this case prior to ruling on the Plaintiff-Appellant's motion for the appointment of counsel constitutes a significant legal error. Due process requires that courts address pending motions, particularly those concerning fundamental rights such as access to legal representation, before disposing of a case.

## 2. The Right to Counsel in Civil Cases Involving Indigent Litigants

Although there is no absolute right to counsel in most civil cases, courts have recognized a right to counsel in ADA cases pursuant to 42 U.S.C. § 2000a-3. Moreover, the U.S. Supreme Court *in Lassiter v. Department of Social Services*, 452 U.S. 18 (1981), acknowledged that the right to appointed counsel in civil cases may arise when the litigant's interests are substantial and when the ability to proceed pro se would be compromised by the complexity of the case or the litigant's particular circumstances.

The Eighth Circuit has similarly recognized that in cases where the interests of justice so require, particularly when an indigent litigant faces substantial obstacles in presenting their case, the appointment of counsel may be necessary. The failure to rule on such a motion before dismissing the case denies the litigant the opportunity to fairly present their case, especially where the litigant's disability or indigency significantly impairs their ability to navigate the legal process without assistance.

### 3. The District Court's Duty to Consider the Motion for Appointment of Counsel

When a motion for the appointment of counsel is pending, particularly one that is substantiated by the plaintiff's inability to afford representation and a demonstrated need for legal assistance, the court has a duty to consider the motion before making any dispositive rulings. The failure to do so in this case has undermined the fairness of the judicial process and violates the principles of procedural due process.

Specifically, in *Johnson v. Williams*, 399 F.3d 1069 (9th Cir. 2005), the court held that failing to rule on a motion for appointed counsel before dismissing a case was an error, particularly where the plaintiff's ability to represent themselves was compromised. The same principle applies here: the district court's failure to address the motion deprived the Plaintiff-Appellant of the opportunity to have competent legal representation and to effectively present their claims.

**4. Impact on the Plaintiff/Appellant's Ability to Present the Case**

The Plaintiff-Appellant's motion for appointed counsel was grounded in not one but two bases – the necessity for legal assistance due to their (1) indigency and (2) disability. Without counsel, the Plaintiff-Appellant was significantly disadvantaged, unable to adequately articulate their claims, respond to the Defendant-Appellees' arguments, or navigate the complex procedural rules that govern litigation.

The appointment of counsel would have ensured that the Plaintiff-Appellant's rights were fully protected and that the case was adjudicated on its merits rather than dismissed prematurely due to procedural inadequacies that could have been mitigated by legal representation. By dismissing the case without addressing the motion for appointed counsel, the district court effectively denied the Plaintiff-Appellant a fair opportunity to be heard.

**5. Precedent Supporting the Requirement to Rule on Pending Motions**

The Eighth Circuit has previously recognized that a district court should rule on all pending motions before issuing a final judgment. In *Sterling v. City of Minneapolis*, 186 F.3d 1055 (8th Cir. 1999), the court held that a district court must resolve all pending motions that could affect the outcome of the case before dismissing it. In this case, the clerk wrote to Plaintiff-Appellant that her requests for disability accommodation were – and still are – pending in Chambers, telling Plaintiff-Appellant not to file a motion. After months without a response, Plaintiff-Appellant did file a Motion for Declarative Relief, asking the court how she can get a ruling on

7

the request for accommodations, including counsel. It was error for the court to summarily dismiss this as moot when it summarily dismissed the entire case. This failure constitutes an abuse of discretion and may result in reversible error on appeal. Again, in the present case, the district court's failure to address the motion for appointed counsel before dismissing the case is a clear violation of due process, warranting reversal and remand for further proceedings.

## CONCLUSION

Considering the above, the district court's dismissal of the case prior to ruling on the Plaintiff-Appellant's motion for the appointment of counsel was erroneous. The failure to consider the motion deprived the Plaintiff-Appellant of a fair opportunity to present the case and effectively participate in the proceedings. Accordingly, the dismissal should be vacated on appeal, and the case remanded with instructions to rule on the motion for appointed counsel before any further dispositive action is taken, and for these reasons the court should appoint counsel and deny bond.

## CONCLUSION

For the foregoing reasons, Plaintiff/Appellant respectfully requests that this Court deny Defendant-Appellee's Motion for Bond on Appeal and appoint counsel at this time.

Dated: September 3, 2024

>By:   s/ Emily Cohen
>Emily Cohen
>820 Maggard Street
>Iowa City, IA 52240
>Telephone: (319) 541-4577
>E-mail: emilycohenboulder@gmail.com
>*Plaintiff, pro se*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2024, a copy of the foregoing was mailed to:

CITY OF IOWA CITY, IOWA
410 E Washington Street
Iowa City, IA 52240

JOHNSON COUNTY SHERIFF'S OFFICE
511 S Capitol Street
Iowa City, IA 52244

JOHNSON COUNTY, IOWA
417 S. Clinton Street
Iowa City, IA 52240

IAN ALKE
410 E Washington Street
Iowa City, IA 52240

MICHAEL HYNES
410 E Washington Street
Iowa City, IA 52240

JOHN GOOD
410 E Washington Street
Iowa City, IA 52240

DEMETRIUS MARLOWE
410 E Washington Street
Iowa City, IA 52240

JANET LYNESS
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

RACHEL ZIMMERMAN SMITH
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

SUSI NEHRING
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

DAVID VAN COMPERNOLLE
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

CITY OF BOULDER, COLORADO
1777 Broadway Street
Boulder, CO 80302

BOULDER COUNTY SHERIFF'S OFFICE
5600 Flatiron Parkway
Boulder, CO 80301

BOULDER COUNTY, COLORADO
1325 Pearl Street
Boulder, CO 80302

ANDREW HARTMAN
1777 Broadway Street
Boulder, CO 80302

ANNE KELLY
1777 Broadway Street
Boulder, CO 80302

**Colin Mayberry**
Assistant County Attorney
Boulder County Attorney's Office
1777 Broadway Street
Boulder, CO 80302
(303) 441-3855
cmayberry@bouldercounty.org
*Counsel for:*
MICHAEL DOUGHERTY
1777 Broadway Street
Boulder, CO 80302; and
ADAM KENDALL
1777 Broadway Street
Boulder, CO 80302.

MICHELLE SUDANO
1777 Broadway Street
Boulder, CO 80302

KRISTIN WEISBACH
1777 Broadway Street
Boulder, CO 80302

CHRIS MERKLE
1777 Broadway Street
Boulder, CO 80302

ELIZABETH ROTHROCK
1777 Broaway Street
Boulder, CO 80302

THOMAS MULVAHILL
1777 Broadway Street
Boulder, CO 80302

NANCY SALAMONE
1777 Broadway Street
Boulder, CO 80302

DINSMORE TUTTLE
1777 Broadway Street
Boulder, CO 80302

GREGORY LYMAN
1777 Broadway Street
Boulder, CO 80302

**Paxton J. Williams**
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309-3989
Direct Dial: (515) 283-4638
Fax: (515) 558-0638
Email: pjwilliams@belinmccormick.com
*Counsel for:*
LINDY FROLICH

1300 Broadway Street, Suite 330
Denver, CO 80203;

DARREN CANTOR
1300 Broadway Street, Suite 330
Denver, CO 80203;
and
STEVEN HOWARD
1777 Broadway Street
Boulder, CO 80302.

MARY CLAIRE MULLIGAN
1300 Broadway Street, Suite 330
Denver, CO 80203

WILL MULLIGAN
1300 Broadway Street, Suite 330
Denver, CO 80203

ROBERT WERKING
1300 Broadway Street, Suite 330
Denver, CO 80203

KATHLEEN SINNOTT
1300 Broadway Street, Suite 330
Denver, CO 80203

STANLEY GARNETT
1777 Broadway Street
Boulder, CO 80302

ALEC GARNETT
200 E. Colfax Ave., Rm. 136
Denver, CO 80203

JANE WALSH
1777 Broadway Street
Boulder, CO 80302

KATI ROTHGERY
1300 Broadway Street, Suite 500
Denver, CO 80203

s/ Emily Cohen

Emily Cohen