IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EMILY COHEN, <br><br> Plaintiff, <br><br> v. <br><br> IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al., <br><br> Defendants. | Case No. 23-cv-00073-SMR-WPK <br><br> **JOHNSON COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S RESISTANCE TO COUNTY DEFENDANTS' MOTION FOR APPEAL BOND** <br><br> ***AND*** <br><br> **COUNTY DEFENDANTS' POSITION RE: PLAINTIFF'S SEPTEMBER 3, 2024, MOTION TO APPOINT COUNSEL** |

Pursuant to Local Rule 7, Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants") submit their Reply to Plaintiff's Resistance to County Defendants' Motion for Appeal Bond and Resistance to Plaintiff's Motion to Appoint Counsel and state:

**Reply to Plaintiff's Resistance to County Defendants' Motion for Appeal Bond**

A. Plaintiff Offers No Evidence of Indigency

On August 21, 2024, the Court entered an order on the collective defendants' motions to dismiss granting same and entering judgment in favor of the collective defendants. (Doc. 58). The primary reason behind the Court's ruling was that the Plaintiff failed to file a resistance to any of the various motions to dismiss pending before the Court. *Id.* at 2. Nevertheless, on August 22, 2024, the Plaintiff filed a notice of appeal.

(Doc. 60). Given the Court's dismissal order and Plaintiff's failure to resist any of the pending motions to dismiss despite having substantial time to do so, the County Defendants filed a motion for appeal bond on August 23, 2024. (Doc. 61). On September 3, 2024, the Plaintiff filed a resistance to County Defendants' motion for appeal bond arguing primarily that (1) Plaintiff is indigent and (2) that the district court failed to rule on Plaintiff's pending application for appointed counsel. (Doc. 63, at 2). Plaintiff's reliance on these arguments is misplaced.

In her resistance, the Plaintiff baldly asserts that she is indigent. (Doc. 63, at 2). However, the Plaintiff includes no additional facts or evidence, such as a financial affidavit, to support this statement. Additionally, the record is void of any of the traditional evidence suggesting indigency. There is no application to proceed informa pauperis on file nor did Plaintiff file an application to waive the appellate filing fees and costs. Absent these documents, which typically require at least some level of financial affidavit, the Court has no basis to make a finding of indigency other than the Plaintiff's blanket statement that she is indigent. Without more, the Court should disregard Plaintiff's indigency argument in her resistance to County Defendants' Motion for Appeal Bond.

Finally, indigency alone is not the controlling factor. Rather, courts have typically used four factors to determine the necessity of a Rule 7 bond. "These factors are (1) the appellant's financial ability, (2) the risk of nonpayment if the appeal is unsuccessful, (3) the merits of the appeal and (4) bad faith on the part of the appellants." *McElree v. City of Cedar Rapids, Iowa*, No. C17-144-LTS, 2019 WL 3806370, at *1 (N.D. Iowa Aug. 13, 2019) (collecting cases).

In *Olsen v. City of West Liberty* et al, Case No. 3:22-cv-00042(SMR-WPK) (N.D. of Iowa 2023), this court analyzed the plaintiffs' financial condition and found it supported a "limited financial capacity" for them. However, the court further analyzed the last two elements of the appeal bond test together: the merits of the appeal and bad faith on the part of the appellants. The court found that while the court did not believe plaintiffs were appealing in bad faith, their appeal nevertheless lacked merit. *Id.*

> However, as the court ruled on the motion to dismiss, their claims have no basis in law. Plaintiffs appear to misunderstand the requirements for bringing a complaint in federal court. Their complaint was full of conclusory and extraneous factual allegations which, even if true, does not state a claim for relief under the United States Constitution." *Id.* at 5.

Here, the County Defendants believe the court should similarly weigh the lack of merits on appeal heavily in imposing a bond. In addition, Plaintiff's failure to resist any of the motions to dismiss but then appealing the day after her case is dismissed may be evidence of bad faith. See docket entries 58, 59 and 60.

B. Plaintiff's Apparent Application for Counsel

In her resistance, Plaintiff argues that it was inappropriate for the Court to enter an order granting collective Defendants' motions to dismiss while she had an application for court appointed counsel pending. (Doc. 63, at 2). However, the Plaintiff does not identify *when* she filed an application for court appointed counsel, nor *where* such a request can be found in the record. A basic review of the docket does not reflect that the Plaintiff filed a motion for court appointed counsel nor are there any resistances or responses from any of the thirty-nine defendants in this matter. While it is possible that all thirty-nine defendants took no position on an apparent motion to appoint counsel, the more likely explanation is that no such motion was filed prior to the Court's August 21, 2024, Order

on defendants' motions to dismiss or that such a motion was so buried in another docket entry that none of the parties, nor the Court, were able to identify a pending motion to appoint counsel[1].

There is no indication that the Court failed to rule on a pending motion to appoint counsel prior to ruling on the collective Defendants' motions to dismiss. Even if this were true, this is more an argument for Plaintiff's appeal rather than an argument against County Defendants' motion for appeal bond. The imposition of an appeal bond in this matter remains appropriate.

### County Defendants' Position Re: Plaintiff's Motion to Appoint Counsel

Plaintiff's resistance to the County Defendants' motion for appeal bond also includes an apparent motion to appoint counsel. (Doc. 63, at 5). The exact nature of Plaintiff's request is unclear, but the County Defendants assume that Plaintiff is requesting court appointed *appellate* counsel now that judgment has been entered in this matter. Regardless, the County Defendants take no position on Plaintiff's motion to appoint counsel.

For the reasons stated above, the County Defendants respectfully request the Court enter an order setting an appropriate appeal bond in this matter.

---

[1] In her resistance, Plaintiff references Title III of the ADA and Section 504 of the Rehabilitation Act apparently arguing that she should have been appointed an attorney as a reasonable accommodation under either law. Given this reference, it's possible Plaintiff's "motion to appoint counsel" is actually in reference to Plaintiff's Motion for Declaratory Relief (Doc. 56) which references both federal laws. However, it's worth noting that there is no request for court appointed counsel as a reasonable accommodation anywhere in Plaintiff's Motion for Declaratory Relief. Again, there is no basis in this document for the Court to assume Plaintiff was requesting court appointed counsel.

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699
DANIEL M. MORGAN, AT0013452

**LYNCH DALLAS, P.C.**
526 Second Avenue SE
Cedar Rapids, Iowa 52406-2457
Telephone: 319.365.9101
Facsimile: 319.365.9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com

ATTORNEYS FOR JOHNSON COUNTY
DEFENDANTS