IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| EMILY COHEN, | ) Case No. 3:23-cv-00073-SMR-WPK |
| Plaintiff, | ) |
| v. | ) |
| IOWA CITY, IOWA, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, MICHAEL HYNES, JOHN GOOD, DEMETRIUS MARLOWE, JANET LYNESS, RACHEL ZIMMERMAN SMITH, SUSI NEHRING, DAVID VAN COMPERNOLLE, DOES, BOULDER, COLORADO, BOULDER COUNTY SHERIFF'S OFFICE, BOULDER COUNTY, COLORADO, ANDREW HARTMAN, ANNE KELLY, MICHAEL DOUGHERTY, MICHELLE SUDANO, ADAM KENDALL, KRISTINE WEISBACH, CHRIS MERKLE, ELIZABETH ROTHROCK, THOMAS MULVAHILL, NANCY SALAMONE, STEVEN HOWARD, DINSMORE TUTTLE, GREGORY LYMAN, LINDY FROLICH, DARREN CANTOR, MARY CLAIRE MULLIGAN, WILL MULLIGAN, ROBERT WERKING, KATHLEENN SINNOT, STANLEY GARNETT, ALEC GARNETT, JANE WALSH, and KATI ROTHGERY, | ) ORDER ON MOTION FOR APPEAL BOND |
| Defendants. | ) |

Before the Court is a Motion by Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring, and David Van Compernolle seeking the imposition of a bond pending appeal by Plaintiff Emily Cohen. They argue that the appeal is frivolous, without

1

...

foundation, and has no basis in law or fact. Defendants request the Court set the bond amount at $5,000 to secure the reasonable fees and costs they may incur as a result of defending the appeal. Cohen resists the motion, asserting her position that her claims are meritorious. She further asserts that she is indigent and any appeal bond would pose an obstacle to her appeal.

## I.  DISCUSSION

Cohen filed this case bringing a variety of constitutional claims against all of the above-caption Defendants. [ECF No. 1]. The Court dismissed the complaint in its entirety after Cohen failed to respond to the multiple motions to dismiss and did not serve approximately half of the 39 named Defendants. [ECF No. 58]. The Defendants here argue an appeal bond is appropriate in this case to allow them to recoup their costs in defending the appeal if the appeal is unsuccessful. [ECF No. 61-1].

### A.  *Federal Rule of Appellate Procedure 7*

Federal Rule of Appellate Procedure 7 permits a district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Appeal costs are limited to those "that a successful appellate litigant can recover pursuant to a specific rule or statute." *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 615 (8th Cir. 2017) (citation omitted). Case law on this issue is limited, but courts have typically used four factors to determine the necessity of a Rule 7 bond. "These factors are (1) the appellant's financial ability, (2) the risk of nonpayment if the appeal is unsuccessful, (3) the merits of the appeal and (4) bad faith on the part of the appellants." *McElree v. City of Cedar Rapids, Iowa*, No. C17-144-LTS, 2019 WL 3806370, at *1 (N.D. Iowa Aug. 13, 2019) (collecting cases).

In *McElree*, United States District Court Judge Leonard T. Strand of the United States District Court for the Northern District of Iowa found that "[t]he Eighth Circuit has not specifically dealt with the issue of anticipated attorney fees in ordering appeal bonds." *Id*. at *3. However, Judge Strand noted that the Eighth Circuit has previously looked to cases from the United States Courts of Appeals for the Ninth Circuit and Eleventh Circuit in determining that "'costs on appeal' are limited to those that can only be recovered pursuant to a specific rule or statute." *Id*. (citing *In re Target*, 847 F.3d at 615); *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002)). Therefore, anticipated attorney's fees may only be included in a Rule 7 bond if those fees are recoverable as a cost under a fee-shifting statute. *Id*.

One such statute providing for fee-shifting is 42 U.S.C. § 1988. Section 1988 could be applicable in this case because Cohen has asserted claims under 42 U.S.C. § 1983, which applies Section 1988 as a fee shifting statute.[1] In *Pedraza*, the Eleventh Circuit expressly held that attorney's fees may be included in a Rule 7 bond under Section 1988 because it provides for "a reasonable attorney's fee as part of the costs." 313 F.3d at 1333. As Judge Strand observed, district courts are not obligated to include attorney's fees in an appeal bond and should not do so if it "create[s] an 'impermissible barrier to appeal' by being overly burdensome." *McElree*, 2019 WL 3806370, at *4 (quoting *In re Target*, 847 F.3d at 615).

---

[1] Section 1988 "authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christianburg Garment v. EEOC*, 434 U.S. 412, 421 (1978)).

*B. Analysis*

With those principles and factors in mind, the Court finds that an appeal bond is appropriate in this case. The first factor is Cohen's financial ability. Defendants contend that she appears to be employed and likely has sufficient assets to post a reasonable appeal bond. [ECF No. 61-1 at 4]. Cohen also did not seek *in forma pauperis* status or otherwise plead indigency at the outset of the case. Indeed, she paid hundreds of dollars in filings fees in this case and other cases in different federal district courts. Defendants express their concern that Cohen may not be willing to pay any assessed costs if she loses her appeal, leading to "a very real possibility" that they will not recover their costs. [ECF No. 61-1 at 4].

Another important factor in considering whether an appeal bond is appropriate is the merits of Cohen's appeal. The Court concluded that the Complaint failed to state a claim upon which relief could be granted. [ECF No. 58]. Despite months to do so, Cohen wholly failed to resist or otherwise respond to the six motions to dismiss that were pending. Notwithstanding her status as a self-represented party[2], Cohen is not excused from complying with the Federal Rules of Civil Procedure or the Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that a litigant's *pro se* status does not exempt them from complying with the Federal Rules of Civil Procedure or Local Rules). Furthermore, the likelihood of success on appeal is very low.

The Complaint contains manifest deficiencies. Cohen names numerous out-of-state Defendants without alleging sufficient contacts with Iowa in order for the Court to exercise personal jurisdiction. *See Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (explaining that the Due Process Clause requires "minimum contacts" with a forum state before personal

---

[2] The record indicates that Cohen was previously a licensed attorney.

jurisdiction may be exercised over a defendant). Furthermore, the Complaint does not constitute a "short and plain statement" for relief as required under Rule 8 of the Federal Rules of Civil Procedure. It is a 204-paragraph long pleading that contains conclusory factual allegations, rote statements of the elements for a claim, legal conclusions, and argument. Many of the claims are not proper causes of action against government entities or government employees. Cohen makes no attempt to distinguish between Defendants when asserting claims for First Amendment violations or violations of the Americans with Disabilities Act or the Rehabilitation Act.

All of these shortcomings were identified by multiple Defendants in the motions to dismiss, the last of which was filed on March 29, 2024. [ECF No. 48]. Rather than respond to the pending motions, Cohen filed a motion seeking leave to file *ex parte* and under seal "confidential information that is protected by federal statute." [ECF No. 51]. United States Magistrate Judge William P. Kelly properly denied the motion for leave in part because Cohen failed to cite any legal authority to permit her to file *ex parte* or explain why she sought leave to do so. [ECF No. 55 at 4].

Cohen then filed a motion styled as a "motion for declaratory relief" wherein she asked for the Court to "declare the specific obligations" of the Southern District of Iowa in accommodating her disabilities. [ECF No. 56]. In her motion, she avers that she is an individual with a disability as defined under the ADA and Section 504 of the Rehabilitation Act. *Id.* ¶ 1. Cohen details that she had been in communications with the Clerk of Court for the United States District Court for the Southern District of Iowa including her requested accommodations. *Id.* ¶ 4. No other document was filed before the Court dismissed the case.

The final factor is whether the appeal is taken in good faith. *McElree*, 2019 WL 3806370, at *3. In her resistance to the motion for bond, Cohen asserts that her motion for declaratory

judgment is "critical to ensuring [her] rights to access due process." [ECF No. 63 at 2]. She does not cite any legal authority for her contentions. In fact, Cohen has a history of filing similar dubious claims against many of the same Defendants.[3] Her litigation history in Colorado undermines any presumption of good faith including her candor to the Court. *See Cohen v. Howard*, 2024 WL 2137944, at *4–5 (discussing the inconsistencies in Cohen's representations including "her assertion that she hasn't been convicted of any crime" and finding it "highly misleading" that she claimed to have been granted disability inactive status for her law license when "she was later disbarred"). Cohen was a practicing attorney before she was disbarred. Her familiarity with the pleadings requirements of the Federal Rules of Civil Procedure should be presumed unlike most *pro se* plaintiffs. Nevertheless, virtually all of her cases have been dismissed for failure to comply with Rule 8 or other fundamental procedural rules. *See Hartman*, 2024 WL 4027944, at *2 (noting that Cohen had notice that her complaint was subject to dismissal for pleading deficiencies "given that Plaintiff was formerly an attorney, and given that

---

[3] Most of these cases were filed in the United States District Court for the District of Colorado. *See, e.g., Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2024 WL 4027944 (D. Colo. Sept. 3, 2024) (adopting recommendation of magistrate judge to dismiss complaint over Cohen's protestations that her ADA claims were "undisputed"); *Cohen v. Howard*, Civil Action No. 23-cv-02104-LTB-SBP, 2024 WL 2138088 (D. Colo. May 10, 2024) (dismissing ADA claims against numerous defendants as abusive, duplicative, and/or frivolous); *Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2023 WL 5431935 (D. Colo. Aug. 23, 2023) (denying emergency motion for temporary restraining order pertaining to a state criminal proceeding where she alleged, among other things, defendants "denied 'entry of her service dog'" to a local courthouse).

The Colorado Court of Appeals recently affirmed Cohen's criminal conviction for theft. *People v. Cohen*, No. 22CA0077, 2024 WL 3872911 (Colo. Ct. App. July 11, 2024). The proceedings in that case reflect similar claims and allegations as Cohen has levied here. The district court judge remarked that Cohen has a "history of hiding behind supposed medical ailments to avoid appearing in court" before holding her in contempt for failure to appear. *Id*. at 2. The criminal proceedings in Colorado are at the center of Cohen's allegations in this case because her pre-trial bond was revoked after the Colorado court found probable cause that she "forged" a doctor's note stating she was positive for COVID-19. *Id*. at 3.

at least one other case filed by Plaintiff" was similarly subject to dismissal); *Hartman*, 2023 WL 5431935, at *2 (observing that motion for emergency relief was "a rambling, histrionic litany of paragraphs that jump from topic to topic"); *Cohen v. Roth Law, LLC*, Civil Action No. 21-cv-01568-LTB-GPG, 2021 WL 7368207 (D. Colo. Sept. 2, 2021) (dismissing claims as legally frivolous).

She makes an unsupported assertion that federal law mandates that individuals with disabilities receive "necessary modifications" to ensure their participation in legal proceedings, including "the appointment of counsel as a reasonable accommodation." [ECF No. 63 at 3]. According to Cohen, "the failure to provide such accommodations . . . is a violation of the ADA and Section 504 of the Rehabilitation Act." *Id.* This is an incorrect statement of law. The ADA does not apply to the federal government. *See* 42 U.S.C. § 12131(1). By its plain terms, Section 504 has no application to the federal courts. Section 504 of the Rehabilitation Act prohibits disability discrimination "under any program or activity conducted by any Executive agency or the United States Postal Service." 29 U.S.C. § 794(a). It is clearly established that a *pro se* plaintiff does not have a right to appointed counsel in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Federal law does allow a district judge to appoint counsel in a civil case "if convinced that an indigent plaintiff has stated a non-frivolous claim." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). However, that is plainly not the case here. An appeal bond, not court-appointed counsel, is appropriate.

## II.   CONCLUSION

For the reasons discussed above, the Court concludes that an appeal bond should be set in this case. The bond must be deposited with the Court pending appeal to secure any amounts to which Defendants may be entitled. Accordingly, the motion for an appeal bond is GRANTED.

[ECF No. 61].  The Court directs Cohen to deposit a cash bond in the amount of $5,000 with the Clerk of Court for the Southern District of Iowa by **September 20, 2024** if she wishes to proceed with her appeal.

    IT IS SO ORDERED.

    Dated this 9th day of September, 2024.

                                                  STEPHANIE M. ROSE, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT